## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**

**V.**                                  **Case No.: 21-cr-78 (EGS)**

**JOHN SULLIVAN**

### MOTION TO DISMISS COUNT EIGHT OF THE SUPERSEDING INDICTMENT AS BEING VOID FOR VAGUENESS

Defendant, John Sullivan, by and through undersigned counsel, does hereby move to Dismiss Count Eight of the superseding indictment. In support thereof, defendant respectfully sets forth as follows:

### I. FACTUAL BACKGROUND

This prosecution arises out of the events that occurred at the United States Capitol on January 6, 2021. A massive and organized investigation arose that included law enforcement agents from virtually every state in the country. In fact, this was one of the most intensive and large scale criminal investigations ever conducted in the United States.

On February 23, 2021, the United States returned an initial indictment against defendant charging as follows: Obstruction of an Official Proceeding, 18 U.S.C. §§1512 (c)(2); Civil Disorder, 18 U.S.C. § 231(a)(3);

Entering and Remaining in a Restricted Building or Grounds, 18 U.S.C. §
1752 (a)(2); Disorderly and Disruptive Conduct in a Restricted Building or
Grounds, 40 U.S.C. § 5104 (e)(2)(D); Parading, Demonstrating, or
Picketing in a Capitol Building,§ 5104 (2)(G); Aiding and Abetting, 18
U.S.C. § 2. The indictment was superseded on May 19, 2021 adding a
charge of False Statement or Representation to an Agency of the United
States in violation of 18 U.S.C. § 1001(a)(2), Count Eight.

## II. THE VOID FOR VAGUENESS DOCTRINE

"The constitutional requirement of definiteness is violated by a
criminal statute that fails to give a person of ordinary intelligence fair notice
that his contemplated conduct is forbidden by statute. The underlying
principle is that no man shall be held criminally responsible for which he
could not reasonably understand to be proscribed." *United States v. Harris,*
347 U.S. 612, 617 (1954).

"The void-for-vagueness doctrine…generally holds that criminal
statutes must be sufficiently specific that they provide 'fair warning' of the
conduct that is proscribed." *United States v. Kim*, 808 F. Supp.2d 44, 50
(D.D.C. 20110 (Kollar-Kotelly, J.) Judge Kollar-Kotelly added, "The Fifth
Amendment's guarantee of due process bars enforcement of a statute
which either forbids or requires the doing of an act in terms so vague that

men of common intelligence must necessarily guess at its meaning and differ as to its applications." Id. at 50, quoting *United States v. Lanier*, 520 U.S. 259, 266 (1977).

The void-for-vagueness doctrine "requires legislatures to set reasonably clear guidelines for law enforcement officials and triers of fact in order to prevent 'arbitrary and discriminatory enforcement.'" *Smith v. Georgia*, 415 U.S. 566, 572-73 (1974), citations omitted. "[T]he touchstone is whether the statute, either standing alone or as construed, made it reasonably clear at the relevant time that the defendant's conduct was criminal." *Lanier*, 520 U.S. at 267.

Defendant further notes that the constitutional validity of an indictment must be raised by motion before trial pursuant to Federal Rule of Criminal Procedure 12 (b)(3)(B). *See United States v. Brown*, No. CRIM.07 75 CKK, 2007 WL 2007513, at *2 (D.D.C. July 9, 2007 (Kollar-Kotelly, J.).

### III. 18 USC § 1001

The subject statute states in relevant part as follows:

(a) Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, of judicial branch of the Government of the United States, knowingly and willfully—

(1) falsifies, conceals, or covers up by trick, scheme, or device a material fact;

(2) makes any materially false, fictitious, or fraudulent statement or representation; or

(3) makes or uses and false writing or document  knowing the same to contain any materially false, fictitious, or fraudulent statement or entry; Shall be fined under this title, imprisoned not more than 5 years….

In order to sustain a conviction for violation of 18 U.S.C. 1001(a)(2) the government must prove five elements: (1) a statement was made; (2) the statement was false; (3) the statement was made with specific intent; (4) the statement was material; and (5) there was government agency jurisdiction.  *United States v. Jiang,* 476 F.3d 1026, 1029 (9th Cir. 2007); *United States v. Robinson*, 505 F. 3d 1208, 1226 (11th Cir. 2007).

The question of the materiality of the alleged statement is one that should be clear and unambiguous in order to pass constitutional scrutiny. "Since materiality is an element of this offense [18 U.S.C. §1001] the prosecution carries the burden of proof." *United States v. Talkington*, 589 F.2d 415, 417 (9th Cir. 1978); "A district court may not determine the materiality of a statement as a matter of law. See *United States, v. Gaudin,* 515 U.S. 506, 512 (1995)". Rather, "the question of materiality should be

submitted to the trier of fact to determine whether the statement has the propensity to influence agency action." *United States v. Facchini,* 874 F. 2d 638, 643 (9th Cir. 1989) (en banc).

In *Kungys v. United States*, the Supreme Court provided some guidance concerning the definition of materiality in the context of misrepresentations within the meaning of a statute providing for denaturalization of citizens whose citizenship orders were procured by concealment of a material fact. The Court concluded that "the test of whether Kungys' concealments or misrepresentations were material is whether they had a natural tendency to influence the decisions of the Immigration and Naturalization Service." 485 U.S. 759, 772 (1988).

Defendant submits that the term "materiality" in the context of the subject statute is vague and therefore void. The investigation of this case was 100 percent centered around the invasion of the United States Capitol on January 6, 2021. The investigation involved the alleged actions of defendant related to his presence on the grounds of the United States Capitol on January 6, 2021. The investigation had absolutely nothing to do with defendant's possession of a knife. Whether or not defendant was in possession of a knife on January 6, 2021 has absolutely no bearing on the investigation or the involvement of John Sullivan in the invasion.

*United States v. Bedore*, a 9th Circuit opinion related to 18 U.S.C. § 1001 is instructive. The case involved an F.B.I agent who went to Bedore's home to serve a subpoena directing Bedore to appear at a court proceeding. The F.B.I agent knocked on the door and Bedore identified himself as someone else. Following a conviction for making a false statement, the *Bedore* Court ruled that "Congress did not intend section 1001 to apply to Bedore's giving a false name to [F.B.I. Agent] Henry, because his response was not within the class of false statements that section 1001 was designed to proscribe." 455 F.2d1109,1110 (9th Cir. 1972).

The *Bedore* Court explained the types of statements contemplated by the statute.

> From the statutory history. It is evident that section 1001 was not intended to reach all false statements made to Governmental agencies and departments, but only those false statements that might support fraudulent claims against the Government, or that might pervert or corrupt the authorized functions of those agencies to whom the statements were made. Typical of the kind of statements that are within the purview of section 1001 are false reports of crime made to federal law enforcement agencies that may engender groundless federal investigations.

Id., 1111.

18 U.S.C. § 1001 does not adequately define "materiality" in general and specifically does any provide any guidance whether a statement that is

outside the scope of the alleged crime that is being investigated comes within the intended purpose of the statute. Accordingly, the statute is void for vagueness.

Wherefore, the foregoing considered, defendant prays this Honorable Court for dismissal of Count Eight of the Superseding Indictment as it is void for vagueness.

Respectfully submitted,

_____/s/_____
Steven R. Kiersh #323329
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015
(202) 347-0200

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing was served, via the Court's electronic filing system, on this the 24th day of September, 2021 upon Assistant U.S. Attorney Candice Wong, Esquire.

_____/s/_____
Steven R. Kiersh