UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 1:21-cr-00078-EGS |
| | : | |
| JOHN EARLE SULLIVAN, | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' CONSENT MOTION TO CONTINUE AND
TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

The parties are currently scheduled for a status hearing on March 4, 2022.  The United States of America, with the consent of counsel for the defendant, John Sullivan, hereby moves this Court for an approximately 45-day continuance of that hearing, and further to exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*.  In support of this consent motion, the undersigned states as follows:

1. The parties last convened for a status hearing on January 4, 2022.  On January 18, 2022, and February 3, 2022, the government made additional discovery productions to counsel for the defendant.  The materials included indexes shared via filesharing of documents produced to Relativity.  The production to Relativity included numerous audio files and other records of the U.S. Capitol Police, tens of thousands of tips and related documentation made to the Metropolitan Police Department tipline, and FBI reports of interviews, among other materials.  On February 10, 2022, the undersigned also filed a memorandum on the docket summarizing the status of global discovery in Capitol Breach matters for the Court.

2. Counsel for defendants recently obtained access to the FPD Relativity workspace.  As noted, many of the materials previously produced via filesharing, including those in the production described in paragraph 1, are currently available to search, review, and

1

      download as necessary in the database; keyword searches, for instance, may be performed.

3. Counsel for the defendant anticipates being in a homicide trial commencing this week in D.C. Superior Court.

4. Counsel for the government anticipates being in an approximately two-week trial in this Court beginning on March 10, 2022.

5. The undersigned anticipates the continued production of additional discovery to the defendant, including defendant-specific materials, in the near future.  Given counsel for the defendant's interest in reviewing the voluminous discovery materials, including the most recent productions on the Relativity workspace, and the government's continued production of discovery materials to defense counsel, the parties seek an additional continuance of approximately 45 days or another date thereafter at the Court's convenience.  The additional time will afford the parties time to continue to produce and review discovery.

6. The need for reasonable time to address discovery obligations is among multiple pretrial preparation grounds that Courts of Appeals, including our Circuit, have routinely held sufficient to grant continuances and exclude time under the Speedy Trial Act – and in cases involving far less complexity in te'rms of the volume and nature of data, and the number of defendants entitled to discoverable materials.  *See, e.g., United States v. Bikundi*, 926 F.3d 761, 777-78 (D.C. Cir. 2019) (upholding ends-of-justice continuances totaling 18 months in two co-defendant health care fraud and money laundering conspiracy case, in part because the District Court found a need to "permit defense counsel and the government time to both produce discovery

and review discovery"); *United States v. Gordon*, 710 F.3d 1124, 1157-58 (10th Cir. 2013) (upholding ends-of-justice continuance of ten months and twenty-four days in case involving violation of federal securities laws, where discovery included "documents detailing the hundreds of financial transactions that formed the basis for the charges" and "hundreds and thousands of documents that needs to be catalogued and separated, so that the parties could identify the relevant ones") (internal quotation marks omitted); *United States v. O'Connor*, 656 F.3d 630, 640 (7th Cir. 2011) (upholding ends-of-justice continuances totaling five months and 20 days in wire fraud case that began with eight charged defendants and ended with a single defendant exercising the right to trial, based on "the complexity of the case, the magnitude of the discovery, and the attorneys' schedules").

WHEREFORE, the parties respectfully request that this Court grant the motion for an approximately 45-day continuance of the above-captioned proceeding, and that the Court exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv), and failure to grant such a continuance would result in a

miscarriage of justice.

                                Respectfully submitted,

                                  MATTHEW M. GRAVES
                                United States Attorney
                                D.C. Bar Number 481052

By:    */s/ Candice C. Wong*
           Candice C. Wong
           D.C. Bar No. 990903
           Assistant United States Attorney
           555 4th Street, N.W., Room 4816
           Washington, D.C. 20530
           (202) 252-7849
           candice.wong@usdoj.gov