# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**

    **v.**       **Case No.: 21-cr-78(EGS)**

**JOHN SULLIVAN**

## SUPPLEMENT TO MOTION TO DISMISS COUNT 8 OF THE SUPERSEDING INDICTMENT

Defendant, by and though undersigned counsel, does hereby supplement his Motion to Dismiss Count 8 of the Superseding Indictment. In support thereof, defendant respectfully sets forth as follows:

1. On September 24, 2021, Defendant filed a Motion to Dismiss Count 8 of the superseding indictment, Making a False Statement, in violation of 18 U.S.C. Sec. 1001(a)(2). PACER 47. The ground in the initial motion was that the term "materiality" was void for vagueness and therefore unconstitutional and must be dismissed.

2. Defendant adds this supplement to the Motion to Dismiss on grounds that the government cannot establish materiality in the context of Count 8 and the indictment must be dismissed. The argument is based upon the record that has to date been established in this matter.

1

This Court can dismiss part of an indictment prior to trial. A criminal defendant may move to dismiss an indictment based on a "defect in the indictment, including…failure to state an offense" if the "motion can be determined without a trial on the merits[.]" Fed. R. Crim P 12 (b)(3)(B).

The issue raised by defendant is whether the false statement indicted in Count 8 is a "material" false statement. The law does criminalize every false statement that is made to the government. On the contrary, it is well settled that the law distinguishes between false statements of consequence, which can fairly give rise to criminal liability, and false statements of little or no significance, which cannot. Thus, "materiality" is the legal standard that has long separated one category from the other. *Kungys v. United States*, 485 U.S. 759, 769 (1988).

Consistent with the long-standing requirement of materiality within the context of a prosecution under 18 U.S.C. Sec. 1001, materiality is considered to be an essential element of the federal false statement offense. *See United States v. Verrusion*, 762 F.3d 1, 20 (D.C. Cir. 2014); *United States v. Stone,* 394 F. Supp. 3d 1 (D.D.C. 2019).

To be material, a false statement must have a natural tendency to influence, or be capable of influencing, the decision-making body to which it was addressed." *United States v. Gaudin*, 515 U.S. 506, 509 (1995). In

analyzing this standard in *United States v. Johnson*, the Third Circuit noted, "materiality requires evidence that the false statements were of a type capable of influencing a reasonable decision maker, and that the false statements could have a bearing on an actual decision entrusted to the decisionmaker…." 19 F.4th 248, 257 (2021), citations omitted.

The decision-maker in this case is the United States Department of Justice.  The Justice Department is the entity that returned the initial indictment and the superseding indictments against defendant John Sullivan. Therefore, the charged false statement, in order to be material, had to have affected the decision making of the United States Department of Justice within the context of prosecuting acts related to the events at the United States Capitol on January 6, 20221

*Weinstock v. United States*, 231 F.2d 699 (D.C. Cir. 1956), involving a conviction for 18 U.S.C. Sec. 1001, is instructive. The Court discussed the difference between material evidence and relevant evidence.

> 'Material' when used in respect to evidence is often confused with 'relevant', but the terms have wholly different meanings. To be relevant means to have probative weight, i.e., reasonably likely to influence the tribunal in making a determination required to be made. A statement may be relevant but not material… The test is whether the false statement has a natural tendency to influence, or was capable of influencing, the decision of the tribunal in making a determination required to be made.

Id., 701-702.

In *United States v. Naserkhaki*, 722 F. Supp. 242 (E.D. Va. 1989), the defendant was prosecuted for making false statements to the INS in violation of 18 U.S.C. Sec. 1001. The false statements related to his application and the attached supporting documents for the purpose of obtaining a Refugee Travel Document. The false statements pertained to the date and place of the defendant's last entry into the United States.

The *Naserkhaki* Court determined that the alleged false statements in the application were not material to acquiring the Refugee Travel Document. "Where…a misstatement relates to an ancillary, non-determinative fact, it is not material and cannot support a conviction under Section 1001 Id. at 248. The Court added, "A misstatement in this context is material only if it relates to a fact or circumstance the INS examiner considers in deciding whether to issue an RTD." Id. at 249.

The situation herein is precisely the issue addressed in *Naserkhaki*. The F.B.I. was investigating the events at the United States Capitol on January 6, 2021. When the agents spoke with Mr. Sullivan they were at his home exclusively to confront him about his presence in the United States Capitol on January 6, 2021. It is inconceivable that a purported false statement about not being in possession of a knife would have impacted

4

the decision-making body in deciding whether to indict defendant for the offenses contained in the indictment.

The issue of possession of a knife, as well as statements made to the F.B.I. related to the knife, are nothing more than ancillary, non-determinative facts that are entirely unrelated to the decision regarding whether to charge defendant with the offenses for which he has been indicted.

The only decision the Justice Department was investigating is whether to charge John Sullivan with matters related to his presence in the United States Capitol on January 6, 2021 and what specific charges he would be facing. It was not investigating whether Mr. Sullivan had a knife. Regardless of whether defendant did have a knife or did not have a knife, that fact was not determinative of whether he would be charged and for what he would be charged.

Defendant notes that the original indictment was returned without regard to whether he did or did not posses a knife on January 6, 2021. None of the indicted charges in the  superseding indictments, other than the false statement charge, have anything to do with possession of a knife.

In *United States v. Gaudin*, Justice Scalia noted, "[d]eciding whether a statement is 'material' requires a determination of at least two subsidiary

questions…(a) what statement was made? And (b) 'what decision was the agency trying to make." 515 U.S. 506, 512 (1995). Only after a court has identified the "statement" and the "relevant decision" can a court answer the "ultimate question": whether the statement was material to the decision." Id.

The analysis employed by Judge Scalia was followed in this Circuit in *United States v. Diggs*. "The test of materiality is whether the statement has a natural tendency to influence, or was capable of influencing the decision of the tribunal in making a (particular) determination." 613 F.2d 988, 999 (D.C. Cir. 1979), quoting *Weinstock v. United States*, 2312 F.2d 699, 701-02 (D.C. Cir. 1956.) *See also United States ex el. Morsell v. Symantec Corp., 130 F. Supp 3d 106, 123 n.16 (D.D.C. 2015)* ([A] statement is material if it has a natural tendency to influence, or is capable of influencing an agency's action." quoting *United States v. Moore*, 612 F.3d 698, 701 (D.C. Cir. 2010).

The statement herein is readily identifiable. It is the subject of the pending Motion to Suppress Statement and related to the denial of the possession of a knife during the events of January 6, 2021. The decision to indict John Sullivan had nothing to do with the statement. This argument that the statement had nothing to do with the decision to charge John

Sullivan is supported by the fact that the United States has never argued that the knife had anything to do with the decision-maker's determination to charge defendant.

Defendant submits this issue should be decided pretrial. The substance of the statement, the decision concerning whether to charge defendant, and the charges for which defendant has been indicted are not in issue.

Defendant maintains it is far better to have the issue resolved prior to trial as introduction of the allegedly false statement will only serve to prejudice defendant while having no probative value. Federal Rule of Evidence 403 mandates that "the court may exclude evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

WHEREFORE defendant prays this Honorable Court dismiss Count 8 of the superseding indictment.

Respectfully submitted,


_____/s/_____
Steven R. Kiersh#323329
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015
(202) 347-0200

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing was served, via the Court's electronic filing system, upon Joseph Huynh Esquire, Assistant U.S. Attorney on this the _____16th_____ day of May, 2022.


_____/s/_____
Steven R. Kiersh