**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA,**


**V.**                                        **No. 21-cr-78 (RCL)**


**JOHN EARLE SULLIVAN**

### OPPOSITION TO GOVERNMENT'S 404 (b) NOTICE

Defendant, John Sullivan, by and through undersigned counsel, does hereby oppose the arguments of the United States in support of its Motion to Admit Evidence of Other Crimes pursuant to F.R.E. 404 (b).

The United States has filed notice that it may seek to introduce evidence that defendant John Sullivan participated in "numerous riots and protests across the country and in his home state of Utah." The United States further adds, "Sullivan organized multiple protests in Utah over the course of 2020. On June 29, 2020, Defendant Sullivan organized a counter protest to a pro-police event where a group drove cars around the Provo Police Station. Sullivan did not seek a permit to hold his counter-protest.

Specifically, Sullivan's group blocked both the pro-police cars and street traffic, at his instruction. Sullivan also damaged several cars including kicking a woman's SUV while threatening to beat her. During the blockade, a counter-protester, standing next to Sullivan, shot a driver who was not involved with either group. Sullivan was arrested on July 9, 2020, and charged with mischief, threat of violence, and rioting." Government's 404 (b) Notice, 3-4.

The charges against John Sullivan were dismissed in Utah. The allegations that John Sullivan's "group" blocked cars and that a "counter-protester... shot a driver" are inflammatory, do not involve John Sullivan personally, cannot be substantiated and cannot be disproved or refuted. These allegations are only being admitted for their prejudicial effect and will result in a trial within a trial thereby leading to impermissible confusion among the jurors.

The United States further represents that in September of 2020, defendant traveled to Portland, Oregon to attend protests in relation to defunding the police. In addition, John Sullivan attended protest marches in August and September 2020 in Washington, D.C. and Southern California using hashtags including #DC Protest. Id. 5.

In its argument, the United States maintains that "the evidence of defendant's prior bad acts provides the basis for his motive, the absence of mistake, direct and circumstantial proof of the charged crime, and is so closely intertwined with the crime charged that a common scheme or plan is apparent." Id. 9.

The purported evidence of defendant's attendance at prior protests should not be admitted. "There is no evidence more prejudicial to a criminal defendant than evidence that he or she committed a 'bad act' or 'other crime' similar to the one for which the defendant is on trial." See *Old Chief v. United States*, 519 U.S. 172, 180-81, 185 (1997) (recognizing the prejudicial nature of similar 'bad act' evidence). Such evidence may only be admitted if the Government satisfies a rigorous two-part test. *United States v. Bowie*, 232 F.3d 923, 930. (D.C. Cir, 2000). First, the evidence, under the Federal Rules of Evidence, must be admissible for a purpose other than to show a propensity to engage in unlawful conduct. Id. Second, the evidence, under the balancing test of Federal Rule of Evidence 403, must have probative value that is not substantially outweighed by the danger of unfair prejudice. Id.

"A fundamental tenet in our criminal jurisprudence is that a jury should not premise its verdict upon a general evaluation of defendant's

character but rather upon an assessment of the evidence relevant to the particular crime with which the defendant is presently charged." *United States v. Sutton*, 801 F.2d 1346, 1360 (D.C., Cir. 1986) (internal quotations marks omitted).

Federal Rule of Evidence 404(b) establishes a broad prohibition against admission of "[e]vidence of other crimes, wrongs, or acts…to prove the character of a person in order to show action in conformity therewith." Fed., R., Evid. 404 (b) (2021) (restyled 2011). While the Rule does have limited exceptions, the evidence must be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. *Bowie,* 232 F. 3d at 931.

A critical component of the necessary balancing test is whether the Government has shown a need for the other crimes evidence. The Supreme Court has emphasized that a district court, when engaging in the Rule 403 prong of other crimes evidence analysis, must consider if the Government needs the highly prejudicial evidence, or whether "other means of proof" are available. See *Old Chief,* 591 U.S. at 184 (quoting Fed. R. Evid. 403 advisory committee's note and Fed. R. Evid. 404 advisory committee's note); See also *Huddleston v. United States*, 485 U.S., 681, 688 (1988).

Defendant notes that the admission of the other crimes evidence is clearly not necessary for the government to establish the elements of the charged offenses. The events of January 6, 2021 are among the most highly publicized events in the history of the country. There are tens of thousands of hours of videotape for the Government to choose from in presenting its case-in-chief. The Government  unquestionably will principally rely on the videotape of the relevant events. The Government will assuredly rely on defendant's presence inside the United States Capitol during the events of January 6, 2021.

It should be left to the jury, based solely upon evidence particularly related to January 6, 2021, to decide whether defendant is to be held responsible for the specific charges in the indictment.

