UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

V.                              No. 21-cr-78 (RCL)

JOHN EARLE SULLIVAN

## OPPOSITION TO MOTION IN LIMINE TO PRECLUDE IMPROPER STATEMENTS OF DEFENDANT AND TO PRECLUDE FIRST AMENDMENT DEFENSE

Defendant, by and through undersigned counsel, does hereby oppose the Government's Motion In Limine related to First Amendment arguments. In support thereof, defendant respectfully sets forth as follows:

**1. The admission of defendant's statements**.

The United States argues, "it intends to introduce several statements, made by defendant, that will aid the jury's determination as to whether the United States has met the elements of the conspiracy statutes to issue to show motive and intent. Government's Motion in Limine, PACE 88, 7.

Defendant notes as follows:

1

a. Defendant is not charged with violating any conspiracy statutes. Rather, he is charged with violating 18 U.S.C. 1512 (c)(2), Obstruction of an Official Proceeding; 18 U.S.C. Section 231 (a)(3), Civil Disorder; 18 U.S.C. Sections 1752 (a)(1q), Entering and Remaining in a Restricted Building or Grounds with a Dangerous Weapon; 18 U.S.C Sections 1752 (a)(2) Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a Dangerous Weapon; 40 U.S.C. Section 5104 (e)(1)(A)(i), Unlawful Possession of a Dangerous Weapon on Capitol Grounds or Buildings; 40 U.S.C. Section 5104 (e)(2)(D), Disorderly Conduct in a Capitol Building; 40 U.S.C. Section 5104(e)(2)(G), Parading, Demonstrating, or Picketing in a Capitol Building; 18 U.S.C. Section 1001 (a)(2), False Statement or Representation to an Agency of the United States; and 18 U.S.C, Section 2 (Aiding and Abetting). Superseding Indictment, PACER 26.

b. The indicted charges exclusively relate to alleged conduct occurring on January 6, 2021 and January 11, 2021. There is a pending Motion to Sever the charge related to conduct on January 11, 2021.

c. The United States has not identified any specific non-custodial statements it intends to introduce at trial. Thus, defendant cannot respond to what it is the Government is seeking to introduce at trial.

d. Defendant notes there is a pending 404(b) Notice filed by the United States and defendant has filed an opposition to the Notice. It appears through this Motion in Limine, the United States is also attempting to seek introduce other crimes evidence. To the extent defendant is correct in his assessment, he incorporates by reference his opposition to the 404(b) Notice.

e. In *Bradenburg v. Ohio*, the Supreme Court held that, "the First Amendment does not permit [the government] to forbid or proscribe advocacy of the use of force or of a law violation except where such advocacy is directed to inciting or producing imminent lawless actions and is likely to incite or produce such action." 395 U.S. 444,447 (1969). The *Bradenburg* Court added, "[F]or the speech at issue in this case to fall outside the purview of the First Amendment, this Court must determine that the speech (1) invited *imminent* lawlessness and (2) that the *imminent* lawlessness was likely to occur." Id. (emphasis in opinion).

f. Defendant reiterates it is not known what specific speech the United States is addressing or when the speech actually occurred. Thus, the Court cannot consider the *Bradenburg* standard as it is not known if the speech invited lawlessness and whether the lawlessness was likely to occur.

g. The requirement of *imminent* lawlessness mandated by *Bradenburg* was recently reiterated by the 4th Circuit, United States Court of Appeals. " Thus, in the world of *Bradenburg*, "incite" most sensibly refers to speech that is directed and likely to produce an imminent lawlessness." *United States v. Miselis*, 972 F.3d 518, 536 (4th Cir. 2020).

Because the United States has not provided the substance of any such statements, and has not provided temporal context of the statements, the Motion in Limine regarding any such statements must be denied.

**2. Preclusion of First Amendment Defense.**

The United States argues that defendant should not be permitted to argue to the jury that " The government anticipates the Defendant may argue he was simply a journalist documenting January 6, 2021, and therefore cannot be found guilty." PACER, 9. The Government adds, "Even if part of the Defendant's motive was to record events for later dissemination and public consumption, it does not provide an excuse for the criminal conduct he engaged in on January 6, 2021." Id.  In support of the argument, the United States relies on one case, *United States v. Rivers*, 607 F. Supp. 3d 2 (D.D.C. 2022). Reliance on *Rivera* is misplaced.

*Rivera* involved a January 6 defendant and the United States introduced into evidence a podcast in which the defendant tells the

interviewer "that he is, in no uncertain terms, not a journalist and did not go into the Capitol as such…that he is a photographer, a cinematographer, and a videographer by trade." Id. 7, internal quotations omitted.

Judge Kollar-Kotelly found the defendant guilty but not because she rejected a member of the media defense. Rather, Judge Kollar-Kotelly found defendant guilty because "the evidence shows beyond a reasonable doubt that Jesus Rivera was not a mere observer on January 6, 2021. He took a side, and it was the side of the insurrection. By his own conduct, the Court finds Jesus Rivera guilty…." Id. 11.

The First Amendment to the United States Constitution guarantees as follows:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

The trial record in this matter is clear. John Sullivan was at the United States Capitol on January 6, 2021. This highly publicized event may be deemed offensive by many members of the community and jury panel. However, any claims he may make concerning his attendance at the United States Capitol regarding his journalistic credentials are protected speech. There simply are no grounds for overriding his assertion regardless of

whether or not he was a "credentialed" journalist. His right to be on the premises of the Capitol is a matter to be left for the jury to decide

Respectfully submitted,

_____/s/_____
Steven R.Kiersh#323329
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.,C. 20015
(202) 347-0200
skiersh@aol.com
Attorney for John Sullivan

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served, via the Court's electronic filing system, upon all counsel of record on this the \_\_\_7th\_\_day of July, 2023.

_____/s/_____
Steven R. Kiersh