UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-cr-78 (RCL) |
| | : | |
| JOHN SULLIVAN, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION FOR PAYMENT OF TRAVEL EXPENSES PURSUANT TO
18 U.S.C. § 4285**

The Court should deny the defendant's Motion for the U.S. Marshals Service to Provide Non-Custodial Lodging and Subsistence for Trial. (ECF No. 115.) The defendant has failed to show he is unable to pay for lodging while in Washington, D.C., during trial. Even if the defendant could establish eligibility under 18 U.S.C. § 4285 for funds, he is not entitled to lodging during the trial. Numerous other courts in this district have recently denied similar motions brought by January 6 defendants located around the country. Order, *United States v. Bacon,* 21-cr-488 (CRC), ECF No. 54 (D.D.C. Nov. 8, 2022); Minute Order, *United States v. Rodriguez,* No. 21-cr-483 (DLF) (D.D.C. Nov. 7, 2022); Minute Order, *United States v. Rossman*, No. 22-cr-280 (BAH) (D.D.C. Oct. 14, 2022).

## BACKGROUND

In advance of January 6, 2021, Sullivan traveled to Washington, D.C. where he stayed in a hotel for several days. On January 6, 2021, Sullivan attended the "Stop the Steal" rally before entering the restricted Capitol grounds sometime before 2:00p.m. While on Capitol grounds, Sullivan used a megaphone to yell "Let's burn this shit down" and was at the front of the police line that collapsed on the Upper West Terrace at approximately 2:12p.m. Sullivan entered the Capitol at approximately 2:16p.m. through a broken window adjacent to the Senate Wing Doors.

1

Sullivan spent a total of forty minutes inside, during which, he told officers to "go home" and rallied the crowd by saying things like "Get this shit!" as rioters smashed doors and windows in the Speaker's Lobby.

For this conduct, the defendant has been charged with Obstruction of an Official Proceeding, in violation of 18 U.S.C. § 1512(c)(2), and 2; Civil Disorder in violation of U.S.C. § 231(a)(3), and 2; Entering and Remaining in a Restricted Building and Grounds with a dangerous weapon, in violation of 18 U.S.C. § 1752(a)(1) and (b)(1)(A); Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a dangerous weapon, in violation of 18 U.S.C. § 1752(a)(2) and (b)(1)(A); Unlawful Possession of a Dangerous Weapon on Capitol Grounds or Buildings, in violations of 40 U.S.C. § 5104(e)(1)(A)(i); Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).

On November 3, 2023, Sullivan filed the instant motion. (ECF No. 115.)

## ANALYSIS

The defendant, a resident of Utah, requests under 18 U.S.C. § 4285 that the U.S. Marshal pay for his noncustodial, overnight lodging "during trial." (ECF No. 115 at 2.) Instead of attaching a declaration or an affidavit in support of his motion, the defendant instead made mere assertions. The Court should deny the defendant's motion because he has failed to establish that he is unable to pay for lodging and therefore is not entitled to the relief he seeks.[1].

---

[1] This Court could deny Sullivan's motion for subsistence for lodging while in District of Columbia during trial without prejudice because Sullivan must supply supporting financial information. Even if such information established Sullivan's financial eligibility, however, § 4285 does not provide for subsistence during trial or for return travel and paying Sullivan's expenses may not be in the interests of justice, as discussed in more detail below.

2

### I. Defendant Sullivan is not entitled to relief under 18 U.S.C. § 4285

Title 18, United States Code, Section 4285 provides:

> Any judge or magistrate judge of the United States, when ordering a person released under chapter 207 on a condition of his subsequent appearance before that court, any division of that court, or any court of the United States in another judicial district in which criminal proceedings are pending, may, when the interests of justice would be served thereby and the United States judge or magistrate judge is satisfied, after appropriate inquiry, that the defendant is financially unable to provide the necessary transportation to appear before the required court on his own, direct the United States marshal to arrange for that person's means of noncustodial transportation or furnish the fare for such transportation *to* the place where his appearance is required, and in addition may direct the United States marshal to furnish that person with an amount of money for subsistence expenses *to* his destination, not to exceed the amount authorized as a per diem allowance for travel under section 5702(a) of title 5, United States Code. When so ordered, such expenses shall be paid by the marshal out of funds authorized by the Attorney General for such expenses.

18 U.S.C. § 4285 (emphasis added).[2] Thus, under § 4285, the district court or a magistrate judge "may, when the interest of justice would be served thereby," order the U.S. Marshal to provide a defendant with funds for the noncustodial transportation and subsistence while traveling for court proceedings. *Id.* Expenses for subsistence under § 4285 are limited to the costs of traveling "to" a defendant's destination. *Id.* To order travel and subsistence expenses, the district court or magistrate judge, however, must first be "satisfied, after appropriate inquiry, that the defendant is financially unable to provide the necessary transportation to appear before the required court on his own." *Id.; see also United States v. Forest,* 597 F. Supp. 2d 163, 165-166 (D. Me. 2009) (noting that § 4285 "places the onus" on a defendant to demonstrate defendant "is so destitute" that defendant is financially unable to provide funds necessary for transportation to court and that defendant must overcome "a heavy burden" to establish an inability to pay).

---

[2] Defendant Sullivan is not seeking payment for travel *to* Washington, D.C., which is what 18 U.S.C. § 4285 provides for.

