## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | **Case No: 21-CR-78 (RCL)** |
| v. | : | |
| | : | *[handwritten: Let this be filed.]* |
| JOHN SULLIVAN | : | *[handwritten: Royce C. Lamberth]* |
| | : | *[handwritten: U.S. D.J. 11/15/23]* |
| Defendant. | : | |

### JOINT PROPOSED JURY INSTRUCTIONS

The parties hereby propose the following jury instructions, subject to issues that arise during trial.  Where the parties do not agree on an instruction, it is noted below.

### Preliminary Instructions
### [in addition to the Court's standard preliminary instructions]

1.   Definitions: Stipulation of Fact, Redbook[1] 1.103(A) [see proposal below]

2.   Definitions: Judicial Notice, Redbook 1.103(D) [see proposal below]

### Final Instructions

1.   Notetaking by Jurors, Redbook 1.105

2.   Furnishing the Jury with a Copy of the Instructions, Redbook 2.100

3.   Function of the Court, Redbook 2.101

4.   Function of the Jury, Redbook 2.102

5.   Jury's Recollection Controls, Redbook 2.103

6.   Evidence in the Case, Redbook 2.104

7.   Statements of Counsel, Redbook 2.105

8.   Indictment Not Evidence, Redbook 2.106

---

[1] The "Redbook" refers to Criminal Jury Instructions for the District of Columbia (Fifth Edition, 2021 Release).

9. Burden of Proof, Redbook 2.107

10. Reasonable Doubt, Redbook 2.108

11. Direct and Circumstantial Evidence, Redbook 2.109

12. Nature of Charges Not to Be Considered, Redbook 2.110

13. Number of Witnesses, Redbook 2.111

14. Inadmissible and Stricken Evidence, Redbook 2.112, *as applicable*

15. Credibility of Witnesses, Redbook 2.200

16. Preparation of Witnesses [see proposal below]

17. Police Officer's Testimony, Redbook 2.207

18. Right of Defendant Not to Testify, Redbook 2.208 *or* Defendant as Witness, Redbook 2.209, *as applicable*

19. Character of Defendant, Redbook 2.213, *as applicable*

20. Count One, 18 U.S.C. §§ 1512(c)(2), 2 [see proposal below]

21. Count Two, 18 U.S.C. §§ 231(a)(3), 2 [see proposal below]

22. Count Three, 18 U.S.C. § 1752(a)(1), (b)(1)(A) [see proposal below]

23. Count Four, 18 U.S.C. § 1752(a)(2), (b)(1)(A) [see proposal below]

24. Count Five, 40 U.S.C. § 5104(e)(1)(A)(i) [see proposal below]

25. Count Six, 40 U.S.C. § 5104(e)(2)(D) [see proposal below]

26. Count Seven, 40 U.S.C. § 5104(e)(2)(G) [see proposal below]

27. Count Eight, 18 U.S.C. § 1001(a)(2) [see proposal below]

28. Defendant's Theory of the Case, Redbook 9.100 [see defense proposal below, government objects]

29. Other Crimes Evidence, Redbook 2.321(B), *as applicable*

30. Limiting Instruction: Statements by Defendant and Other Individuals [see proposal below]

31. Intent [see defense proposal below, government objects]

32. Proof of State of Mind, Redbook 3.101

33. Multiple Counts- One Defendant, Redbook 2.402

34. Unanimity—General, Redbook 2.405

35. Verdict Form Explanation, Redbook 2.407

36. Redacted Documents and Tapes, Redbook 2.500

37. Exhibits During Deliberations, Redbook 2.501

38. Selection of Foreperson, Redbook 2.502

39. Possible Punishment Not Relevant, Redbook 2.505

40. Cautionary Instruction on Publicity, Communication, and Research, Redbook 2.508

41. Communication Between Court and Jury During Jury's Deliberations, Redbook 2.509

42. Attitude and Conduct of Jurors in Deliberations, Redbook 2.510

43. Excusing Alternate Jurors, Redbook 2.511

**Proposed Preliminary Instruction No. 1**
**Stipulation of Fact**
(Redbook 1.103(A))

The government and the defendant may stipulate—that is, agree—to certain facts. You should consider any stipulation of fact to be undisputed evidence.

