UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.                                                          21-78 (RCL)

JOHN SULLIVAN

## MEMORANDUM IN AID OF SENTENCING

John Sullivan, by and through undersigned counsel, does hereby submit the following Memorandum in Aid of His Sentence.

## I. Background of this matter.

John Sullivan appears before this Court having been found guilty following a trial by jury of the following offenses: Obstruction of an Official Proceeding, 18 U.S.C. Section 1512 (c)(2); Civil Disorder and Aiding and Abetting, 18 U.S.C. Section 231(a)(3); Entering and Remaining in a Restricted Building or Grounds with a Dangerous Weapon, 18 U.S.C. Section 1752 (a)(1); Disorderly and Disruptive Conduct in a Restricted Building on Grounds with a Dangerous Weapon, 18 U.S.C. Section 1752(a)(2); Unlawful Possession of a Dangerous Weapon on a Capitol Grounds or Building, 40 U.S.C. Section 5104 (e)(1)(A)(i); Disorderly Conduct in a Restricted Building or Grounds, 40 U.S.C. Section 5104

1

(e)(2)(D); and Parading, Demonstrating, or Picketing, in a Capitol Building, 40 U.S.C. Section 5104 (e)(2)(G).

Mr. Sullivan's convictions arise from the events of January 6, 2021 at the United States Capitol.

John Sullivan initially was released on personal recognizance by the Honorable Emmet Sullivan and successfully remained on personal bond until his convictions for the offenses described herein.

**II. Defendant's personal background**

John Sullivan was born on July 18, 1994 in Galax, Viginia. He was adopted by John J. Sullivan and Lisa Marie Sullivan. Defendant's father is a 67 year old retired Lieutenant Colonel from the United States Army. Defendant's mother is a 66 year old homemaker. Defendant's parents reside in Utah and it is expected they will come to Court for defendant's sentencing on April 26, 2024.

John Sullivan attended and graduated from Brooke Point High School in Stafford, Virginia. While in high school he attained the rank of Eagle from the Boy Scouts and developed a passion for in-line ice skating. Defendant transitioned to speed skating and moved to Kearns Utah, home to US Speed Skating in order to train for an Olympic berth, However, injuries derailed his

Olympic prospects and he moved in with his family in their current home in Utah.

John Sullivan has a medical history of Dyslexia and Attention Hyperactivity Disorder. He has been prescribed Zoloft, Propanalol and Quelbee to treat his ailments related to anxiety and depression

### III. Support from defendant's community

Defendant has tremendous support from family members and friends in the community. Many supporters have written letters on his behalf and they are attached hereto. The letters are summarized as follows:

1. Lisa Sullivan (Defendant's mother). Ms. Sullivan has written a very sincere heartfelt letter on behalf of her son and additionally attached a number of photographs. The letter speaks for itself and very succinctly describes John Sullivan's life and the care and love he has brought to others. The love is clearly reciprocated.

2. Thomas Sullivan (Defendant's uncle): Mr. Sullivan has known defendant his entire life. While not condoning or justifying the conduct for which defendant has been convicted, Mr. Sullvan attests to his good character, his upbringing in the Church of Jesus Christ of the Latter-Day Saints and his leadership skills.

3. Peter Sullivan (Defendant's brother); This heartfelt and sincere letter addresses the care defendant shows to others less fortunate than he and describes a person of high character.

4. Marion Jacqueway (Defendant's aunt). Defendant is described as being kind and gentle. Ms. Jacqueway is a retired police officer and is critical of the conduct for which defendant stands convicted. However, she sees her nephew as a man of high character and urges the Court to take his entire life into consideration when imposing a sentence.

5. Lisa Sayenko (Defendant's girlfriend). Ms. Sayenko has only known defendant for a short period of time but notes he appears to be man of peace, decency and high character.

6. Vincent Da Silva (Fellow church member). Mr. Da Silva recounts Mr. Sullivan's experiences that he shared at the Church of Jesus Christ. He writes about defendant's experiences as a speed skater and characterizes them as inspiring and memorable  Mr. Da Silva describes John Sullivan as a determined, inspirational and genuine person.

7. Susan Beckett (Family friend). Ms. Burkett has known defendant and his family for many years. She describes defendant as a respectful young man who has always been honest, trustworthy and sincere.

8. Marsha Westfall (Family friend). Ms. Westfall has known defendant and his family for years. She characterizes John Sullivan as a passionate person and onewho is always looking to grow.

9. Elden Boothby (Family friend). Mr. Boothby has known defendant since he was 7 years of age. He describes John Sullivan as respectful, soft-spoken and courteous.  He is seen as both introspective and highly intelligent. Mr. Boothby notes that defendant regularly attended Church and assisted his mother who suffers from knee injuries requiring multiple surgeries.

