UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.                                           21-78 (RCL)

JOHN SULLIVAN

## MOTION FOR RELEASE PENDING APPEAL

Defendant, John Sullivan, by and through undersigned counsel, does hereby respectfully request that he be released from incarceration pending appeal. In support thereof, defendant sets forth as follows:

1. Defendant is scheduled to be sentenced on April 26, 2024 before this Court following a trial by jury for, *inter alia*, a violation of 18 U.S.C. Section 1512 (c) and other lesser charges.

2. Defendant notes that this case represents his only criminal conviction. He has a verified address in the State of Utah with his parents. His father is a retired career military officer, and his mother is a homemaker. Defendant's parents will be at his sentencing to address any questions the Court may have concerning his housing status. Defendant

has submitted numerous letters of personal reference from family members and friends attesting to his good character.

3. Defendant was successful while on personal recognizance pending trial. There is nothing in his background to in any manner suggest he is a risk of flight. Appropriate restrictions can be placed on his computer access in the event that he is released pending appeal.

4. The legal standard for release pending appeal clearly should be construed in defendant's favor. 18 U.S.C. Section 3143 (b)(1) reads in relevant part as follows:

> The judicial officer shall order that a person who has been found guilt of an offense…be detained, unless the Judicial officer finds----
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety to any other person or the community if released...and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
> (i) reversal;
>
> (ii) an order for a new trial;
>
> (iii) a sentence that does not include a term of imprisonment less than the total pf the time already served plus the expected duration of the appeal process.

*Fischer v. United States*, Docket Number 23-5572, a case arising out of the events of January 6, 2021, was argued before the United States Supreme Court on April 16, 2024. The issue in *Fischer* relates to whether 18 U.S.C. Section 1512 (c) and the felony charge of obstructing an official proceeding was properly used against defendants charged in regard to the events of January 6, 2021 at the United States Capitol.

The issue in *Fischer* absolutely is present in this matter. Defendant raised a challenge to 18 U.S.C. Section 1512 (c) in pretrial proceedings before this Court. The issue was denied by this Court, and it will be part of defendant's appeal of his convictions.

Obviously, no one knows how the Supreme Court will rule in *Fischer.* However, what is definitely known is that the United States Supreme Court granted a Petition for Writ of Certiorari related to 18 U.S.C. Section 1512(c) in the precise context raised by defendant in this matter. The United States Supreme Court heard oral argument regarding the issue and resolution of the issue is forthcoming. Therefore, it is beyond question that the United States Supreme Court considers the 1512 (c) issue to be a substantial question of law that needs to be resolved.

In order to meet the standard of a substantial question of law, a defendant "need not show a likelihood success on appeal." *United States v.*

*Garcia*, 340 F.3d 1013, 1020 n.5 (9th Cir. 2003). Rather, he need only show that his appeal presents a "close question or one that very well could be decided the other way." *United States v. Steinhorn,* 927 F.2d 195,196 (4th Cir. 1991), quoting *United States v. Giancola*, 754 F. 2d 898, 90 (11th Cir. 1985).

In *United States v. Quinn*, Judge Bates wrote that, "With respect to the further requirement of 18 U.S.C. Section 3143 (b)(1)(B) that the substantial question be likely to result in---reversal [or] an order for a new trial, ***it is clear that this requirement precludes release pending appeal only where the alleged error might be deemed harmless or unprejudicial***." 416 F. Supp.2d 133,136 (D.D.C. 2006), internal questions and citations omitted, emphasis supplied.

In describing a "substantial question" in a different context the Supreme Courft has stated:

> In requiring questions of some substance…obviously
> the petitioner need not show that he should prevail
> on the merits. He has already failed in that endeavor.
> Rather, he must demonstrate that the issues are debatable
> among jurists of reason, that a court could resolve the
> issues in a different manner; or that the questions are ade-
> quate to deserve encouragement to proceed further.

*Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983), internal questions and citations omitted.

In *United States v. Ring*, a case arising out of the Jack Abramoff indictment, the district court granted release pending appeal because it recognized the case raised novel and difficult questions about federal statutes. The district agreed that, even though it believed the defendant's convictions were sound, the "challenging and novel questions of law…" raised substantial issues that justified release pending appeal. ORDER, *United States v. Ring*, No. 08-CR-274 (D.D.C. Oct. 26, 2010) Docket 297.

The "substantial question" standard does not require the district court to find that it committed reversible error. See. *United States v. Pollard*, 778 F.2d 1177, 1181-82 (6th Cir. 1985), Rather, as the United States Court of Appeals for the District of Columbia Circuit has made clear, Section 3143 (b) simply requires the district court to find a single one of defendant's issues on appeal presents a "close question or one that very well could be decided the other way." *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987).

John Sullivan has raised a substantial issue of law related to 18 U.S.C. Section 1512 (c). The United States Supreme Court has agreed and a decision on the issue is pending before the Supreme Court. Mr. Sullivan is a first-time offender and the decision from the Supreme Court may very well affect and alter significant sentencing considerations before this Court.

The 1512 (c) count is the most serious count before this Court and defendant has to date served in excess of 5 months of incarceration under very difficult circumstances.

 WHEREFORE, the foregoing considered, defendant prays this Honorable Court for release pending appeal.

        Respectfully submitted,

        _____/s/_____

        Steven R. Kiersh#323329
        5335 Wisconsin Avenue, N.W.
        Suite 440
        Washington, D.C. 20015
        (202) 347-0200

## CERTIFICATE OF SERVICE

 I HEREBY CERTIFY that a true and accurate copy of the foregoing was served, via the Court's electronic filing system, upon all counsel of record on this the 21st day of April 2024.

        _____/s/_____
        Steven R. Kiersh