UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 21-cr-78 (RCL) |
| v. | : | |
| | : | |
| JOHN EARLE SULLIVAN, | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' MOTION TO HOLD DEFENDANT'S 28 U.S.C. § 2255 MOTION IN ABEYANCE PENDING DIRECT APPEAL**

John Sullivan has appealed the Court's judgment sentencing him on his convictions at trial of violating 18 U.S.C. § 1512(c)(2) and six other statutes. *United States v. Sullivan,* 24-3051 (D.C. Cir.). Months before his merits brief is due in the D.C. Circuit, Sullivan comes to this Court to ask it to immediately adjudicate a § 2255 motion challenging his § 1512(c)(2) conviction based on the Supreme Court's ruling *Fischer v. United States*. 144 S. Ct. 2176 (2024).[1]

The Court should stay resolution of the defendant's § 2255 motion and hold it in abeyance pending resolution of the appeal in the D.C. Circuit. Allowing the defendant to litigate the same issues in both forums wastes judicial resources and disrupts the orderly administration of criminal law.

The D.C. Circuit has long recognized that, although there is "no jurisdictional bar to the District Court's entertaining a Section 2255 motion during the pendency of a direct appeal[,] … the orderly administration of criminal law precludes considering such a motion absent extraordinary circumstances." *Womack v. United States*, 395 F.2d 630, 631 (D.C. Cir. 1968) (per curiam) (footnotes omitted). *See* Rules Governing § 2255 Proceedings, Rule 5, advisory committee

---

[1] Sullivan initially filed his motion as a separate civil action. *Sullivan v. United States*, 24-cv-02320-RCL (D.D.C).

note (noting that "courts have held that [a § 2255] motion is inappropriate if the movant is simultaneously appealing the decision" and citing *Womack*, 395 F.2d at 631). *Compare United States v. Prows*, 448 F.3d 1223, 1228–29 (10th Cir. 2006) (permitting a government appeal of the defendant's sentence and a defendant's § 2255 motion alleging ineffective assistance of trial counsel to proceed simultaneously because they raised "completely different and non-overlapping issue[s]").

Concerns with judicial economy underlie this general limitation on permitting a party to litigate in two forums at once. Resolution of the issue on "direct appeal may render the collateral attack unnecessary." *Womack*, 395 F.2d at 631. And limiting litigation of the issue to a single forum avoids the risk of the appellate ruling either mooting or being inconsistent with the district court's order. *See United States v. Outen*, 286 F.3d 622, 632 (2d Cir. 2002) ("Any concern over such a practice [of proceeding on direct appeal and § 2255 simultaneously] is one of judicial economy and the concern that the results on direct appeal may make the district court's efforts on the § 2255 motion a nullity"); *United States v. Taylor*, 648 F.2d 565, 572 (9th Cir. 1981) (the filing of a direct appeal "severely restricts the filing of a collateral claim with the District Court[] to avoid any anomaly associated with the simultaneous consideration of the same case by two courts").

Here, the defendant's § 2255 motion attacks his § 1512(c)(2) conviction, which he is free—and likely—to appeal. ECF No. 159 at 2. Because resolution of the appeal will likely directly implicate issues contained in the § 2255 motion, this Court should exercise its discretion to stay the § 2255 motion. *See e.g.*, *Prows*, 448 F.3d at 1229 (recognizing that a district court has discretion to stay the § 2255 motion pending appeal where the issues overlap). Nothing in the defendant's § 2255 motion establishes extraordinary circumstances that would warrant permitting him to litigate the same issue(s) simultaneously in two forums. Nor is there anything to suggest

2

that a stay of the § 2255 motion during the pendency of the appeal would result in unfairness. *Cf. United States v. Tindle*, 522 F.2d 689, 693 n. 10 (D.C. Cir. 1975) (per curiam) (noting that the "extraordinary circumstances" requirement is not immutable and "should not be uncompromisingly applied to effect an unfair result").

Sullivan was also convicted of four other felonies and two misdemeanors in this case. Bail pending appeal (or pending adjudication of a habeas claim) is already available as a remedy to address concerns about a defendant's ongoing incarceration while a challenge to a conviction is pending. While Sullivan loosely styles his motion as a "Motion For Release From Custody, To Vacate The 18 U.S.C. 1512 Conviction And For A New Sentencing Hearing," he relies exclusively on Section 2555 and not the Bail Reform Act. ECF No. 159 at 3 ("In support of his Motion for Immediate Release from Custody, defendant relies upon 28 U.S.C. Section 2255 (a). . .").[2] This case is unlike *Tindle,* where the Circuit permitted consideration of a § 2255 motion based on ineffective assistance of counsel because the *Womack*'s general rule against simultaneous proceedings conflicted with other Circuit precedent providing that ineffective assistance of counsel claims should be raised in district court even if a direct appeal is pending. 522 F.2d at 689. Here, the § 2255 motion is not based on ineffective assistance of counsel; it is a straight claim as to the merits of the defendant's conviction after *Fischer*. There are no extraordinary circumstances here.

Accordingly, this Court should stay the defendant's § 2255 motion and hold it in abeyance pending resolution of his direct appeal.

---

[2] The Government would in any event likely oppose a motion for release properly pleaded under the Bail Reform Act, not least because his appeal is not likely to result in "reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B) (cleaned up). For context, Sullivan has served just over 9 months of the 72 months of incarceration that this Court imposed on his 7 counts of conviction, and this Court already denied a motion for release under 18 U.S.C. § 3143 at sentencing. Minute Entry dated 4/26/24.

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        D.C. Bar No. 481052

By: _____

        MICHAEL L. BARCLAY
        Assistant United States Attorney
        N.Y. Bar Reg. No. 5441423
        U.S. Attorney's Office for the District of Columbia
        601 D Street, NW Washington, D.C. 20001
        Michael.Barclay@usdoj.gov
        (202) 252-7669

        REBEKAH E. LEDERER
        Assistant United States Attorney
        Bar No. PA 320922
        601 D Street, N.W.
        Washington, D.C. 20001
        Rebekah.Lederer@usdoj.gov
        (202) 252-7012