UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No. 21-cr-78-RCL |
| JOHN EARLE SULLIVAN, | |
| *Defendant*. | |

## MEMORANDUM ORDER

On November 17, 2023, a jury convicted John Earle Sullivan on seven counts, five of which are felonies, related to his participation in the Capitol riots of January 6, 2021. *See* Verdict Form, ECF No. 126; Superseding Indictment, ECF No. 26. On April 26, 2023, this Court sentenced Mr. Sullivan to seventy-two months of incarceration. *See* Judgment 1–3, ECF No. 153. On May 5, 2024, Mr. Sullivan appealed his conviction. Notice of Appeal, ECF No. 156. That appeal is now pending before the United States Court of Appeals for the D.C. Circuit. During the pendency of Mr. Sullivan's appeal, in *Fischer v. United States*, 144 S. Ct. 2176 (2024), the Supreme Court articulated a narrow interpretation of 18 U.S.C. § 1512(c), one of the felony statutes under which Mr. Sullivan was convicted and sentenced.

In light of the *Fischer* decision, and pursuant to 28 U.S.C. § 2255(a), Mr. Sullivan now asks this Court to release him from custody, vacate his conviction under Section 1512, and resentence him accordingly. *See* Mot. to Vacate Under 28 U.S.C. 2255, ECF No. 159. The Government has moved to hold Mr. Sullivan's motion in abeyance pending the outcome of his direct appeal. *See* Mot. to Hold in Abeyance, ECF No. 161. Because Mr. Sullivan has the opportunity to dispute his Section 1512 conviction and sentence during his still-pending direct appeal, and because Mr. Sullivan has shown no compelling reason to entertain a collateral attack

1

on his sentence during the pendency of this appeal, his Motion is **DENIED**.  The Government's

Motion, in turn, will be **DENIED AS MOOT**.

Although "there is no jurisdictional bar to [a] District Court[] entertaining a Section 2255

motion during the pendency of a direct appeal . . . the orderly administration of criminal law

precludes considering such a motion absent extraordinary circumstances." *United States v. Simms*,

No. 06-cr-268-RJL, 2009 WL 3514826, at *1 (D.D.C. Oct. 29, 2009) (quoting *Womack v. United*

*States*, 395 F.2d 630, 631 (D.C. Cir. 1968).  This rule embodies the intuition that judicial economy

and finality counsel strongly against simultaneously litigating the same issues in both the trial and

appellate forum.  *Id.* ("[D]etermination of the direct appeal may render collateral attack

unnecessary.") (quoting *Womack*, 395 F.3d at 631).  It also encourages adherence to the basic

structural design of our judicial system, in which appeal is the norm and collateral attack the

exception.  *Id.* (describing a Section 2255 motion as "an extraordinary remedy and not a substitute

for a direct appeal") (quoting *Womack*, 395 F.2d at 631); *see also Bousley v. United States*, 523

U.S. 614, 621 (1998) (noting, in the context of a Section 2255 motion, that "[h]abeas review is an

extraordinary remedy and 'will not be allowed to do service for an appeal'") (quoting *Reed v.*

*Farley*, 512 U.S. 339, 354 (1994)) (internal quotations omitted).

Mr. Sullivan makes no attempt to argue that his circumstances are extraordinary in any

sense of the word.  His Motion merely recites the facts of his conviction and the outcome of

*Fischer*.  *See generally* Mot. to Vacate Under 28 U.S.C. 2255.  He does not contend that his

pending appeal is an inadequate vehicle with which to argue the invalidity of his Section 1512

conviction.  Indeed, his brief in that appeal is not due until December 9, 2024, affording Mr.

Sullivan ample opportunity to argue that point if he was not already planning to do so.  *See*

Scheduling Order, *United States v. Sullivan*, No. 24-3051 (D.C. Cir. Oct. 7, 2024).  To the extent

that Mr. Sullivan believes he should be released from custody while awaiting determination of his appeal, his Motion for Release Pending Appeal, currently pending before the Court of Appeals, is sufficient to address that concern. *See* Mot. for Release Pending Appeal, *United States v. Sullivan*, No. 24-3051 (D.C. Cir. Oct. 20, 2024). Finally, it bears repeating that Mr. Sullivan is serving concurrent sentences on other felony counts that are not evidently implicated by the *Fischer* decision. Accordingly, it is not at all clear—and Mr. Sullivan has not endeavored to show—that Mr. Sullivan would receive any practical benefit, at least in the near term, if the Court were to grant his Motion and resentence him only on his other counts of conviction. Given that Mr. Sullivan has made no effort to demonstrate any substantial personal stake in the outcome of his Motion, the Court has no basis to conclude that his circumstances are so "extraordinary" as to warrant consideration of his Section 2255 collateral attack.

Therefore, upon consideration of the defendant's Motion [159] to Vacate Under 28 U.S.C. 2255, the Government's Motion [161] to Hold in Abeyance, and the entire record herein, it is hereby

ORDERED that the defendant's Motion is **DENIED**; and it is further

ORDERED that the Government's Motion is **DENIED AS MOOT**.

Date: October 23, 2024

Royce C. Lamberth
United States District Judge