UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.                                        21-cr-78(RCL)

JOHN SULLIVAN

**MOTION FOR RETURN OF ALL ASSETS SEIZED DURING ARREST**

Defendant, by and through undersigned counsel, does hereby seek an Order from this Court requiring the United States to return to defendant all monies taken from defendant as part of his arrest in this matter for activities related to January 6, 2021. In support thereof, defendant respectfully forth as follows:

1. Defendant was arrested in early 2021 and charged with involvement in the events of January 6, 2021 at the United States Capitol.

2. On ar About April 29, 2021 defendant learned that his personal assets were seized by the United States from his bank account in Utah. The funds were seized pursuant to a sealed warrant issued by a United

States Magistrate. The assets have remained in the custody of the United States since being seized.

3. On February 27, 2025, this Court dismissed this case as being moot.

4. The United States has returned to defendant his personal property that was seized upon his arrest. However, the money in his bank account has not been returned.

5. During the pendency of these proceedings, defendant repeatedly requested release of his assets seized from his bank account. The United States opposed the release of funds on grounds that there was a forfeiture allegation in the indictment. In addition, the government relied upon 18 U.S.C. Section 981(a)(1)(C) which allows for forfeiture of funds seized which are traceable to specified unlawful activity.

6. This case is dismissed and the forfeiture count is part of the dismissal. There are no further proceedings in this case and there has not been an adjudication that defendant's monetary assets are traceable to unlawful activity.

7. There exists no legitimate or lawful ground for the United States not to immediately return all monies that were obtained from defendant's financial institutions.

8. Due process mandates the return of defendant's financial assets that were seized as a product of a case that has been dismissed. "Our cases show that even the temporary or partial impairments to property rights that attachments, liens, and similar encumbrances entail are sufficient to merit due process protection." *Connecticut v. Doehr*, 501 U.S. 1, 12 (1991).

WHEREFORE, the foregoing considered, defendant prays this Honorable Court for an Order directing the United States to immediately return all monies seized from defendant's bank accounts as a consequence of his arrest in this matter.

Respectfully submitted,

.                               _____/s/_____
Steven R. Kiersh#323329
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015
(202) 997-1125

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and accurate copy of the foregoing was served upon all counsel of record, via the Court's electronic filing system, on this 15th day of March, 2025.

                                                  _____/s/_____
                                                  Steven R. Kiersh