In sum, the Government has not proffered a justifiable reason for introducing the highly prejudicial evidence of other crimes when there is ample other evidence to rely upon.

The Government's argument that the other crimes evidence is admissible to demonstrate identity, motive, intent, preparation, plan knowledge or absence of mistake fails. Although former Chief Judge Howell "has allowed evidence of uncharged crimes to be introduced as relevant to proving knowledge and intent particularly if the uncharged

crimes involve a similar type of offense," *United States v. Williams*, No. 12-00022(BAH), 2012 WL 2951386, at *15 (D.D.C. July 20, 2012), it is plain that such evidence is permissible only "when the issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct." *United States v. Brown*, 597 F.3d 399, 404 (D.C. Cir. 2010).

Regardless of its theory of admission, the Government must demonstrate a need for the other crimes evidence. To reiterate, there is no justifiable need for the other crimes evidence that outweighs the enormous prejudicial effect of the evidence. The admission of the suggested other crimes evidence will only impermissibly be used to demonstrate bad character and propensity.

The Government argues that the "D.C. Circuit has consistently minimized the residual risk of prejudice not by exclusion but by instead issuing limiting instructions to the jury." Government's 404 (b) Notice, PACER 87, 10. However, the argument fails to address the specific prejudices involved in this case. In *United States v. Sampol,* the Court discussed the inadequacy of a jury instruction to cure the prejudice of admission of other crimes evidence.

> Although the court's instructions were conscientious attempts by the trial court too limit the admission of

> evidence for only relevant purposes against the
> [defendant], the nuances and breadth of some of
> the testimony made it inevitable that the [defendant]
> would be prejudiced by the simultaneous presentation
> of testimony relating to the conspiracy and murder
> counts, with which the [defendant] was not charged,
> and the misprison and false statements counts, with
> which he was.

636 F.2d  621, 645 (D.C. Cir. 1980).

In this regard, the Supreme Court has stated, "There are some

contexts in which the risk that the jury will not, or cannot, follow instructions

is so great, and the consequences of failure so vital to the defendant, that

the practical and human limitations of the jury system cannot be ignored."

*Bruton v. United States*, 391 U.S.123, 135 (1968).

The allegations in this indictment are well known, highly emotional

and are the subject of intense scrutiny and criticism by the media. It will be

difficult enough to seat a fair and impartial jury whose sole focus should be

on January 6, 2021. Injecting other protests that have absolutely nothing to

do with January 6, 2021 will only serve to confuse the jury and irreparably

prejudice defendant and his ability to obtain a fair trial for crimes allegedly

related to January 6, 2021.

There clearly are no grounds upon which to admit evidence of

involvement in other protests. To begin with, protesting is a protected right

of every citizen and protected by the First Amendment to the United States

Constitution. Second, defendant reiterates that al charges related to events in Utah have been dismissed.  There may be images on You Tube and messages on Twitter related to John Sullivan in possession of a handgun, rifle and knife. However, all of the items displayed on You Tube *were legally owned by John Sullivan*. (emphasis supplied). This is not evidence of other criminality.

Federal Rule of Evidence 403 mandates the trial court to conduct a balancing test of weighing the probative value of other crimes evidence against the prejudicial effect of admitting such evidence. Defendant reiterates that the information the United States characterizes as "other crimes" is in fact not other crimes. John Sullivan was lawfully expressing his First Amendment Right of speech and  his right of freedom to protest and this should not be used against him.

Any collateral and irrelevant prejudice in the form of suggesting impropriety in his expression of protest in entirely unrelated matters should be excluded. The dangers of prejudice have been expressly noted by the District of Columbia Circuit even when the prejudice does not arise within the context of 404 (b) evidence. "Rule 403's balancing of prejudice and probativeness may still bar the introduction of evidence, even if Rule 404(b) would not." *United States v. McGill*, 815 F.3d 846, 880 (D.C. Cir. 2016).

The admission of the other crimes evidence under F.R.E. 404(b), or as part of a balancing test under F.R.E. 403, will not be harmless as it will affect defendant's substantial rights. Fed. R. Crim. P. 52(a). The risk of unfair prejudice is particularly great where evidence of other crimes or bad acts is similar in nature to the charged offenses. See *United States v. Myles,* 96 F.3d 491, 495 (D.C. Cir. 1996).

For the reasons set forth herein, and for any other reasons that may be addressed at argument on the Motion, defendant prays this Honorable Court deny the Government's Motion to Admit Evidence of other crimes.

Respectfully submitted,

_____/s/_____
Steven R.Kiersh#323329
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.,C. 20015
(202) 347-0200
skiersh@aol.com
Attorney for Samuel Roach

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was served, via the Court's electronic filing system, upon all counsel of record on this the _____2nd ____day of July, 2023.

_____/s/_____
Steven R. Kiersh