3

Other defendants have, like Sullivan, requested that courts go beyond the plain text of § 4285 and order the U.S. Marshal Service to pay not just the expenses of traveling *to* a trial, but expenses incurred *during* trial, as well as the return trip to a defendant's residence. Courts have rejected this approach. For example, in *United States v. James,* 762 F. Supp. 1, 2 (D.D.C.1991), a court in this district denied a Massachusetts defendant's *ex parte* motion under § 4285 for transportation and subsistence expenses from Washington, D.C. to Massachusetts because "while the statute authorizes payment to travel to the court, once at the site of the court, the statute does not authorize payment of subsistence during the course of the trial or hearing." *Id.*; *see also United States v. Sandoval*, 812 F. Supp. 1156, 1157 (D. Kan. 1993)("[W]hile the court may require the Marshal to provide money for subsistence during transit, this statute does not authorize the court to enter an order requiring the Marshal to provide money for subsistence upon reaching [the place of trial.]"); *United States v. Nave,* 733 F. Supp. 1002 (D. Md. 1990) (denying motion under § 4285 to authorize government funds for lodging during trial because § 4285 "does not authorize such payments, but only provides for payment of travel and subsistence to the place of trial."); *United States v. Centeno,* No. 09-cr-3120–L, 2009 WL 3334144, at *1 (S.D. Cal. Oct. 15, 2009) (granting motion to provide transportation and subsistence funds only to the extent as it relates to one-way travel to court because § 4285 "only allows payment of one-way travel to a court appearance, and not for costs of return travel[,]" and that § 4285 "does not authorize payment for subsistence or lodging during trial.").

A court may also deny a § 4285 motion on interest-of-justice grounds. In *United States v. Rossman*, another January 6 case, then Chief Judge Howell denied a misdemeanor defendant's motion under § 4285 for travel expenses to attend his sentencing. Minute Order, *United States v. Rossman,* No. 22-cr-280 (BAH) (D.D.C. Oct. 14, 2022). The Chief Judge reasoned:

4

> Regarding defendant's travel expenses, pursuant to 18 U.S.C. § 4285, funding may be dispensed when the defendant is "financially unable" to travel for his appearance on his own and "when the interests of justice would be served thereby." Defendant was able to travel to Washington, D.C. to engage in the very offense conduct that is the subject of these proceedings. The interests of justice would not be served by the U.S. Government paying for defendant to make that same trip now that he is to be sentenced for that offense conduct.

*Id.*

Sullivan has not proffered any monthly earnings or lack thereof. Sullivan also did not attach a declaration or an affidavit, in support of his motion, itemizing his monthly expenses which could support his argument of inability to pay for lodging while in Washington, D.C., for the trial. The defendant asserts general financial hardships and the fact he expected his parents to pay for a hotel (ECF No. 115 at 1.)

Sullivan has failed to establish he is unable to pay for lodging during trial or that granting the motion is in the interest of justice. First, Sullivan's motion fails to provide the Court with an adequate basis to conduct an "appropriate inquiry" under § 4285 into Defendant Sullivan's ability to pay. Moreover, lodging during trial is not contemplated by the statute. In *Forest*, a defendant filed a motion under § 4285 for $48.00 in funds to pay for travel and reimbursement to attend a Rule 11 proceeding. *Forest*, 597 F. Supp. 2d at 164. Defendant Forest supported her motion with documentation including a receipt that detailed Forest's social security benefits and her "usual expenses." *Id.* at 166. The court in *Forest* found the information insufficient and denied the motion because Forest's motion was: (1) unsworn, (2) her list of expenses included a monthly item that Forest could forgo to pay for the travel, and (3) based on the minimal amount of funds needed to travel, "the Court would require a much more intensive analysis of her entire financial situation before it could conclude that she had met the burden contemplated by the statute." *Id.*

Judge Cooper denied a similar motion to Sullivan's that similarly lacked any support for counsel's assertions about the defendant's inability to pay. *Bacon,* 21-cr-488 (CRC), ECF No. 54. Agreeing with the government's arguments, Judge Cooper ordered Bacon to include a "sworn statement and supporting documentation" to show that he is "financially unable to travel to trial," should he refile his motion. *Id.* at 1. Judge Cooper further noted, "18 U.S.C. § 4285 authorizes funding only for travel to trial and subsistence required during that travel," so "Defendant would not be entitled to funds during trial or for travel accommodations to return to Massachusetts." *Id.*

Sullivan must establish he is financially unable to pay the cost of lodging. Sullivan should also explain why the government funding of his travel in these circumstances is in the "interests of justice," 18 U.S.C. § 4285, and why the government should pay for his hotel in Washington, D.C. now, when he was able to pay one before and after January 6, 2021.

## CONCLUSION

The defendant has not provided the Court with a declaration or affidavit or itemized documentation supporting his assertion that he is unable to pay which would allow the Court to fulfill its obligation to conduct an appropriate inquiry. On this basis alone, the Court should deny the motion. Furthermore, Sullivan's motion impermissibly requests costs beyond those authorized by § 4285. For all these reasons, the Court should deny the defendant's motion.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By:  /s/ REBEKAH E. LEDERER
REBEKAH E. LEDERER
Assistant United States Attorney
Bar No. PA 320922
601 D Street, N.W.
Washington, D.C. 20001
(202) 252-7012
Rebekah.Lederer@usdoj.gov

/s/ MICHAEL BARCLAY
MICHAEL L. BARCLAY
Assistant United States Attorney
N.Y. Bar Reg. No. 5441423
U.S. Attorney's Office for the District of Columbia
601 D Street, NW Washington, D.C. 20001
(202) 252-7669
Michael.Barclay@usdoj.gov