**Proposed Preliminary Instruction No. 2**
**Stipulation of Fact**
(Redbook 1.103(D))

I may take what is called "judicial notice" of public acts, places, facts, and events that I consider to be matters of common knowledge or matters that can be determined easily through undisputed sources. When I take judicial notice of a particular fact, you may regard that fact as proven evidence.

**Proposed Instruction No. 16**
**Preparation of Witnesses**

You may have heard testimony about witnesses meeting with attorneys or investigators before they testified. You are instructed that it is perfectly proper for a lawyer or investigator to interview a witness in preparation for trial.[2]

---

[2] Final Jury Instructions, ECF No. 93 at 21, *United States v. St. Cyr*, 22-cr-185-JDB (D.D.C. March 10, 2023).

**Proposed Instruction No. 20**
**Count One – Obstruction of an Official Proceeding[3]**
(18 U.S.C. § 1512(c)(2))

Count One of the Indictment charges the defendant with corruptly obstructing an official proceeding, which is a violation of federal law.  Count One also charges the defendant with attempt to obstruct or impede an official proceeding and aiding and abetting others to commit that offense. First, I will explain the elements of the substantive offense, along with its associated definitions. Then, I will explain how to determine whether the defendant attempted the offense and whether the defendant aided and abetted the offense.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

> First, the defendant attempted to or did obstruct or impede an official proceeding.

> Second, the defendant intended to obstruct or impede the official proceeding.

> Third, the defendant acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding.

> Fourth, the defendant acted corruptly.

Definitions

To "obstruct" or "impede" means to block, interfere with, or slow the progress of an official proceeding.

Congress's Joint Session to certify the Electoral College vote on January 6, 2021, was an "official proceeding" as that term is used in this count.[4]  The official proceeding need not be

---

[3] 18 U.S.C. § 1512(c)(2).  *See, e.g.*, *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 8).

[4] *United States v. Fischer*, 64 F.4th 329, 342 (D.C. Cir. 2023) (holding "that congressional certification of the Electoral College count is an 'official proceeding'" for purposes of

pending or about to be instituted at the time of the offense.  If the official proceeding was not pending or about to be instituted, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant.[5]

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.  In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did, said, or perceived.[6]

To act "corruptly," the defendant must use independently unlawful means or act with an unlawful purpose, or both. The defendant must also act with "consciousness of wrongdoing." "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong or unlawful.

Not all attempts to obstruct or impede an official proceeding involve acting corruptly.  For example, a witness in a court proceeding may refuse to testify by invoking his or her constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but that person does not act corruptly. In addition, the First Amendment to the United States Constitution affords people the right to speak, assemble, and petition the government for grievances. Accordingly, an individual who does no more than lawfully exercise those rights does not act

---

§ 1512(c)(2)).  *See also* 18 U.S.C. § 1515(a)(1)(B) (defining "official proceeding" to include "a proceeding before the Congress").

[5] 18 U.S.C. § 1512(f)(1) ("For the purposes of this section—(1) an official proceeding need not be pending or about to be instituted at the time of the offense").  For the nexus requirement (that the official proceeding need be reasonably foreseeable), *see United States v. Sandlin*, 575 F. Supp. 3d 16, 32 (D.D.C. 2021); *United States v. Aguilar*, 515 U.S. 593, 599-600 (1995).

[6] *See* The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit §§ 1512 & 1515(a)(1); *see also Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005); *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 9) ((including instruction that the evidence to be considered includes "what [the defendant] did, said, or perceived").

corruptly. In contrast, an individual who obstructs or impedes a court proceeding by bribing a witness to refuse to testify in that proceeding, or by engaging in other independently unlawful conduct, does act corruptly.[7] Often, acting corruptly involves acting with the intent to secure an unlawful advantage or benefit either for oneself or for another person.[8]

While the defendant must act with intent to obstruct the official proceeding, this need not be his sole purpose. A defendant's unlawful intent to obstruct an official proceeding is not negated by the simultaneous presence of another purpose for his conduct.[9]

Attempt

In Count One, the defendant is also charged with attempt to commit the crime of obstruction of an official proceeding. An attempt to commit obstruction of an official proceeding is a crime even if the defendant did not actually complete the crime.