10. Brett Burton (Ecclesiastical leader). Mr. Burton knows defendant as a member of his congregation He describes defendant as a thoughtful person and notes his consideration of others as observed through his participation in Church settings. Mr. Burtin commends defendant as being a respectful, thoughtful and good man.

11. Brent Russon (Family friend). Mr. Russon recounts John Sullivan volunteering to help move a neighbor from Utah to Idaho. He found defendant to be a respectful, engaging, gentle and pleasant.

12. Corissa Sullivan (Former sister-in-law).  Ms. Sullivan has taken the time to present another expression of love and support for defendant who is described as "an amazing uncle to my two children."

13. Nita Jane Autry (Business associate). Ms. Autry worked with defendant pursuant to a Creative Aging Grant from Utah Arts and Museums. She describes her professional experience with Mr. Sullivan as "completely professional" and considers him a man of "perfect integrity."

Defendant submits the attached letters of reference to the Court as they very accurately depict a person much different than what the evidence at trial portrayed. John Sullivan had led an admirable and a caring life in which he displayed a sense of responsibility, a commitment to his family, friends and community and an individual who tried to enhance the lives of those around him.

Defendant urges the Court not to judge him solely on what he has been convicted of. Rather, the Court is urged to consider the whole man, the man who has such enormous support from those who have known him during his life and to consider that he has a tremendous amount of skills that will be used in a productive manner to benefit those around him.

**IV. Defendant's experience at the D.C. Jail since sentencing**

John Sullivan has had an awful experience while in custody at the D.C. Jail since the date of his convictions. He has not been eligible for the January 6 unit at CTF because placement on that unit would be a threat to his physical safety. He is considered to be politically opposed to other January 6

defendants and the D.C. Jail made a decision to have him segregated from other January 6 defendants. Mr. Sullivan has been held in protective custody and in virtual isolation throughout the duration of his incarceration.

Undersigned counsel meets with defendant regularly at the D.C. Jail and has seen a dramatic decrease in his mental stability and his overall physical presence. Counsel has repeatedly spoken with the D.C. Jail's legal counsel regarding defendant's status but has been told there is nothing that can be done to remove his protective custody housing status due to concern for his physical safety.

Defendant respectfully urges the Court to take into consideration the miserable experience that defendant has already suffered in fashioning an appropriate sentence.

### V. Pending case in U.S. Supreme Court

Defendant notes that *Fischer v. United States* was argued before the United States Supreme Court on April 16, 2024. The issue in *Fischer* relates to 18 U.S.C. Section 1512 (c). which is the most serious count defendant was convicted of. The ruling in *Fischer* can directly impact defendant's conviction for violation 18 U.S.C. Section 1512 (c).

### VI. 18 U.S.C. Factors

John Sullivan appears before this Court with no prior criminal record. By all accounts, he has been a faithful son and productive member of his community. Those who know him from Church, from social interactions, and from his supportive family all enthusiastically commend him as a decent, honest man of integrity, good faith and devotion to those in his world.

John Sullivan's conduct on January 6, 2021, was clearly a deviation from the person that is reflected in his background. His conduct on that day is not reflective of the totality of the kind, decent and generous man that he is.

He has in the past respected the law and he has been seriously punished for his convicted crimes as evidenced by his profound and traumatizing experience in lock down for an extended period of time at the D.C. Jail. His experiences will certainly dissuade any future behaviors that might require protection for the public.

The final presentence report places defendant at an adjusted offense level of 21 and criminal history category of 1. Therefore, his guideline sentencing range is calculated to be 37 to 46 months of imprisonment.

Defendant received a two-point adjustment for obstruction of justice. Defendant submits this adjustment is not applicable. According to Sentencing Guideline Commentary, Application Note 1, "This adjustment

applies if defendant's obstructive conduct (A) occurred with respect to the investigation, prosecution or sentencing of the defendant's instant offense of conviction…."

Defendant notes that the record in this case is absolutely clear that he was completely cooperative with law enforcement during the investigation of this matter. He voluntarily provided law enforcement with a lengthy and inculpatory statement and voluntarily provided law enforcement with the videotapes that were the foundations for his convictions.

Defendant submits that his sentencing guideline range should be 19, category1, with a guideline range of 30-37 months of incarceration.

## CONCLUSION

For the reasons set forth herein, defendant respectfully requests a sentence at the low end of the guideline range at 30 months with credit for time served. Defendant additionally seeks confinement at a low security facility that is close to the State of Utah. The State of Utah does not have a penal institution run by the United States Bureau of Prisons.

Respectfully submitted,

_____/s/_____
Steven R. Kiersh#323329
5335 Wisconsin Avenue, N.W, Suite 440
Washington, D.C. 20015
(202) 347-0200

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing was served upon all counsel of record, VIA the Court's electronic filing system, on this the 19th day of April, 2024.

_____/s/_____
Steven R. Kiersh