In order to find the defendant guilty of attempt to commit obstruction of an official proceeding, you must find that the government proved beyond a reasonable doubt each of the following elements:

First, that the defendant intended to commit the crime of obstruction of an official proceeding, as I have defined that offense above.

---

[7] The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit; *Arthur Andersen LLP v. United States*, 544 U.S. 696, 706 (2005); *United States v. Fischer*, 64 F.4th 329, 340 (D.C. Cir. 2023) (opinion of Pan, J.); *United States v. Gordon*, 710 F.3d 1124, 1151 (10th Cir. 2013); *United States v. Friske*, 640 F.3d 1288, 1291 (11th Cir. 2011); *United States v. Watters*, 717 F.3d 733, 735 (9th Cir. 2013); *United States v. North*, 910 F.2d 843, 883 (D.C. Cir. 1990), *withdrawn and superseded in part by United States v. North*, 920 F.2d 940 (D.C. Cir. 1990); *United States v. Sandlin*, 575 F. Supp. 3d 16, 32 (D.D.C. 2021); *United States v. Caldwell*, 581 F. Supp. 3d 1, 19-20 (D.D.C. 2021); *United States v. Mostofsky*, 579 F. Supp. 3d 9, 26 (D.D.C. 2021); *United States v. Montgomery*, 578 F. Supp. 3d 54, 82–83 (D.D.C. 2021); *United States v. Lonich*, 23 F.4th 881, 902-03 (9th Cir. 2022). *See also, e.g., United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 10).

[8] *See United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 10).

[9] *See id.*

Second, that the defendant took a substantial step toward committing obstruction of an official proceeding which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because the defendant thought about it. You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because the defendant made some plans to or some preparation for committing that crime. Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit obstruction of an official proceeding crime. However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

<u>Aiding and Abetting</u>

In this case, the government further alleges that the defendant committed obstruction of an official proceeding, as charged in Count One, by aiding and abetting others in committing this offense. This is not a separate offense but merely another way in which the government alleges that the defendant committed this offense in Count One.

A person may be guilty of an offense if he aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal. It is not necessary that all the people who committed the crime be caught or identified. It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and

that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find the defendant guilty of obstruction of an official proceeding because the defendant aided and abetted others in committing this offense, you must find that the government proved beyond a reasonable doubt the following elements:

First, that others committed obstruction of an official proceeding by committing each of the elements of the offense charged, as I have explained above.

Second, that the defendant knew that obstruction of an official proceeding was going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of obstruction of an official proceeding

Fifth, that the defendant did that act or acts with the intent that others commit the offense of obstruction of an official proceeding.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government must prove some affirmative participation by the defendant which at least encouraged others to commit the offense. That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense. The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aided, assisted, facilitated, or encouraged only one or some parts or phases of the offense. Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abettor. If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate the defendant with the offense, you may not find the defendant guilty of obstruction of an official proceeding as an aider and abettor. The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

**

A defendant may be found guilty of the offense charged in Count One if the defendant obstructed an official proceeding, attempted to obstruct an official proceeding, or aided and abetted obstruction an official proceeding. Each of these three ways of committing the offense is described in the instructions that I have given you. If you find beyond a reasonable doubt that the defendant committed the offense of obstruction of an official proceeding in any one of these three ways, you should find the defendant guilty of Count One, and you need not consider whether the defendant committed the offense of obstruction of an official proceeding in the other two ways.

**Proposed Instruction No. 21**
**Count Two – Obstructing Officers During a Civil Disorder[10]**
(18 U.S.C. § 231(a)(3))

Count Two charges the defendant with obstructing law enforcement officers during a civil disorder, which is a violation of federal law. Count Two also charges the defendant with attempt to commit the crime of obstructing officers during a civil disorder and aiding and abetting others to commit that offense. First, I will explain the elements of the substantive offense, along with its associated definitions. Then, I will explain how to determine whether the defendant attempted the offense and whether the defendant aided and abetted the offense.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant knowingly committed or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers.

Second, at the time of the defendant's actual or attempted act, the law enforcement officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

Third, the civil disorder in any way or degree obstructed, delayed, or adversely affected commerce or the movement of any article or commodity in commerce, or the conduct or performance of any federally protected function.

---

[10] 18 U.S.C. § 232; 18 U.S.C. § 6; 5 U.S.C. § 101; 2 U.S.C. §§ 1961, 1967. *See also* Final Jury Instructions, ECF No. 72 at 8–11, *United States v. Reed Knox Christensen*, 21-cr-455-RCL (D.D.C. Sept. 15, 2023).

Definitions

The term "civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.

The term "commerce" means commerce or travel between one state, including the District of Columbia, and any other state, including the District of Columbia.  It also means commerce wholly within the District of Columbia.[11]

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.[12]

The term "department" includes one of the departments of the executive branch (such as the Department of Homeland Security, which includes the United States Secret Service) or the legislative branch. The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States. The term "instrumentality" includes any other formal entity through which the government operates, such as Congress or the United Sates Capitol Police.[13]

---

[11] Modified definition of 18 U.S.C. § 232(2) from jury instructions in *United States v. Pugh*, 20-cr-73 (S.D. Ala. May 19, 2021); *see also* Final Jury Instructions, ECF No. 72 at 9, *United States v. Reed Knox Christensen*, 21-cr-455-RCL (D.D.C. Sept. 15, 2023).

[12] *See* 18 U.S.C. § 232(3).

[13] *See, e.g., United States v. Water Supply & Storage Co.*, 546 F. Supp. 2d 1148, 1152 (D. Colo. 2008) ("'When Congress does not define a word, its common and ordinary usage may be obtained by reference to a dictionary.' *In re Overland Park Fin. Corp.*, 236 F.3d 1246, 1252 (10th Cir. 2001) (citation omitted). Dictionary definitions of the word 'instrumentality' generally are broad. Black's Law Dictionary defines 'instrumentality' as '[a] thing used to achieve an end or purpose.' Black's Law Dictionary 814 (8th ed. 1999). Webster's Third New International Dictionary defines 'instrumentality' as 'something by which an end is achieved' or "something that serves as an intermediary or agent through which one or more functions of a controlling force

For the U.S. Capitol Police and the Metropolitan Police Department on January 6, 2021, the term "official duties," means policing the U.S. Capitol Building and Grounds, and enforcing federal law and D.C. law in those areas.[14]

The term "knowingly" has the same meaning described in the instructions for Count One.

Attempt

In Count Two, the defendant is also charged with attempt to commit the crime of obstructing officers during a civil disorder. An attempt to commit obstruction of officers during a civil disorder is a crime even if the defendant did not actually complete the crime.

In order to find the defendant guilty of attempt to commit obstruction of officers during a civil disorder, you must find that the government proved beyond a reasonable doubt each of the following elements:

First, that the defendant intended to commit the crime of obstructing officers during a civil disorder, as I have defined that offense above.

Second, that the defendant took a substantial step toward committing obstructing

---

are carried out.' Webster's Third New International Dictionary 1172 (1971)."). *See also* Final Jury Instructions, ECF No. 72 at 9, *United States v. Reed Knox Christensen*, 21-cr-455-RCL (D.D.C. Sept. 15, 2023).

[14] Final Jury Instructions, ECF No. 72 at 9, *United States v. Reed Knox Christensen*, 21-cr-455-RCL (D.D.C. Sept. 15, 2023). *See, e.g.*, Fifth Circuit Pattern Criminal Jury Instruction No. 2.07; Tenth Circuit Pattern Criminal Jury Instruction No. 2.09; *United States v. Smith*, 743 F. App'x 943, 949 (11th Cir. 2018) ("Furthermore, the district court instructed the jury regarding the Task Force's duties, stating: 'A member of the U.S. Marshals Regional Fugitive Task Force is a Federal officer and has the official duty to locate and apprehend fugitives.'"); *United States v. Span*, 970 F.2d 573, 581 (9th Cir. 1992) (per curiam) ("The instruction states only that the activity of looking for a suspect is official conduct. We find no error in the district court's instruction characterizing this aspect of the marshals' conduct as official duty."); *United States v. Ellsworth*, 647 F.2d 957, 963 (9th Cir. 1981) ("'Instruction No. 10. Among the official duties of officers and agents of the United States Geological Service of the United States Interior Department are inspections of oil drilling apparatus to insure compliance with various Federal laws.' We think the above language of the charge employed by the trial judge reveals no insufficiency in defining the offense.").

officers during a civil disorder which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit obstructing officers during a civil disorder merely because the defendant thought about it. You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempt to commit obstruction of officers during a civil disorder merely because the defendant made some plans to or some preparation for committing that crime. Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit obstruction of an official proceeding crime. However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

<u>Aiding and Abetting</u>

In this case, the government further alleges that the defendant committed obstruction of officers during a civil disorder, as charged in Count Two, by aiding and abetting others in committing this offense. This is not a separate offense but merely another way in which the government alleges that the defendant committed this offense in Count Two.

A person may be guilty of an offense if he aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal. It is not necessary that all the people who committed the crime be caught or identified. It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and

that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find the defendant guilty of obstruction of officers during a civil disorder because the defendant aided and abetted others in committing this offense, you must find that the government proved beyond a reasonable doubt the following elements:

First, that others committed obstruction of officers during a civil disorder by committing each of the elements of the offense charged, as I have explained above.

Second, that the defendant knew that obstruction of officers during a civil disorder was going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of obstruction of officers during a civil disorder.

Fifth, that the defendant did that act or acts with the intent that others commit the offense of obstruction of officers during a civil disorder.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government must prove some affirmative participation by the defendant which at least encouraged others to commit the offense. That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense. The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aided, assisted, facilitated, or encouraged only one or some parts or phases of the offense. Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abettor. If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate the defendant with the offense, you may not find the defendant guilty of obstruction of an official proceeding as an aider and abettor. The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

**

A defendant may be found guilty of the offense charged in Count Two if the defendant obstructed officers during a civil disorder, attempted to obstruct officers during a civil disorder, or aided and abetted obstruction of officers during a civil disorder. Each of these three ways of committing the offense is described in the instructions that I have given you. If you find beyond a reasonable doubt that the defendant committed the offense of obstruction of officers during a civil disorder in any one of these three ways, you should find the defendant guilty of Count Two, and you need not consider whether the defendant committed the offense of obstruction of officers during a civil disorder in the other two ways.

**Proposed Instruction No. 22**
**Count Three – Entering or Remaining in a Restricted Building or Grounds with a**
**Dangerous Weapon[15]**
(18 U.S.C. § 1752(a)(1), (b)(1)(A))

Count Three of the Indictment charges the defendant with entering or remaining in a restricted building or grounds with a dangerous weapon, which is a violation of federal law.

I am going to instruct you on this charge and explain the various elements that you must consider. I will also instruct you on the lesser-included offense. After I give you the elements of these crimes, I will tell you in what order you should consider them.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

Second, the defendant did so knowingly.

Third, the defendant knowingly used or carried a dangerous weapon during and in relation to the offense, that is, a knife.[16]

---

[15] 18 U.S.C. §§ 1752, 3056; *United States v. Jabr*, 4 F.4th 97, 101 (D.C. Cir. 2021). *See also* Final Jury Instructions, ECF No. 72 at 16, *United States v. Reed Knox Christensen*, 21-cr-455-RCL (D.D.C. Sept. 15, 2023); *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 6); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 26); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 8-9); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 29–30).

[16] *United States v. Jensen*, 21-cr-6 (TJK) (ECF No. 97 at 34); *United States v. Schwartz, et al*, 21-cr-178 (APM) (ECF No. 172 at 24).

Definitions

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

The term "knowingly" has the same meaning described in the instructions for Count One.

An object may be considered a "dangerous weapon" for one of two reasons. First, an object is a dangerous weapon if it is inherently or obviously dangerous. Second, an object is a dangerous weapon if the object is capable of causing serious bodily injury or death to another person and the defendant carried it with the intent that it be used in a manner capable of causing serious bodily injury or death.[17]

Lesser-Included Offense

In order to find the defendant guilty of the lesser offense of Count Three, that is, entering or remaining in a restricted building or grounds, you must find the following elements beyond a reasonable doubt:

[*Repeat first two elements*]

Order of Deliberations

Now I am going to instruct you as to the order in which you should consider the above offenses. You should consider first whether the defendant is guilty of entering or remaining in a restricted building or grounds with a dangerous weapon. If you find the defendant guilty of that

---

[17] *See United States v. Christie*, 23-cr-5 (APM) (Order, ECF 64, at 3) (defining "deadly or dangerous weapon" under 1752(b)(1)(A) and noting that unlike for purposes of 18 U.S.C. § 111(b), "[t]he defendant need not have actually used the object in that manner").

offense, do not go on to the lesser-included offense.  However, if you find the defendant not guilty, go on to consider whether the defendant is guilty of entering or remaining in a restricted building or grounds.  And if, after making all reasonable efforts to reach a verdict on the first charge, you are not able to do so, you are allowed to consider this lesser-included charge.

This order will be reflected in the verdict form that I will be giving you.

**Proposed Instruction No. 23**
**Count Four – Disorderly or Disruptive Conduct in a Restricted Building with a**
**Dangerous Weapon[18]**
**(18 U.S.C. § 1752(a)(2), (b)(1)(A))**

Count Four of the Indictment charges the defendant with disorderly or disruptive conduct in a restricted building or grounds with a dangerous weapon, which is a violation of federal law.

I am going to instruct you on this charge and explain the various elements that you must consider. I will also instruct you on the lesser-included offense. After I give you the elements of these crimes, I will tell you in what order you should consider them.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

Second, the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

Third, the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

Fourth, the defendant knowingly used or carried a dangerous weapon during and in relation to the offense, that is, a knife.[19]

---

[18] 18 U.S.C. § 1752. *See* Final Jury Instructions, ECF No. 72 at 17, *United States v. Reed Knox Christensen*, 21-cr-455-RCL (D.D.C. Sept. 15, 2023); *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 6-7); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 27); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 9); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 31–32).

[19] *United States v. Jensen*, 21-cr-6 (TJK) (ECF No. 97 at 37); *United States v. Schwartz, et al.*, 21-cr-178 (APM) (ECF No. 172 at 25); *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 18); *United States v. Robertson*, 21-cr-34 (CRC) (ECF No. 86 at 22).

Definitions

"Disorderly conduct" is conduct that tends to disturb the public peace or undermine public safety.[20] Disorderly conduct includes when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses words likely to produce violence on the part of others, or is unreasonably loud and disruptive under the circumstances.[21]

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.[22]

The term "knowingly" has the same meaning described in the instructions for Count One. The terms "restricted building or grounds" and "dangerous weapon" also have the same meanings described in the instructions for Count Three.

Lesser-Included Offense

In order to find the defendant guilty of the lesser offense of Count Four, that is, disorderly or disruptive conduct in a restricted building or grounds, you must find the following elements beyond a reasonable doubt:

[Repeat first three elements]

---

[20] *United States v. Grider*, 21-cr-22 (CKK) (ECF No. 150 at 24) ("'[D]isorderly' conduct is that which 'tends to disturb the public peace, offend public morals, or undermine public safety.' 'Disorderly,' *Black's Law Dictionary* (9th ed. 2009); *see also* 'Disorderly,' *Oxford English Dictionary* (2nd ed. 1989) ('Not according to order or rule; in a lawless or unruly way; tumultuously, riotously.')").

[21] Final Jury Instructions, ECF No. 72 at 17, *United States v. Reed Knox Christensen*, 21-cr-455-RCL (D.D.C. Sept. 15, 2023); *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 15); *United States v. Schwartz, et al,*, 21-cr-178 (APM) (ECF No. 172 at 27); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 32); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 37-38).

[22] Redbook 6.643.  *See also* Final Jury Instructions, ECF No. 72 at 17, *United States v. Reed Knox Christensen*, 21-cr-455-RCL (D.D.C. Sept. 15, 2023); *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 16).

<u>Order of Deliberations</u>

Now I am going to instruct you as to the order in which you should consider the above offenses.  You should consider first whether the defendant is guilty of disorderly or disruptive conduct in a restricted building or grounds with a deadly or dangerous weapon.  If you find the defendant guilty of that offense, do not go on to the lesser-included offense.  However, if you find the defendant not guilty, go on to consider whether the defendant is guilty of entering or remaining in a restricted building or grounds.  And if, after making all reasonable efforts to reach a verdict on the first charge, you are not able to do so, you are allowed to consider this lesser-included charge.

This order will be reflected in the verdict form that I will be giving you.

**Proposed Instruction No. 24**
**Count Five – Unlawful Possession of a Dangerous Weapon on Capitol Grounds or Buildings[23]**
40 U.S.C. § 5104(e)(1)(A)(i)

Count Five of the Indictment charges the defendant with unlawful possession of a dangerous weapon on Capitol Grounds or Buildings, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant knowingly entered the Capitol Grounds or any of the Capitol Buildings.

Second, while he was on the Capitol Grounds or any of the Capitol Buildings, the defendant knowingly carried or had readily accessible a dangerous weapon, that is, a knife having a blade longer than three inches.

Definitions

The term "Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C.

The "Capitol Grounds" includes the area depicted in Government's Exhibit 102.

For purposes of this Count Five only, the term "dangerous weapon" is defined to include a dagger, a dirk, a stiletto, or a knife having a blade over three inches in length.[24]

The term "knowingly" has the same meaning described in the instructions for Count One.

---

[23] *United States v. Black*, 21-cr-127 (ABJ) (ECF No. 70 at 11) (for "dangerous weapon," that is, a knife).

[24] For a discussion on the length of a knife's blade, see *United States v. Black*, 21-cr-127 (ABJ) (ECF No. 73).

**Proposed Instruction No. 25**
**Count Six – Disorderly Conduct in a Capitol Building[25]**
40 U.S.C. § 5104(e)(2)(D)

Count Six of the Indictment charges the defendant with disorderly and disruptive conduct in a Capitol Building, which is a violation of federal law.

<u>Elements</u>

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings.

Second, the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

Third, the defendant acted willfully and knowingly.

<u>Definitions</u>

The term "Capitol Buildings," has the same meaning described in the instructions for Count Five.

"Disorderly conduct" and "disruptive conduct" have the same meaning described in the instructions for Count Four. For purposes of this offense, "the orderly conduct of a session of Congress or either House of Congress" includes the actions of Congress' Joint Session to certify the Electoral College vote.[26]

---

[25] *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 22); *United States v. Jenkins*, 21-cr-245 (APM) (ECF No. 78 at 31); *United States v. Jensen*, 21-cr-6 (TJK) (ECF No. 97 at 40); *United States v. Williams*, 21-cr-618 (ABJ) (ECF 122 at 40); *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 7); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 28); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 10-11).
[26] *See United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 17).

The term "House of Congress" means the United States Senate or the United States House of Representatives.

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. "Willfully" does not, however, require proof that the defendant be aware of the specific law or rule that his conduct may be violating.[27]

The term "knowingly" has the same meaning described in the instructions for Count One.

---

[27] *See United States v. Bryan*, 524 U.S. 184, 190 (1998).

**Proposed Instruction No. 26**
**Count Seven –Parading, Demonstrating, or Picketing in a Capitol Building[28]**
40 U.S.C. § 5104(e)(2)(G)

Count Seven of the Indictment charges the defendant with parading, demonstrating, or picketing in a Capitol Building, which is a violation of federal law.

<u>Elements</u>

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant paraded, demonstrated, or picketed in any of the United States Capitol Buildings.

Second, the defendant acted willfully and knowingly.

<u>Definitions</u>

The terms "parade" and "picket" have their ordinary meanings. The term "demonstrate" refers to conduct that would disrupt the orderly business of Congress by, for example, impeding or obstructing passageways, hearings, or meetings, but does not include activities such as quiet praying.[29]

The term "Capitol Buildings" has the same meaning described in the instructions for Count Five. The term "knowingly" has the same meaning described in the instructions for Count One. The term "willfully" has the same meaning described in the instructions for Count Six.

---

[28] *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 23); *United States v. Jensen*, 21-cr-6 (TJK) (ECF No. 97 at 42); *United States v. Williams*, 21-cr-618 (ABJ) (ECF 122 at 40); *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 8); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 29); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 11).

[29] *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 23); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 44). *See also Bynum v. United States Capitol Police Board*, 93 F. Supp. 2d 50, 58 (D.D.C. 2000).

**Proposed Instruction No. 27**
**Count Eight — False Statement or Representation Made to an Agency of The**
**United States**[30]
(18 U.S.C. § 1001(a)(2))

Count Eight charges the defendant with making a false statement or representation to an agency of the United States, which is a violation of federal law.

<u>Elements</u>

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, on or about January 11, 2021, the defendant made a statement or representation;

Second, that this statement or representation was material;

Third, the statement or representation was false, fictitious or fraudulent;

Fourth, the false, fictitious or fraudulent statement was made knowingly and willfully; and

Fifth, the statement or representation was made in a matter within the jurisdiction of the executive branch of the Government of the United States.

<u>Definitions</u>

A fact is material if it had a natural tendency to influence, or was capable of influencing, either a decision or function of the Federal Bureau of Investigation. In other words, a statement is material if it was capable of influencing the investigation by the Federal Bureau of Investigation. However, proof of actual reliance on the statement by the government is not required. Accordingly, the government is not required to prove that the statement actually influenced a decision or function of the Federal Bureau of Investigation.

---

[30] *See* Transcript of Final Jury Instructions, ECF No. 307 at 22–25, *United States v. Roger Stone,* 19-cr-18-ABJ (D.D.C. Feb. 14, 2020). *See* also The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit § 1001(a)(2); Sixth Circuit Pattern Jury Instruction 13.02 (2023).

A statement or representation is "false" or "fictitious" if it was untrue when made, and known at the time to be untrue by the person making it or causing it to be made. A statement or representation is "fraudulent" if it was untrue when made and was made or caused to be made with the intent to deceive the executive agency to which it was made. It is not necessary for the government to prove that the agency was in fact misled.

The term "knowingly" has the same meaning described in the instructions for Count One. The term "willfully" has the same meaning described in the instructions for Count Six.

I charge you that the Federal Bureau of Investigation is a part of the executive branch of the United States. A matter is "within the jurisdiction of the executive branch of the United States government" if the Federal Bureau of Investigation has the power to exercise authority in that matter.

**Proposed Instruction No. 28**
**Defendant's Theory of the Case**

**Defense Proposal:**

John Sullivan was not on the grounds of the United States Capitol on January 6, 2021 to

intentionally obstruct an official proceeding. Rather, John Sullivan was present at the United States

Capitol on January 6, 2021 to record and document the events at the United States Capitol on

January 6, 2021. Similarly, John Sullivan was not present at the United States Capitol on January

6, 2021 to knowingly and intentionally obstruct officers during a civil disorder.

**Government Objection:**

The Government objects to this instruction at this time, subject to reconsideration after

both parties rest and any supporting evidence has come out at trial.

**Proposed Instruction No. 30**
**Limiting Instruction – Statements by Defendant and Other Individuals[31]**

You have heard evidence about statements made to and by some defendants and other individuals. The First Amendment of the United States Constitution protects and individual's right to free speech, including speech that you may find to be vile, hateful, or offensive. The First Amendment does not, however provide a right to engage in speech that is integral to criminal conduct. You may not find that a defendant committed a crime simply because you find that a defendant, or other individuals, engaged in speech you find to be offensive. You may, however, consider the statements made by defendants and other individuals as evidence that, for example, a defendant had a certain motive, intent, or knowledge.

---

[31] Final Jury Instructions, ECF No. 72 at 20, *United States v. Reed Knox Christensen*, 21-cr-455-RCL (D.D.C. Sept. 15, 2023).

**Proposed Instruction No. 31**
**Intent**

**Defense Proposal:**

Redbook 3.01

Intent means that a person had the purpose to do a thing. It means that he acted consciously or voluntarily and not inadvertently or accidentally.

Some criminal offenses require only a general intent. Where this is so, and it is shown that a person has knowingly committed an act which the law makes a crime, intent may be inferred from the doing of the act.

Other offenses require a specific intent. Specific intent requires more than a general intent to engage in certain conduct or to do certain acts. A person who knowingly does an act which the law forbids [intending with bad purpose either to disobey or disregard the law] may be found to act with specific intent.

**Government Objection:**

Redbook Instruction 3.100 (Defendant's State of Mind – Note) provides in part that "[i]n the 2008 release, the Committee replaced former Instruction No. 3.01, Intent—Note . . . with this Note. . . . Since a defendant's state of mind is almost always an element of the offense, the Committee continues its practice of recommending that judges define the precise mental state applicable to the offense charged, as an element of the offense requiring proof beyond a reasonable doubt, and provides no independent instructions covering a defendant's mental state."

Because each of the relevant offenses define the mental state to be applied as an element of each respective charge, this instruction is inappropriate and likely to confuse the jury as to the appropriate legal standard.