APPEAL,CAP,CAT B,CLOSED

# U.S. District Court
## District of Columbia (Washington, DC)
## CRIMINAL DOCKET FOR CASE #: 1:21–cr–00078–RCL–1

Case title: USA v. SULLIVAN

Related  Case:  1:24–cv–02320–RCL
Magistrate judge case number:  1:21–mj–00050–RMM

Date Filed: 02/03/2021

---

Assigned to: Judge Royce C.
Lamberth

Appeals court case number:
24–3051

**Defendant (1)**

| | | |
|---|---|---|
| **JOHN EARLE SULLIVAN** | represented by | **Steven Roy Kiersh** |
| | | LAW OFFICE OF STEVEN R. KIERSH |
| | | 5335 Wisconsin Avenue, NW |
| | | Suite 440 |
| | | Washington, DC 20015 |
| | | (202) 347–0200 |
| | | Fax: (202) 248–6795 |
| | | Email: skiersh@aol.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: CJA Appointment* |

| **Pending Counts** | **Disposition** |
|---|---|
| 18 U.S.C. 1512(c)(2) and 2; TAMPERING WITH A WITNESS, VICTIM OR INFORMANT; Obstruction of an Official Proceeding and Aiding and Abetting (1) | |
| 18:1512(c)(2) and 2; TAMPERING WITH A WITNESS, VICTIM OR INFORMANT; Obstruction of an Official Proceeding and Aiding and Abetting (1s) | |
| 18:1512(c)(2) and 2; TAMPERING WITH A WITNESS, VICTIM OR | DISMISSED AS MOOT on 3/4/2025. ORIGINAL SENTENCE: Defendant is hereby |

INFORMANT; Obstruction of an
Official Proceeding and Aiding and
Abetting
(1ss)

committed to the custody of the Bureau of Prisons
for a term of Seventy–Two (72) months on
Counts 1ss, 3ss and 4ss, a term of Sixty (60)
months on Counts 2ss and 5ss, and a term of Six
(6) months on Counts 6ss and 7ss, with all such
terms to run concurrently. The Defendant is
further sentenced to serve a Twenty–Four (24)
month term of supervised release as to each of
Counts 1ss, 2ss, 3ss, 4ss and 5ss, with all such
terms to run concurrently. In addition, the
Defendant is ordered to pay restitution in the
amount of $2, 000 and a special assessment of
$100 for each of Counts 1ss, 2ss, 3ss, 4ss and 5ss
and $10 for each of Counts 6ss and 7ss, for a total
of $520.

18 U.S.C. 231(a)(3) and 2; CIVIL
DISORDER; Civil Disorder and
Aiding and Abetting
(2)

18:231(a)(3) and 2; CIVIL
DISORDER; Civil Disorder and
Aiding and Abetting
(2s)

18:231(a)(3) and 2; CIVIL
DISORDER; Civil Disorder and
Aiding and Abetting
(2ss)

DISMISSED AS MOOT on 3/4/2025.
ORIGINAL SENTENCE: Defendant is hereby
committed to the custody of the Bureau of Prisons
for a term of Seventy–Two (72) months on
Counts 1ss, 3ss and 4ss, a term of Sixty (60)
months on Counts 2ss and 5ss, and a term of Six
(6) months on Counts 6ss and 7ss, with all such
terms to run concurrently. The Defendant is
further sentenced to serve a Twenty–Four (24)
month term of supervised release as to each of
Counts 1ss, 2ss, 3ss, 4ss and 5ss, with all such
terms to run concurrently. In addition, the
Defendant is ordered to pay restitution in the
amount of $2, 000 and a special assessment of
$100 for each of Counts 1ss, 2ss, 3ss, 4ss and 5ss
and $10 for each of Counts 6ss and 7ss, for a total
of $520.

18 U.S.C. 1752(a)(1);
TEMPORARY RESIDENCE OF
THE PRESIDENT; Entering and
Remaining in a Restricted Building
or Grounds
(3)

18:1752(a)(1) and 1752(b)(1)(A);
TEMPORARY RESIDENCE OF
THE PRESIDENT; Entering and
Remaining in a Restricted Building

or Grounds with a Dangerous
Weapon
(3s)

18:1752(a)(1) and 1752(b)(1)(A);
TEMPORARY RESIDENCE OF
THE PRESIDENT; Entering and
Remaining in a Restricted Building
or Grounds with a Dangerous
Weapon
(3ss)

DISMISSED AS MOOT on 3/4/2025.
ORIGINAL SENTENCE: Defendant is hereby
committed to the custody of the Bureau of Prisons
for a term of Seventy–Two (72) months on
Counts 1ss, 3ss and 4ss, a term of Sixty (60)
months on Counts 2ss and 5ss, and a term of Six
(6) months on Counts 6ss and 7ss, with all such
terms to run concurrently. The Defendant is
further sentenced to serve a Twenty–Four (24)
month term of supervised release as to each of
Counts 1ss, 2ss, 3ss, 4ss and 5ss, with all such
terms to run concurrently. In addition, the
Defendant is ordered to pay restitution in the
amount of $2, 000 and a special assessment of
$100 for each of Counts 1ss, 2ss, 3ss, 4ss and 5ss
and $10 for each of Counts 6ss and 7ss, for a total
of $520.

18 U.S.C. 1752(a)(2);
TEMPORARY RESIDENCE OF
THE PRESIDENT; Disorderly and
Disruptive Conduct in a Restricted
Building or Grounds
(4)

18:1752(a)(2) and 1752(b)(1)(A);
TEMPORARY RESIDENCE OF
THE PRESIDENT; Disorderly and
Disruptive Conduct in a Restricted
Building or Grounds with a
Dangerous Weapon
(4s)

18:1752(a)(2) and 1752(b)(1)(A);
TEMPORARY RESIDENCE OF
THE PRESIDENT; Disorderly and
Disruptive Conduct in a Restricted
Building or Grounds with a
Dangerous Weapon
(4ss)

DISMISSED AS MOOT on 3/4/2025.
ORIGINAL SENTENCE: Defendant is hereby
committed to the custody of the Bureau of Prisons
for a term of Seventy–Two (72) months on
Counts 1ss, 3ss and 4ss, a term of Sixty (60)
months on Counts 2ss and 5ss, and a term of Six
(6) months on Counts 6ss and 7ss, with all such
terms to run concurrently. The Defendant is
further sentenced to serve a Twenty–Four (24)
month term of supervised release as to each of
Counts 1ss, 2ss, 3ss, 4ss and 5ss, with all such
terms to run concurrently. In addition, the
Defendant is ordered to pay restitution in the
amount of $2, 000 and a special assessment of
$100 for each of Counts 1ss, 2ss, 3ss, 4ss and 5ss
and $10 for each of Counts 6ss and 7ss, for a total
of $520.

40 U.S.C. 5104(e)(2)(D);
FEDERAL STATUTES, OTHER;
Disorderly Conduct in a Capitol
Building
(5)

40:5104(e)(1)(A)(i); VIOLENT
ENTRY AND DISORDERLY
CONDUCT ON CAPITOL
GROUNDS; Unlawful Possession
of a Dangerous Weapon on Capitol
Grounds or Buildings
(5s)

40:5104(e)(1)(A)(i); VIOLENT
ENTRY AND DISORDERLY
CONDUCT ON CAPITOL
GROUNDS; Unlawful Possession
of a Dangerous Weapon on Capitol
Grounds or Building
(5ss)

DISMISSED AS MOOT on 3/4/2025.
ORIGINAL SENTENCE: Defendant is hereby
committed to the custody of the Bureau of Prisons
for a term of Seventy–Two (72) months on
Counts 1ss, 3ss and 4ss, a term of Sixty (60)
months on Counts 2ss and 5ss, and a term of Six
(6) months on Counts 6ss and 7ss, with all such
terms to run concurrently. The Defendant is
further sentenced to serve a Twenty–Four (24)
month term of supervised release as to each of
Counts 1ss, 2ss, 3ss, 4ss and 5ss, with all such
terms to run concurrently. In addition, the
Defendant is ordered to pay restitution in the
amount of $2, 000 and a special assessment of
$100 for each of Counts 1ss, 2ss, 3ss, 4ss and 5ss
and $10 for each of Counts 6ss and 7ss, for a total
of $520.

40 U.S.C. 5104(e)(2)(G);
FEDERAL STATUTES, OTHER;
Parading, Demonstrating, or
Picketing in a Capitol Building
(6)

40:5104(e)(2)(D); VIOLENT
ENTRY AND DISORDERLY
CONDUCT ON CAPITOL
GROUNDS; Disorderly Conduct in
a Capitol Building
(6s)

40:5104(e)(2)(D); VIOLENT
ENTRY AND DISORDERLY
CONDUCT ON CAPITOL
GROUNDS; Disorderly Conduct in
a Capitol Building
(6ss)

DISMISSED AS MOOT on 3/4/2025.
ORIGINAL SENTENCE: Defendant is hereby
committed to the custody of the Bureau of Prisons
for a term of Seventy–Two (72) months on
Counts 1ss, 3ss and 4ss, a term of Sixty (60)
months on Counts 2ss and 5ss, and a term of Six
(6) months on Counts 6ss and 7ss, with all such
terms to run concurrently. The Defendant is
further sentenced to serve a Twenty–Four (24)
month term of supervised release as to each of

|  |  |
|---|---|
|  | Counts 1ss, 2ss, 3ss, 4ss and 5ss, with all such terms to run concurrently. In addition, the Defendant is ordered to pay restitution in the amount of $2, 000 and a special assessment of $100 for each of Counts 1ss, 2ss, 3ss, 4ss and 5ss and $10 for each of Counts 6ss and 7ss, for a total of $520. |
| 40:5104(e)(2)(G); VIOLENT ENTRY AND DISORDERLY CONDUCT ON CAPITOL GROUNDS; Parading, Demonstrating, or Picketing in a Capitol Building (7s) |  |
| 40:5104(e)(2)(G); VIOLENT ENTRY AND DISORDERLY CONDUCT ON CAPITOL GROUNDS; Parading, Demonstrating, or Picketing in a Capitol Building (7ss) | DISMISSED AS MOOT on 3/4/2025. ORIGINAL SENTENCE: Defendant is hereby committed to the custody of the Bureau of Prisons for a term of Seventy–Two (72) months on Counts 1ss, 3ss and 4ss, a term of Sixty (60) months on Counts 2ss and 5ss, and a term of Six (6) months on Counts 6ss and 7ss, with all such terms to run concurrently. The Defendant is further sentenced to serve a Twenty–Four (24) month term of supervised release as to each of Counts 1ss, 2ss, 3ss, 4ss and 5ss, with all such terms to run concurrently. In addition, the Defendant is ordered to pay restitution in the amount of $2, 000 and a special assessment of $100 for each of Counts 1ss, 2ss, 3ss, 4ss and 5ss and $10 for each of Counts 6ss and 7ss, for a total of $520. |
| 18:1001(a)(2); STATEMENTS OR ENTRIES GENERALLY; False Statement or Representation Made to an Agency of the Unites States (8s) |  |
| 18:1001(a)(2); STATEMENTS OR ENTRIES GENERALLY; False Statement or Representation Made to an Agency of the United States (8ss) | DISMISSED ON GOVERNMENT'S MOTION. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None |  |

**Highest Offense Level
(Terminated)**

None

**Complaints**                                    **Disposition**

COMPLAINT in VIOLATION of
18 U.S.C. § 1752(a), 40 U.S.C. §
5104(e)(2) and 18 U.S.C. §§
231(a)(3) and 2

---

**Plaintiff**

**USA**                        represented by  **Jennifer Leigh Blackwell**
                                               US ATTORNEY GENERAL'S
                                               OFFICE/DC
                                               555 4th Street, N.W.
                                               Washington, DC 20530
                                               (202) 803–1590
                                               Email: jennifer.blackwell3@usdoj.gov
                                               *LEAD ATTORNEY*
                                               *ATTORNEY TO BE NOTICED*

                                               **Michael Lawrence Barclay**
                                               USAO
                                               601 D Street NW
                                               Washington, DC 20530
                                               202–252–7669
                                               Email: michael.barclay@usdoj.gov
                                               *LEAD ATTORNEY*
                                               *ATTORNEY TO BE NOTICED*
                                               *Designation: Assistant U.S. Attorney*

                                               **Rebekah Lederer**
                                               USAO
                                               Criminal
                                               601 D Street NW
                                               Washington, DC 20001
                                               202–252–7012
                                               Email: rebekah.lederer@usdoj.gov
                                               *LEAD ATTORNEY*
                                               *ATTORNEY TO BE NOTICED*
                                               *Designation: Assistant U.S. Attorney*

                                               **Candice Chiu Wong**
                                               U.S. ATTORNEY'S OFFICE FOR THE
                                               DISTRICT OF COLUMBIA
                                               555 Fourth Street, NW
                                               Washington, DC 20530
                                               (202) 252–7849

Email: candice.wong@usdoj.gov
*TERMINATED: 04/05/2022*
*Designation: Assistant U.S. Attorney*

**Joseph Hong Huynh**
DOJ–USAO
405 E. 8th Avenue
Suite 2400
Eugene, OR 97401
(541) 465–6049
Email: joseph.huynh@usdoj.gov
*TERMINATED: 10/19/2023*
*Designation: Assistant U.S. Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/13/2021 | 1 | SEALED COMPLAINT as to JOHN EARLE SULLIVAN (1). (Attachments: # 1 Affidavit in Support) (zltp) [1:21–mj–00050–RMM] (Entered: 01/14/2021) |
| 01/13/2021 | 3 | MOTION to Seal Case by USA as to JOHN EARLE SULLIVAN. (Attachments: # 1 Text of Proposed Order)(zltp) [1:21–mj–00050–RMM] (Entered: 01/14/2021) |
| 01/13/2021 | 4 | ORDER granting 3 Motion to Seal Case as to JOHN EARLE SULLIVAN (1). Signed by Magistrate Judge Robin M. Meriweather on 1/13/2021. (zltp) [1:21–mj–00050–RMM] (Entered: 01/14/2021) |
| 01/14/2021 | | Case unsealed as to JOHN EARLE SULLIVAN (bb)[1:21–mj–00050–RMM] Modified on 3/11/2021 (kk). Modified on 3/25/2021 (zkk). (Entered: 01/21/2021) |
| 01/14/2021 | | Arrest of Defendant JOHN EARLE SULLIVAN in Utah. (kk) Modified on 3/25/2021 (kk). (Entered: 03/11/2021) |
| 01/14/2021 | | Arrest of JOHN EARLE SULLIVAN in US District Court District of Utah. (bb) (Entered: 03/25/2021) |
| 02/01/2021 | 5 | NOTICE OF SUBSTITUTION OF COUNSEL as to USA. Attorney Wong, Candice Chiu added. Substituting for attorney Amanda Vaughn (Wong, Candice) [1:21–mj–00050–RMM] (Entered: 02/01/2021) |
| 02/02/2021 | 19 | Rule 5(c)(3) Documents Received as to JOHN EARLE SULLIVAN from US District Court District of Utah Case Number 2:21–mj–14–DAO (bb) (Entered: 03/25/2021) |
| 02/03/2021 | 8 | INDICTMENT as to JOHN EARLE SULLIVAN (1) count(s) 1, 2, 3, 4, 5, 6. (zltp) (Entered: 02/04/2021) |
| 02/04/2021 | 6 | MEMORANDUM in Support of Pretrial Detention by USA as to JOHN EARLE SULLIVAN (Wong, Candice) [1:21–mj–00050–RMM] (Entered: 02/04/2021) |

| 02/04/2021 | 7 | NOTICE OF ATTORNEY APPEARANCE: Steven Roy Kiersh appearing for JOHN EARLE SULLIVAN *Entry of appearance on behalf of John Sullivan* (Kiersh, Steven) [1:21–mj–00050–RMM] (Entered: 02/04/2021) |
|---|---|---|
| 02/04/2021 | 17 | Arrest Warrant, dated 1/13/2021, returned executed in the U.S. District Court for the District of Columbia on 2/4/2021 as to Defendant JOHN EARLE SULLIVAN. (kk) (bb). (Entered: 03/11/2021) |
| 02/04/2021 | | ORAL MOTION by Defendant JOHN EARLE SULLIVAN to Appoint Counsel. (kk) (Entered: 03/11/2021) |
| 02/04/2021 | | ORAL MOTION by USA for Temporary Detention (3–day hold request) of Defendant JOHN EARLE SULLIVAN. (kk) (Entered: 03/11/2021) |
| 02/04/2021 | | ORAL MOTION by USA to Toll Time for One Day, Until 2/5/2021, Under the Speedy Trial Act as to JOHN EARLE SULLIVAN. (kk) (Entered: 03/11/2021) |
| 02/04/2021 | | Minute Entry for Initial Appearance and Arraignment as to JOHN EARLE SULLIVAN held by video before Magistrate Judge Robin M. Meriweather on 2/4/2021 : The Court advised the Government of its due process obligations under Rule 5(f). The defendant agreed to appear by video. Oral Motion by Defendant to Appoint Counsel, heard and granted. Criminal Justice Act Panel attorney Steven Kiersh appointed to represent JOHN EARLE SULLIVAN. Plea of Not Guilty entered by JOHN EARLE SULLIVAN to Counts 1, 2, 3, 4, 5 and 6. Oral Motion by USA for Temporary Detention (3–day hold request) of Defendant, heard and granted. Detention Hearing set for 2/5/2021 at 3:30 pm by telephonic/VTC before Magistrate Judge Robin M. Meriweather. Oral Motion by USA to Toll Time for One Day, Until 2/5/2021, Under the Speedy Trial Act, heard and granted in the interest of justice. Bond Status of Defendant: Defendant continued on release conditions set in Utah. Court Reporter: FTR Gold – Ctrm. 24A; FTR Time Frames: 1:48:00 – 1:57:08 and 1:57:14 – 2:06:35. Defense Attorney: Steven Kiersh; U.S. Attorney: Candice Wong; Pretrial Officer: Andre Sidbury. (kk) (Entered: 03/11/2021) |
| 02/05/2021 | | ORAL MOTION by USA to Commit Defendant JOHN EARLE SULLIVAN to the Custody of the U.S. Attorney General. (kk) (Entered: 03/11/2021) |
| 02/05/2021 | | Minute Entry for Detention Hearing as to JOHN EARLE SULLIVAN held by video before Magistrate Judge Robin M. Meriweather on 2/5/2021 : Oral Motion by USA to Commit Defendant to the Custody of the U.S. Attorney General. Detention Hearing begun and continued to 2/8/2021 at 3:30 pm by telephonic/VTC before Magistrate Judge Robin M. Meriweather. Bond Status of Defendant: |

| | | |
|---|---|---|
| | | Defendant remains on bond conditions set in Utah. Court Reporter: FTR Gold – Ctrm. 24A; FTR Time Frames: 3:49:50 – 4:53:22 and 5:25:55 – 5:30:25. Defense Attorney: Steven Kiersh; U.S. Attorney: Candice Wong; Pretrial Officer: John Copes; Utah Pretrial Officer: Josh Cahoon. (kk) (Entered: 03/11/2021) |
| 02/08/2021 | | ORAL MOTION by USA to Revoke Defendant's Release Conditions. (kk) (Entered: 03/11/2021) |
| 02/08/2021 | | JOINT ORAL MOTION by USA and Defendant JOHN EARLE SULLIVAN to Toll Time Under the Speedy Trial Act from 2/8/2021 to 2/16/2021. (kk) (Entered: 03/11/2021) |
| 02/08/2021 | | Minute Entry for Continuation of Detention Hearing as to JOHN EARLE SULLIVAN held by video before Magistrate Judge Robin M. Meriweather on 2/8/2021 : The Government's Pending Oral Motion to Commit Defendant to the Custody of the U.S. Attorney General is denied. Hearing to set Defendant's Bond Release Conditions scheduled for 2/16/2021 at 3:30 pm by telephonic/VTC before Magistrate Judge Robin M. Meriweather. Oral Motion by USA to Revoke Defendant's Release Conditions Set in Utah, heard and denied. Joint Oral Motion by USA and Defendant to Toll Time Under the Speedy Trial Act from 2/8/2021 to 2/16/2021, heard and granted in the interest of justice. Status Hearing set before Judge Emmet G. Sullivan on 2/18/2021 at 1:30 pm. Bond Status of Defendant: Defendant remains on release conditions set in Utah. Court Reporter: FTR Gold – Ctrm. 24A; FTR Time Frame: 5:01:20 – 6:17:24. Defense Attorney: Steven Kiersh; U.S. Attorney: Candice Wong; Pretrial Officer: Shay Holman. (kk) (Entered: 03/11/2021) |
| 02/15/2021 | 12 | NOTICE *Notice of filing of initial discovery requests and letter detailing specific discovery requests* by JOHN EARLE SULLIVAN (Attachments: # 1 Notice to Counsel/Party)(Kiersh, Steven) (Entered: 02/15/2021) |
| 02/15/2021 | 13 | MEMORANDUM *Defendant's Memorandum Concerning Limitations on Conditions of Pretrial Release* by JOHN EARLE SULLIVAN (Kiersh, Steven) Modified event title on 2/23/2021 (znmw). (Entered: 02/15/2021) |
| 02/16/2021 | 14 | ENTERED IN ERROR.....MEMORANDUM in Support of Pretrial Detention *Exhibits for previously filed Memorandum Regarding Conditions of Pretrial Release* by JOHN EARLE SULLIVAN (Kiersh, Steven) Modified on 2/21/2021 (zhsj). (Entered: 02/16/2021) |
| 02/16/2021 | 16 | ORDER Setting Conditions of Release as to JOHN EARLE SULLIVAN (1) Personal Recognizance. Signed by Magistrate Judge Robin M. Meriweather on 2/16/2021. (Attachments: # 1 Appendix A) (ztl) (Additional attachment(s) added on 4/22/2021: # 2 Appearance Bond) |

| | | |
|---|---|---|
| | | (zkk). (Entered: 02/19/2021) |
| 02/16/2021 | | NOTICE OF CORRECTED DOCKET ENTRY: as to JOHN EARLE SULLIVAN re 14 Memorandum in Support of Pretrial Detention was entered in error and counsel was instructed to refile said pleading. Document Do Not Conform to Local Rule. (zhsj) (Entered: 02/21/2021) |
| 02/16/2021 | | Minute Entry for Hearing Setting Conditions of Release as to JOHN EARLE SULLIVAN held by video before Magistrate Judge Robin M. Meriweather on 2/16/2021 : Bond Status of Defendant: Defendant placed on Personal Recognizance Bond with courtesy supervision by Utah. Court Reporter: Elizabeth Saint–Loth. Defense Attorney: Steven Kiersh; U.S. Attorney: Candice Wong; Pretrial Officer: Shay Holman; Utah Pretrial Officer: Josh Cahoon. (kk) (Entered: 03/11/2021) |
| 02/18/2021 | 15 | STANDING ORDER as to JOHN EARLE SULLIVAN requiring the government to produce any evidence in its possession that is favorable to the defendant and material to either the defendant's guilt or punishment Signed by Judge Emmet G. Sullivan on 02/18/21. (mac) (Entered: 02/18/2021) |
| 02/18/2021 | | NOTICE OF HEARING as to JOHN EARLE SULLIVAN:Status Conference set for 2/18/2021 at 1:30 PM in Telephonic/VTC before Judge Emmet G. Sullivan. (mac) (Entered: 02/18/2021) |
| 02/18/2021 | | Minute Entry for proceedings held Via VTC before Judge Emmet G. Sullivan:Status Conference as to JOHN EARLE SULLIVAN held on 2/18/2021. Status Conference set for 3/30/2021 at 12:30 PM in Courtroom 24A before Judge Emmet G. Sullivan. Speedy Trial Tolled 2/18/21 – 3/30/21 In The Interest Of Justice (XT).Bond Status of Defendant: PERSONAL RECOGNIZANCE; Court Reporter: LISA BANKINS; Defense Attorney: STEVEN KIERSH; US Attorney: CANDICE WONG; Pretrial Officer: MASHARIA HOLMAN; (mac) (Entered: 02/18/2021) |
| 03/23/2021 | 18 | NOTICE OF DISCOVERY by USA as to JOHN EARLE SULLIVAN (Attachments: # 1 Exhibit)(Wong, Candice) (Entered: 03/23/2021) |
| 03/26/2021 | 20 | Unopposed MOTION FOR PROTECTIVE ORDER by USA as to JOHN EARLE SULLIVAN. (Attachments: # 1 Exhibit)(Wong, Candice) Modified Event on 3/31/2021 (zhsj). (Entered: 03/26/2021) |
| 03/26/2021 | 21 | Unopposed MOTION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT by USA as to JOHN EARLE SULLIVAN. (Attachments: # 1 Text of Proposed Order)(Wong, Candice) Modified Event on 3/31/2021 (zhsj). (Entered: 03/26/2021) |

| 03/26/2021 | | MINUTE ORDER granting 20 unopposed motion for protective order. The terms presented in [20–1] Protective Order Governing Discovery are hereby incorporated by reference into this Order. Signed by Judge Emmet G. Sullivan on 3/26/2021. (lcegs3) (Entered: 03/26/2021) |
|---|---|---|
| 03/27/2021 | | Set/Reset Hearings as to JOHN EARLE SULLIVAN:Status Conference set for 3/30/2021 at 12:30 PM in Telephonic/VTC before Judge Emmet G. Sullivan. (mac) (Entered: 03/27/2021) |
| 03/27/2021 | 22 | TRANSCRIPT OF PROCEEDINGS, in case as to JOHN EARLE SULLIVAN, before Magistrate Judge Robin M. Meriweather, held on 2–16–2021. Page Numbers: 1 – 64. Date of Issuance: 3–27–2021. Court Reporter: Elizabeth SaintLoth, Telephone number: 202–354–3242. Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 4/17/2021. Redacted Transcript Deadline set for 4/27/2021. Release of Transcript Restriction set for 6/25/2021.(Saint–Loth, Elizabeth) (Entered: 03/27/2021) |
| 03/29/2021 | | MINUTE ORDER. Due to unforeseen circumstances, it is necessary to reschedule the status conference currently scheduled for March 30, 2021. The status conference shall now take place on March 31, 2021 at 12:30 PM via video teleconference. The parties shall contact Mr. Mark Coates, the Courtroom Deputy Clerk, for the dial–in information. The Court regrets any inconvenience to the parties. Signed by Judge Emmet G. Sullivan on 3/29/2021. (lcegs3) (Entered: 03/29/2021) |
| 03/30/2021 | | Set/Reset Hearings as to JOHN EARLE SULLIVAN:Status Conference set for 3/31/2021 at 12:30 PM in Telephonic/VTC before Judge Emmet G. Sullivan. (mac) (Entered: 03/30/2021) |

| | | |
|---|---|---|
| 03/31/2021 | | Minute Entry for proceedings held before Judge Emmet G. Sullivan:Status Conference as to JOHN EARLE SULLIVAN held on 3/31/2021. Status Conference set for 5/26/2021 at 12:00 PM in Telephonic/VTC before Judge Emmet G. Sullivan. Speedy Trial Tolled Nunc Pro Tunc 3/30/21 – 05/26/21 In The Interest Of Justice (XT). Bond Status of Defendant: PERSONAL RECONGIZANCE; Court Reporter: LISA BANKINS; Defense Attorney: STEVEN KIERSH; US Attorney: CANDICE WONG; Pretrial Officer: CHRISTINE SCHUCK; (mac) (Entered: 03/31/2021) |
| 03/31/2021 | 24 | Unopposed MOTION *FOR AN ORDER TO DISCLOSE ITEMS PROTECTED BY FEDERAL RULE OF CRIMINAL PROCEDURE 6(e) AND SEALED MATERIALS* by USA as to JOHN EARLE SULLIVAN. (Attachments: # 1 Text of Proposed Order)(Wong, Candice) Modified event on 4/12/2021 (zstd). (Entered: 03/31/2021) |
| 03/31/2021 | | MINUTE ORDER as to JOHN EARLE SULLIVAN (1). In view of the discussion at the March 31, 2021 Status Conference, the Court hereby GRANTS 21 unopposed motion to exclude time under the Speedy Trial Act in view of the voluminous discovery in this matter. The time period from March 30, 2021 through and including the date of the next hearing is hereby excluded from the computation of time within which a trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 et seq. Signed by Judge Emmet G. Sullivan on 3/31/2021. (lcegs3) (Entered: 03/31/2021) |
| 03/31/2021 | | MINUTE ORDER as to JOHN EARLE SULLIVAN (1) granting 24 unopposed motion for an order to disclose items protected by Federal Rule of Criminal Procedure 6(e) and sealed materials. It is hereby ORDERED that the United States may provide in discovery materials protected by Federal Rule of Criminal Procedure 6(e). It is FURTHER ORDERED that the United States may provide in discovery sealed materials, pursuant to the previously entered protective order governing discovery. It is FURTHER ORDERED that this Order also applies to the disclosure of the materials described above to any co–defendants who may later be joined. Signed by Judge Emmet G. Sullivan on 3/31/2021. (lcegs3) (Entered: 03/31/2021) |
| 05/07/2021 | 25 | MOTION for Release of Funds *Motion to Discharge Order Allowing Seizure of Defendant's Bank Account in Utah* by JOHN EARLE SULLIVAN. (Kiersh, Steven) (Entered: 05/07/2021) |
| 05/19/2021 | 26 | SUPERSEDING INDICTMENT as to JOHN EARLE SULLIVAN (1) count(s) 1s, 2s, 3s, 4s, 5s, 6s, 7s, 8s. (FORFEITURE ALLEGATION) (zstd) (Entered: 05/19/2021) |

| 05/20/2021 | 28 | NOTICE *OF DISCOVERY* by USA as to JOHN EARLE SULLIVAN (Attachments: # 1 Exhibit)(Wong, Candice) (Entered: 05/20/2021) |
|---|---|---|
| 05/21/2021 | 29 | Memorandum in Opposition by USA as to JOHN EARLE SULLIVAN re 25 MOTION for Release of Funds *Motion to Discharge Order Allowing Seizure of Defendant's Bank Account in Utah* (Wong, Candice) (Entered: 05/21/2021) |
| 05/26/2021 | | Minute Entry for proceedings held Via VTC before Judge Emmet G. Sullivan:Arraignment/Status Conference as to JOHN EARLE SULLIVAN held on 5/26/2021. Plea Of Not Guilty Entered by JOHN EARLE SULLIVAN As To Counts 1s, 2s, 3s, 4s, 5s, 6s, 7s, 8s. Status Conference set for 7/29/2021 at 1:00 PM in Telephonic/VTC before Judge Emmet G. Sullivan. Speedy Trial Tolled 5/26/2021 – 7/29/2021 In The Interest Of Justice (XT). The Defendant Is To Confirm His Employment To Pre Trial Services. Bond Status of Defendant: APPEARED VIA VTC; REMAINS ON PERSONAL RECOGNIZANCE; Court Reporter: LISA BANKINS; Defense Attorney: STEVEN KIERSH; US Attorney: CANDICE WONG; Pretrial Officer: ANDRE SIDBURY; (mac) (Entered: 05/26/2021) |
| 06/02/2021 | 31 | REPLY TO OPPOSITION to Motion by JOHN EARLE SULLIVAN re 25 MOTION for Release of Funds *Motion to Discharge Order Allowing Seizure of Defendant's Bank Account in Utah Reply to Opposition to Motion to Discharge Seized Funds and Declaration of John Sullivan* (Attachments: # 1 Declaration)(Kiersh, Steven) (Entered: 06/02/2021) |
| 06/11/2021 | 32 | NOTICE *Of DISCOVERY* by USA as to JOHN EARLE SULLIVAN (Attachments: # 1 Exhibit)(Wong, Candice) (Entered: 06/11/2021) |
| 07/13/2021 | 35 | *Memorandum Regarding Status of Discovery* by USA as to JOHN EARLE SULLIVAN (Attachments: # 1 Additional Examples of Defense Discovery Requests)(Wong, Candice) Modified text on 7/13/2021 (zstd). (Entered: 07/13/2021) |
| 07/14/2021 | 36 | NOTICE *OF DISCOVERY* by USA as to JOHN EARLE SULLIVAN (Attachments: # 1 Exhibit)(Wong, Candice) (Entered: 07/14/2021) |
| 07/29/2021 | | Minute Entry for proceedings held Via VTC before Judge Emmet G. Sullivan:Status Conference as to JOHN EARLE SULLIVAN held on 7/29/2021. Parties Updated The Court On The Status Of This Case. The Court Requests That The Defendant And PreTrial Services Meet To Resolve Their Issues And File A Report With The Court due by 8/3/2021. Pending Motion 25 Motion for Release of Funds Motion to Discharge Order Allowing Seizure of Defendant's Bank Account in Utah Is Tolling Speedy Trial Time. Motion |

| | | |
|---|---|---|
| | | Hearing in regards to <u>25</u> set for 8/17/2021 at 2:00 PM in Telephonic/VTC before Judge Emmet G. Sullivan. Status Conference set for 10/28/2021 at 1:00 PM in Telephonic/VTC before Judge Emmet G. Sullivan. Bond Status of Defendant: APPEARED VIA VTC; REMAINS ON PERSONAL RECOGNIZANCE; Court Reporter: JAN DICKMAN; Defense Attorney: STEVEN KIERSH; US Attorney: CANDICE WONG; Pretrial Officer: ANDRE SIDBURY; (mac) (Entered: 07/29/2021) |
| 08/02/2021 | <u>39</u> | NOTICE *OF DISCOVERY* by USA as to JOHN EARLE SULLIVAN (Attachments: # <u>1</u> Exhibit)(Wong, Candice) (Entered: 08/02/2021) |
| 08/03/2021 | <u>40</u> | STATUS REPORT *Status report concerning conditions of release* by JOHN EARLE SULLIVAN (Kiersh, Steven) (Entered: 08/03/2021) |
| 08/16/2021 | | MINUTE ORDER. In Mr. Sullivan's <u>25</u> Motion to Release Seizure Order, Mr. Sullivan states that the signed warrant relevant to the seizure of his personal bank account in Utah "is due to be provided to undersigned counsel with the release of other discoverable items of evidence." See Def.'s Mot., ECF No. 25 at 2. It is hereby ORDERED that Mr. Sullivan shall file a status report by no later than August 18, 2021 informing the Court whether he has obtained all requested evidence relevant to his pending motion. It is FURTHER ORDERED that the Motion Hearing currently scheduled for August 17, 2021 is cancelled. The parties shall file a joint status report proposing three additional dates and times to hold the Motion Hearing by no later than August 20, 2021. Signed by Judge Emmet G. Sullivan on 8/16/2021. (lcegs3) (Entered: 08/16/2021) |
| 08/17/2021 | | Set/Reset Deadlines as to JOHN EARLE SULLIVAN: Defendant Status Report due by 8/18/2021. Joint Status Report due by 8/20/2021 (mac) (Entered: 08/17/2021) |
| 08/18/2021 | <u>42</u> | RESPONSE TO ORDER OF THE COURT by JOHN EARLE SULLIVAN re Order on Motion for Miscellaneous Relief,, *Response to August 16, 2021 Minute Order of Court* (Kiersh, Steven) (Entered: 08/18/2021) |
| 08/19/2021 | <u>43</u> | RESPONSE TO ORDER OF THE COURT by JOHN EARLE SULLIVAN re Order on Motion to Exclude,, *Joint Pleading in Response to August 16, 2021 Minute Order of the Court Concerning Availability for Next Status Conference* (Kiersh, Steven) (Entered: 08/19/2021) |
| 08/25/2021 | | MINUTE ORDER. In view of <u>43</u> joint status report, a motion hearing shall take place on September 24, 2021 at 3:00 p.m. via video teleconference. The parties shall contact Mr. Mark Coates, the Courtroom Deputy Clerk, for the dial−in information. Signed by Judge Emmet G. Sullivan on |

| | | |
|---|---|---|
| | | 8/25/2021. (lcegs3) (Entered: 08/25/2021) |
| 08/26/2021 | | Set/Reset Hearings as to JOHN EARLE SULLIVAN: Motion Hearing set for 9/24/2021 at 03:00 PM in Telephonic/VTC before Judge Emmet G. Sullivan. (mac) (Entered: 08/26/2021) |
| 08/26/2021 | 44 | NOTICE *Memorandum Regarding Status of Discovery* by USA as to JOHN EARLE SULLIVAN (Wong, Candice) (Entered: 08/26/2021) |
| 09/15/2021 | 45 | NOTICE *Memorandum Regarding Status of Discovery* by USA as to JOHN EARLE SULLIVAN (Wong, Candice) (Entered: 09/15/2021) |
| 09/22/2021 | | MINUTE ORDER. The motion hearing currently scheduled for September 24, 2021 is hereby CANCELLED. The Court shall resolve 25 Motion for Release of Funds on the pleadings filed. Signed by Judge Emmet G. Sullivan on 9/22/2021. (lcegs3) (Entered: 09/22/2021) |
| 09/23/2021 | 46 | MOTION to Suppress *Custodial Statements* by JOHN EARLE SULLIVAN. (Kiersh, Steven) Modified text on 9/23/2021 (zstd). (Entered: 09/23/2021) |
| 09/24/2021 | 47 | MOTION to Dismiss Count Eight of Superseding Indictment *as Being Void for Vagueness* by JOHN EARLE SULLIVAN. (Kiersh, Steven) Modified text on 9/27/2021 (zstd). (Entered: 09/24/2021) |
| 10/07/2021 | 48 | Memorandum in Opposition by USA as to JOHN EARLE SULLIVAN re 46 MOTION to Suppress *Motion to Suppress Custodial Statements* (Wong, Candice) (Entered: 10/07/2021) |
| 10/08/2021 | 49 | Memorandum in Opposition by USA as to JOHN EARLE SULLIVAN re 47 MOTION to Dismiss Count *Motion to Dismiss Count Eight as Being Void for Vagueness* (Wong, Candice) (Entered: 10/08/2021) |
| 10/13/2021 | 50 | NOTICE *OF DISCOVERY* by USA as to JOHN EARLE SULLIVAN (Attachments: # 1 Exhibit)(Wong, Candice) (Entered: 10/13/2021) |
| 10/20/2021 | 51 | Joint MOTION to Continue October 28, 2021 Status Hearing for Sixty Days by JOHN EARLE SULLIVAN. (Kiersh, Steven) Modified text on 10/21/2021 (zstd). Modified on 10/25/2021 (znmw). (Entered: 10/20/2021) |
| 10/21/2021 | 52 | STATUS REPORT *Memorandum Regarding Status of Discovery* by USA as to JOHN EARLE SULLIVAN (Wong, Candice) Modified text on 10/22/2021 (zstd). Modified on 10/25/2021 (znmw). (Entered: 10/21/2021) |
| 10/22/2021 | | MINUTE ORDER granting 51 joint motion to continue October 28, 2021 status conference. A status conference is |

| | | |
|---|---|---|
| | | hereby scheduled for January 4, 2022 at 2:30 p.m. via video teleconference. The parties shall contact Mr. Mark Coates, the Courtroom Deputy Clerk, for the dial–in information. Signed by Judge Emmet G. Sullivan on 10/22/2021. (lcegs3) (Entered: 10/22/2021) |
| 10/22/2021 | | Set/Reset Hearings as to JOHN EARLE SULLIVAN:Status Conference set for 1/4/2022 at 02:30 PM in Telephonic/VTC before Judge Emmet G. Sullivan. (mac) (Entered: 10/22/2021) |
| 10/26/2021 | 53 | REPLY TO OPPOSITION to Motion by JOHN EARLE SULLIVAN re 46 MOTION to Suppress *Motion to Suppress Custodial Statements Reply to Opposition to Motion to Suppress Statements* (Kiersh, Steven) (Entered: 10/26/2021) |
| 11/05/2021 | 54 | NOTICE *Memorandum Regarding Status of Discovery* by USA as to JOHN EARLE SULLIVAN (Wong, Candice) (Entered: 11/05/2021) |
| 11/08/2021 | 55 | NOTICE *OF DISCOVERY* by USA as to JOHN EARLE SULLIVAN (Attachments: # 1 Exhibit)(Wong, Candice) (Entered: 11/08/2021) |
| 11/10/2021 | 56 | SUPERSEDING INDICTMENT as to JOHN EARLE SULLIVAN (1) count(s) 1ss, 2ss, 3ss, 4ss, 5ss, 6ss, 7ss, 8ss. (FORFEITURE ALLEGATION) (bb) (Entered: 11/10/2021) |
| 12/06/2021 | 58 | NOTICE *OF DISCOVERY* by USA as to JOHN EARLE SULLIVAN (Attachments: # 1 Exhibit)(Wong, Candice) (Entered: 12/06/2021) |
| 12/06/2021 | 59 | ORDER denying 25 Motion for Release of Funds as to JOHN EARLE SULLIVAN (1). Signed by Judge Emmet G. Sullivan on 12/6/2021. (lcegs3) (Entered: 12/06/2021) |
| 12/06/2021 | 60 | MEMORANDUM OPINION. Signed by Judge Emmet G. Sullivan on 12/6/2021. (lcegs3) (Entered: 12/06/2021) |
| 12/17/2021 | 61 | MOTION for Reconsideration *re 59 December 6, 2021 Order Denying Motion to Remove Seizure Order* by JOHN EARLE SULLIVAN. (Kiersh, Steven) Modified text on 12/20/2021 (zstd). (Entered: 12/17/2021) |
| 12/31/2021 | 62 | MOTION to Dismiss Case *Motion to Dismiss Count 1 of Superseding Indictment and Motion to Adopt and Join Motion in 21–cr–28* by JOHN EARLE SULLIVAN. (Kiersh, Steven) (Entered: 12/31/2021) |
| 12/31/2021 | 64 | MOTION to Adopt and Join Relevant Portions of Motion to Dismiss Count 2 of the Indictment in United States v. Caldwell 21–cr–28 by JOHN EARLE SULLIVAN. (See docket entry 62 to view document.) (zstd) (Entered: 01/04/2022) |
| 01/03/2022 | 63 | |

| | | |
|---|---|---|
| | | Memorandum in Opposition by USA as to JOHN EARLE SULLIVAN re 61 MOTION for Reconsideration *Motion for Reconsideration of December 6, 2021 Order Denying Motion to Remove Seizure Order* (Wong, Candice) (Entered: 01/03/2022) |
| 01/04/2022 | | Minute Entry for proceedings held Via VTC before Judge Emmet G. Sullivan:Arraignment/Status Conference as to JOHN EARLE SULLIVAN held on 1/4/2022. Defendant Consents To This Hearing Being Held Via VTC. Plea Of Not Guilty entered by JOHN EARLE SULLIVAN On Counts 1ss, 2ss, 3ss, 4ss, 5ss, 6ss, 7ss, 8ss. Government Informs The Court In Regards To Discovery. The Court Will Stay Any Further Briefing By The Government In Regards To 62 Motion To Dismiss Case Motion to Dismiss Count 1 of Superseding Indictment and Motion to Adopt and Join Motion in 21−cr−28. Pending Motions Are Tolling Speedy Trial Time. Status Conference set for 3/4/2022 at 1:30 PM in Telephonic/VTC before Judge Emmet G. Sullivan. Bond Status of Defendant: APPEARED VIA VTC − REMAINS ON PERSONAL RECOGNIZANCE; Court Reporter: LISA BANKINS; Defense Attorney: STEVEN KIERSH; US Attorney: CANDACE WONG; (mac) (Entered: 01/04/2022) |
| 01/05/2022 | | MINUTE ORDER. During the January 4, 2022 status conference, the Court stayed further briefing regarding 62 Dismiss Case Motion to Dismiss Count 1 of Superseding Indictment and Motion to Adopt and Join Motion in 21−cr−28. It is hereby ORDERED that the stay on the briefing schedule is LIFTED. The government is directed to file a response to 62 Dismiss Case Motion to Dismiss Count 1 of Superseding Indictment and Motion to Adopt and Join Motion in 21−cr−28. Signed by Judge Emmet G. Sullivan on 1/5/2022. (lcegs3) (Entered: 01/05/2022) |
| 01/10/2022 | 65 | RESPONSE by USA as to JOHN EARLE SULLIVAN re 64 MOTION for Joinder *United States' Motion to Adopt and Join Three Pleadings in 21−CR−28 and Opposition to Defendant's "Motion to Adopt and Join Relevant Portions of Motion to Dismiss Count 2 of the Indictment in United States v. Caldwell, 21−CR−28 (APM) and to Dismiss Count 1 of This Superseding Indictment"* (Attachments: # 1 Exhibit Caldwell Docket Entry 313 (Government's Omnibus Opposition to Motion to Dismiss), # 2 Exhibit Caldwell Docket Entry 437 (Government's Supplemental Brief on 18 USC 1512(c)(2)), # 3 Exhibit Caldwell Docket Entry 573 (Government's Opposition to Motion to Reconsider Order Denying Motions to Dismiss))(Wong, Candice) (Entered: 01/10/2022) |
| 01/24/2022 | 66 | SUPPLEMENT by USA as to JOHN EARLE SULLIVAN re 65 Response to motion,,, (Wong, Candice) (Entered: 01/24/2022) |

| 02/10/2022 | 67 | NOTICE *Memorandum Regarding Status of Discovery* by USA as to JOHN EARLE SULLIVAN (Wong, Candice) (Entered: 02/10/2022) |
| --- | --- | --- |
| 03/02/2022 | 69 | Consent MOTION to Continue *and Exclude Time Under Speedy Trial Act* by USA as to JOHN EARLE SULLIVAN. (Attachments: # 1 Exhibit Proposed Order to Continue and Exclude Time Under Speedy Trial Act)(Wong, Candice) (Entered: 03/02/2022) |
| 03/02/2022 | 70 | MOTION to Exclude Time Under The Speedy Trial Act by USA as to JOHN EARLE SULLIVAN. (See docket entry 69 to view document.) (zstd) (Entered: 03/02/2022) |
| 03/03/2022 | | MINUTE ORDER granting 69 motion to continue and to exclude time under the Speedy Trial Act. It is hereby ORDERED that the status conference currently scheduled for March 4, 2022 shall now take place on April 20, 2022 at 2:00 p.m. via video teleconference. The parties shall contact Mr. Mark Coates, the Courtroom Deputy Clerk, for the dial–in information. The Court further finds that an ends–of–justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the considerations described in 18 U.S.C. § 3161(h)(7)(B)(i), (ii), and (iv). Due to the interest by the parties in producing and reviewing discovery, the failure to grant such a continuance in this proceeding would be likely result in a miscarriage of justice by foreclosing such resolution. Accordingly, the ends of justice served by granting a request for a continuance outweigh the best interest of the public and the defendant in a speedy trial. The Court also notes that Mr. Sullivan consents to the exclusion of time under the Speedy Trial Act. It is therefore ORDERED that the time period from the date of this Order through and including the date of the next hearing is excluded from the computation of time within which trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 et seq. Signed by Judge Emmet G. Sullivan on 3/3/2022. (lcegs3) (Entered: 03/03/2022) |
| 04/03/2022 | 71 | Supplemental MOTION to Dismiss Count re 62 *Motion to Dismiss Count in the Supseseding Indictment* by JOHN EARLE SULLIVAN. (Kiersh, Steven) Modified to add link on 4/4/2022 (zstd). (Entered: 04/03/2022) |
| 04/04/2022 | 72 | NOTICE *of Discovery* by USA as to JOHN EARLE SULLIVAN (Attachments: # 1 Exhibit Discovery Letter)(Wong, Candice) (Entered: 04/04/2022) |
| 04/05/2022 | 73 | NOTICE OF WITHDRAWAL OF APPEARANCE by USA as to JOHN EARLE SULLIVAN (Wong, Candice) (Entered: 04/05/2022) |
| 04/06/2022 | 74 | NOTICE OF ATTORNEY APPEARANCE Joseph Hong Huynh appearing for USA. (Huynh, Joseph) (Entered: |

| | | |
|---|---|---|
| | | 04/06/2022) |
| 04/07/2022 | 75 | RESPONSE by USA as to JOHN EARLE SULLIVAN re 62 MOTION to Dismiss Case *Motion to Dismiss Count 1 of Superseding Indictment and Motion to Adopt and Join Motion in 21−cr−28*, 71 Supplemental MOTION to Dismiss Count *Supplement to Motion to Dismiss Count in the Supserseding Indictment* (Huynh, Joseph) (Entered: 04/07/2022) |
| 04/17/2022 | 76 | Joint MOTION to Continue *Status Conference*, Joint MOTION to Exclude *Time under the Speedy Trial Act* by USA as to JOHN EARLE SULLIVAN. (Attachments: # 1 Text of Proposed Order)(Huynh, Joseph) (Entered: 04/17/2022) |
| 04/19/2022 | | MINUTE ORDER granting 76 joint motion to continue status conference and exclude time under the Speedy Trial Act. The status conference currently scheduled for April 20, 2022 is hereby CANCELLED. A status conference shall now take place on May 15, 2022 at 2:30 p.m. via video teleconference. The parties shall contact Mr. Mark Coates, the Courtroom Deputy Clerk, for the dial−in information. With the parties' agreement, the time between April 20, 2022 and May 15, 2022 shall be excluded under the Speedy Trial Act. Signed by Judge Emmet G. Sullivan on 4/19/2022. (lcegs3) (Entered: 04/19/2022) |
| 04/19/2022 | | MINUTE ORDER. The status conference scheduled for May 15, 2022 is hereby CANCELLED. The status conference shall now take place on June 15, 2022 at 2:30 p.m. via video teleconference. The parties shall contact Mr. Mark Coates, the Courtroom Deputy Clerk, for the dial−in information. With the parties' agreement, the time between April 20, 2022 and June 15, 2022 shall be excluded under the Speedy Trial Act. Signed by Judge Emmet G. Sullivan on 4/19/2022. (lcegs3) (Entered: 04/19/2022) |
| 05/16/2022 | 77 | Supplement re 47 Motion to Dismiss Count 8 of the Indictment by JOHN EARLE SULLIVAN. (Kiersh, Steven) Modified to add link on 5/17/2022 (zstd). (Entered: 05/16/2022) |
| 06/15/2022 | | Minute Entry for proceedings held before Judge Emmet G. Sullivan:Status Conference as to JOHN EARLE SULLIVAN held on 6/15/2022. Defendant Consents To This Hearing Being Held Via VTC. Parties Request Jury Trial. Motion Hearing set for 3/3/2023 at 10:00 AM in Telephonic/VTC before Judge Emmet G. Sullivan. Jury Selection set for 5/15/2023 at 9:00 AM in Courtroom 24A−In Person before Judge Emmet G. Sullivan. The Court Will Issue A Pre Trial Order. Pending Motions Are Tolling Speedy Trial Time. Bond Status of Defendant: APPEARED VIA VTC − REMAINS ON PERSONAL |

| | | |
|---|---|---|
| | | RECOGNIZANCE; Court Reporter: LISA BANKINS; Defense Attorney: STEVEN KIERSH; US Attorney: JOSEPH HUYNH; (mac) (Entered: 06/15/2022) |
| 06/30/2022 | 79 | PRETRIAL ORDER as to JOHN EARLE SULLIVAN. Signed by Judge Emmet G. Sullivan on 6/30/2022. (lcegs3) (Entered: 06/30/2022) |
| 07/01/2022 | | Set/Reset Deadlines/Hearings as to JOHN EARLE SULLIVAN:Pretrial Motions/ Notices due by 12/5/2022. Oppositions due by 1/6/2023. Replies due by 2/3/2023. Motion Hearing set for 3/3/2023 at 10:00 AM in Courtroom 24A– In Person before Judge Emmet G. Sullivan. Pretrial Conference set for 5/4/2023 at 01:00 PM in Courtroom 24A– In Person before Judge Emmet G. Sullivan. Jury Selection set for 5/15/2023 at 09:00 AM in Courtroom 24A– In Person before Judge Emmet G. Sullivan. Jury Trial set for 5/16/2023 at 10:00 AM in Courtroom 24A– In Person before Judge Emmet G. Sullivan. Joint Or Individual Proposed Voir Dire due by 4/27/2023. Joint Or Individual Pretrial Statement due by 4/27/2023. Joint Or Individual Proposed Jury Instructions due by 4/27/2023. Joint Or Individual Exhibit List due by 4/27/2023. Joint Or Individual Witness List due by 4/27/2023. (mac) (Entered: 07/01/2022) |
| 08/01/2022 | 80 | ORDER denying 61 Motion for Reconsideration as to JOHN EARLE SULLIVAN (1). Signed by Judge Emmet G. Sullivan on 8/1/2022. (lcegs3) (Entered: 08/01/2022) |
| 08/01/2022 | 81 | MEMORANDUM OPINION as to JOHN EARLE SULLIVAN. Signed by Judge Emmet G. Sullivan on 8/1/2022. (lcegs3) (Entered: 08/01/2022) |
| 08/09/2022 | | MINUTE ORDER as to JOHN EARLE SULLIVAN. Due to constraints in the Court's calendar, the dates set forth in the Court's June 30, 2022 Pretrial Order, ECF No. 79, are VACATED. Jury selection in this case will commence at 9:00 am on October 25, 2023. The parties shall file, by no later than August 23, 2022, a joint proposed schedule with proposed deadlines to replace those in the vacated Pretrial Order, ECF No. 79. In addition, the parties shall include a proposed schedule for the following: (1) any required expert disclosures; (2) deadline for United States for grand jury and Jenks Act disclosures as to each witness it expects to call in its case–in–chief; and (3) deadline for any Brady material not already disclosed. Signed by Judge Emmet G. Sullivan on 8/9/2022. (lcegs1) (Entered: 08/09/2022) |
| 08/11/2022 | | Set/Reset Deadlines/Hearings as to JOHN EARLE SULLIVAN: Joint Briefing Schedule due by 8/23/2022 Jury Selection/Trial set for 10/25/2023 at 09:00 AM in Courtroom 24A– In Person before Judge Emmet G. Sullivan. (mac) (Entered: 08/11/2022) |

| 08/22/2022 | 82 | Joint STATUS REPORT *and Proposed Pretrial Deadlines* by USA as to JOHN EARLE SULLIVAN (Huynh, Joseph) (Entered: 08/22/2022) |
|---|---|---|
| 10/06/2022 | 83 | PRETRIAL ORDER as to JOHN EARLE SULLIVAN. Signed by Judge Emmet G. Sullivan on 10/6/2022. (lcegs1) (Entered: 10/06/2022) |
| 10/17/2022 | | Case as to JOHN EARLE SULLIVAN randomly reassigned to Judge Royce C. Lamberth. Judge Emmet G. Sullivan is no longer assigned to the case. (ztnr) (Entered: 10/17/2022) |
| 11/21/2022 | | MINUTE ORDER as to JOHN EARLE SULLIVAN: The parties shall appear for a Status Conference set for 2/22/2023 at 11:00 AM by VTC before Judge Royce C. Lamberth. Video connection information will be emailed to the parties. Signed by Judge Royce C. Lamberth on 11/21/2022. (lsj) (Entered: 11/21/2022) |
| 02/09/2023 | 84 | MOTION to Change Venue by JOHN EARLE SULLIVAN. (Kiersh, Steven) Modified text on 2/9/2023 (zstd). (Entered: 02/09/2023) |
| 02/09/2023 | 85 | NOTICE OF ATTORNEY APPEARANCE Rebekah Lederer appearing for USA. (Lederer, Rebekah) (Entered: 02/09/2023) |
| 02/21/2023 | 86 | RESPONSE by USA as to JOHN EARLE SULLIVAN re 84 MOTION to Change Venue *Motion to Change Venue* (Lederer, Rebekah) (Entered: 02/21/2023) |
| 02/22/2023 | | MINUTE ORDER: It is hereby ORDERED that the Motions Hearing scheduled for 3/3/2023 is CONTINUED until a date to be set in the future. SO ORDERED by Judge Royce C. Lamberth on 2/22/2023. (lcrcl2) (Entered: 02/22/2023) |
| 02/22/2023 | | Minute Entry for Video Status Conference held on 2/22/2023 before Judge Royce C. Lamberth as to JOHN EARLE SULLIVAN: The parties updated the Court on the status of the case. Bond Status of Defendant: Continued on Personal Recognizance Bond/Appeared by Video. US Attorneys: Rebekah Lederer and Joseph Huynh. Defense Attorney: Steven Kiersh. Court Reporter: Sherri Grubbs. (smc) (Entered: 02/22/2023) |
| 05/05/2023 | 87 | MOTION for 404(b) Evidence by USA as to JOHN EARLE SULLIVAN. (Lederer, Rebekah) (Entered: 05/05/2023) |
| 06/02/2023 | 88 | MOTION in Limine *Omnibus Motion in Limine* by USA as to JOHN EARLE SULLIVAN. (Lederer, Rebekah) (Entered: 06/02/2023) |
| 06/19/2023 | 89 | MOTION to Dismiss Indictment Based Upon Selective Prosecution by JOHN EARLE SULLIVAN. (Kiersh, Steven) Modified text on 6/20/2023 (zstd). (Entered: 06/19/2023) |

| 06/22/2023 | 90 | MOTION for Extension of Time to July 5, 2023 to file oppositions to pretrial motions by JOHN EARLE SULLIVAN. (Kiersh, Steven) Modified text on 6/22/2023 (zstd). (Entered: 06/22/2023) |
|---|---|---|
| 06/22/2023 | 91 | Joint PROPOSED BRIEFING SCHEDULE by USA as to JOHN EARLE SULLIVAN (Lederer, Rebekah) (Entered: 06/22/2023) |
| 06/26/2023 | 92 | ORDER granting Motion 90 for Extension of Time as to JOHN EARLE SULLIVAN (1). Defendant is granted leave until 7/5/2023 to file oppositions to pretrial motions. Signed by Judge Royce C. Lamberth on 6/26/2023. (lcrcl2) (Entered: 06/26/2023) |
| 06/26/2023 | 93 | SCHEDULING ORDER as to JOHN EARLE SULLIVAN (1). Jury Trial set for 10/25/2023 at 10:00 AM in Courtroom 15– In Person before Judge Royce C. Lamberth. Motion Hearing set for 9/14/2023 at 4:30 PM in Courtroom 15– In Person before Judge Royce C. Lamberth. Pretrial Conference will be scheduled at a later date and held on or after 10/13/2023. See Order for further details and other deadlines. Signed by Judge Royce C. Lamberth on 6/26/2023.(lcrcl2) (Entered: 06/26/2023) |
| 06/30/2023 | 94 | RESPONSE by USA as to JOHN EARLE SULLIVAN re 89 MOTION to Dismiss Case *Motion to Dismiss Indictment Based Upon Selective Prosecution Response in Opposition* (Lederer, Rebekah) (Entered: 06/30/2023) |
| 06/30/2023 | 95 | NOTICE OF ATTORNEY APPEARANCE Michael Lawrence Barclay appearing for USA. (Barclay, Michael) (Entered: 06/30/2023) |
| 07/02/2023 | 96 | Memorandum in Opposition by JOHN EARLE SULLIVAN re 87 Motion for 404(b) Evidence *Opposition to Government Notice to Admit 404(b) Evidence* (Kiersh, Steven) (Entered: 07/02/2023) |
| 07/02/2023 | 97 | REPLY in Support by JOHN EARLE SULLIVAN re 89 MOTION to Dismiss Case *Motion to Dismiss Indictment Based Upon Selective Prosecution Reply to Opposition to Motion to Dismiss Indictment* (Kiersh, Steven) (Entered: 07/02/2023) |
| 07/07/2023 | 98 | Memorandum in Opposition by JOHN EARLE SULLIVAN re 88 Motion in Limine *Opposition to Motion In Limine FIrst Amendment* (Kiersh, Steven) (Entered: 07/07/2023) |
| 07/07/2023 | 99 | Memorandum in Opposition by JOHN EARLE SULLIVAN re 88 Motion in Limine *Response to Motion in Limine Secret Service* (Kiersh, Steven) (Entered: 07/07/2023) |
| 07/07/2023 | 100 | Memorandum in Opposition by JOHN EARLE SULLIVAN re 88 Motion in Limine *Reply to Remaining Issues in Motion* |

| | | |
|---|---|---|
| | | *in Limine* (Kiersh, Steven) (Entered: 07/07/2023) |
| 07/14/2023 | 101 | REPLY by USA as to JOHN EARLE SULLIVAN re 98 Memorandum in Opposition (Lederer, Rebekah) (Entered: 07/14/2023) |
| 09/13/2023 | 102 | MOTION to Permit *Motion to Permit Defendant to Appear at Motions Hearing Via Zoom* by JOHN EARLE SULLIVAN. (Kiersh, Steven) (Entered: 09/13/2023) |
| 09/13/2023 | 103 | ORDER granting Motion 102 for Leave to Appear by Zoom as to JOHN EARLE SULLIVAN (1). Defendant may appear by Zoom for the motion hearing scheduled for 9/14/2023. Signed by Judge Royce C. Lamberth on 9/13/2023. (lcrcl2) (Entered: 09/13/2023) |
| 09/14/2023 | | Minute Entry for Hybrid Motion Hearing held on 9/14/2023 before Judge Royce C. Lamberth as to JOHN EARLE SULLIVAN: re 87 MOTION for 404(b) Evidence . Oral arguments heard and TAKEN UNDER ADVISEMENT. Bond Status of Defendant: Continued on Personal Recognizance Bond/Appeared by Video. US Attorneys: Michael Gordon and Rebekah Lederer. Defense Attorney: Steven Kiersh. Court Reporter: Elizabeth Saint–Loth. (smc) (Entered: 09/15/2023) |
| 10/05/2023 | 104 | MOTION for Issuance of Subpoena for a Material Witness for Trial by JOHN EARLE SULLIVAN. (Kiersh, Steven) Modified text on 10/6/2023 (zstd). (Entered: 10/05/2023) |
| 10/06/2023 | | MINUTE ORDER as to JOHN EARLE SULLIVAN (1): It is hereby ORDERED that Motion 104 for Issuance of Subpoena is GRANTED. The Clerk is directed to issue the requested subpoena. SO ORDERED by Judge Royce C. Lamberth on 10/6/2023. (lcrcl2) (Entered: 10/06/2023) |
| 10/11/2023 | | NOTICE OF HEARING as to JOHN EARLE SULLIVAN: A Pretrial Conference is set for 10/24/2023 at 12:30 PM in Courtroom 15 (In Person) before Judge Royce C. Lamberth. (smc) (Entered: 10/11/2023) |
| 10/13/2023 | 105 | PROPOSED VERDICT FORM as to JOHN EARLE SULLIVAN (Lederer, Rebekah) (Entered: 10/13/2023) |
| 10/13/2023 | 106 | JOINT Proposed Voir Dire by USA as to JOHN EARLE SULLIVAN (Lederer, Rebekah) Modified text on 10/16/2023 (zstd). (Entered: 10/13/2023) |
| 10/13/2023 | 107 | JOINT PROPOSED WITNESS LIST by USA as to JOHN EARLE SULLIVAN (Lederer, Rebekah) Modified text on 10/16/2023 (zstd). (Entered: 10/13/2023) |
| 10/13/2023 | 108 | JOINT PROPOSED STATEMENT OF CASE by USA as to JOHN EARLE SULLIVAN (Lederer, Rebekah) Modified text on 10/16/2023 (zstd). (Entered: 10/13/2023) |

| 10/19/2023 | 109 | NOTICE OF WITHDRAWAL OF APPEARANCE by USA as to JOHN EARLE SULLIVAN (Huynh, Joseph) (Entered: 10/19/2023) |
|---|---|---|
| 10/19/2023 | 110 | MOTION for Leave to Appear at Pretrial Conference via ZOOM by JOHN EARLE SULLIVAN. (Kiersh, Steven) Modified text on 10/20/2023 (zstd). (Entered: 10/19/2023) |
| 10/20/2023 | 111 | Subpoena, dated 10/10/2023, Returned Executed on 10/18/2023 as to JOHN EARLE SULLIVAN (zstd) (Entered: 10/23/2023) |
| 10/24/2023 | | MINUTE ORDER as to JOHN EARLE SULLIVAN (1): It is hereby ORDERED that Motion 110 for Leave to Appear by Zoom is GRANTED. SO ORDERED by Judge Royce C. Lamberth on 10/24/2023. (lcrcl2) (Entered: 10/24/2023) |
| 10/24/2023 | 112 | MOTION to Dismiss Count *Eight of the Superseding Indictment* by USA as to JOHN EARLE SULLIVAN. (Attachments: # 1 Text of Proposed Order)(Barclay, Michael) (Entered: 10/24/2023) |
| 10/24/2023 | | Minute Entry for videoconference proceeding held on 10/24/2023 before Judge Royce C. Lamberth: Case originally called for Pretrial Conference but not held. Status Conference held as to JOHN EARLE SULLIVAN: Jury Selection/Jury Trial currently scheduled for 10/25/2023 is vacated and rescheduled for 11/6/2023 at 10:00 AM in Courtroom 15 (In Person) before Judge Royce C. Lamberth. A Pretrial Conference will be scheduled by the Court at a later date, the Defendant's in person appearance is waived. Oral motion by Defense to extend the witness subpoena through the second day of the reset trial date, heard and GRANTED. Bond Status of Defendant: remains on Personal Recognizance/appeared via video. US Attorneys: Michael Barclay and Rebekah Lederer. Defense Attorney: Steven Kiersh. Court Reporter: Jeff Hook. (smc) (Entered: 10/24/2023) |
| 10/24/2023 | | Set/Reset Hearings as to JOHN EARLE SULLIVAN: Jury Selection/Jury Trial set for 11/6/2023 at 10:00 AM in Courtroom 15 (In Person) before Judge Royce C. Lamberth. (smc) (Entered: 10/24/2023) |
| 10/27/2023 | | NOTICE OF HEARING as to JOHN EARLE SULLIVAN: Pretrial Conference set for 11/3/2023 at 2:00 PM in Courtroom 15 (In Person) before Judge Royce C. Lamberth. (smc) (Entered: 10/27/2023) |
| 10/31/2023 | 113 | ORDER granting Motion 112 to Dismiss Count Eight of the Superseding Indictment as to JOHN EARLE SULLIVAN (1). Signed by Judge Royce C. Lamberth on 10/30/2023. (lcrcl2) (Entered: 10/31/2023) |
| 11/02/2023 | | |

| | | |
|---|---|---|
| | | MINUTE ORDER as to JOHN EARLE SULLIVAN (1): It is hereby ORDERED that the Pretrial Conference is reset for 11/7/2023 at 10:00 AM in Courtroom 15– In Person before Judge Royce C. Lamberth. It is further ORDERED that Jury Selection/Jury Trial is reset for 11/7/2023 at 11:00 AM in Courtroom 15– In Person before Judge Royce C. Lamberth. It is further ORDERED that the defendant's witness subpoena is extended through 11/13/2023. SO ORDERED by Judge Royce C. Lamberth on 11/2/2023. (lcrcl2) (Entered: 11/02/2023) |
| 11/03/2023 | 115 | Motion for Order to have US Marshal arrange and incur the costs of hotel accommodations during trial by JOHN EARLE SULLIVAN. (Kiersh, Steven) Modified text on 11/3/2023 (zstd). (Entered: 11/03/2023) |
| 11/03/2023 | 116 | RESPONSE by USA as to JOHN EARLE SULLIVAN re 115 MOTION for Order to have US Marshal arrange and incur the costs of hotel accommodations during trial (Lederer, Rebekah) Modified text on 11/6/2023 (zstd). (Entered: 11/03/2023) |
| 11/05/2023 | 117 | DECLARATION *AFFIDAVIT OF JOHN SULLIVAN IN SUPPORT OF MOTION FOR ORDER TO HAVE US MARSHAL ARRANGE AND PAY FOR HOTEL ACCOMMODATIONS DURING TRIAL* by JOHN EARLE SULLIVAN (Kiersh, Steven) (Entered: 11/05/2023) |
| 11/06/2023 | | MINUTE ORDER as to JOHN EARLE SULLIVAN (1): It is hereby ORDERED that Motion 115 for Order for USMS to Arrange and Incur Costs of Hotel Accommodations During Trial is DENIED because as shown by the cases cited in the government's opposition, the Court does not have authority to order USMS to pay for subsistence while the defendant is in the District of Columbia for trial. SO ORDERED by Judge Royce C. Lamberth on 11/6/2023. (lcrcl2) (Entered: 11/06/2023) |
| 11/06/2023 | | NOTICE OF HEARING as to JOHN EARLE SULLIVAN: The Pretrial Conference set for 11/7/2023 will now be held at 10:30 AM in Courtroom 15 (In Person) before Judge Royce C. Lamberth. Jury Selection/Jury Trial will now begin at 11:30 AM in Courtroom 15 (In Person) before Judge Royce C. Lamberth.(smc) (Entered: 11/06/2023) |
| 11/06/2023 | 118 | NOTICE *of Intent to Offer Evidence under FRE 902(14)–Digital Device Extractions and Reports* by USA as to JOHN EARLE SULLIVAN (Lederer, Rebekah) (Entered: 11/06/2023) |
| 11/07/2023 | | Minute Entry for Pretrial Conference held on 11/7/2023 before Judge Royce C. Lamberth as to JOHN EARLE SULLIVAN: For the reasons stated on the record, the Court GRANTED pending motion 88 , DENIED pending motions |

| | | |
|---|---|---|
| | | 96 , 46 , 62 , 64 , 71 , 84 , and 89 and DENIED AS MOOT pending motion 47 . Oral motion by Defense to exclude Government's exhibit 1002.3, heard and RESERVED. Bond Status of Defendant: remains on personal recognizance. US Attorneys: Michael Barclay and Rebekah Lederer. Defense Attorney: Steven Kiersh. Court Reporter: Sherry Lindsay. (smc) (Entered: 11/07/2023) |
| 11/08/2023 | | Minute Entry for proceedings held before Judge Royce C. Lamberth as to JOHN EARLE SULLIVAN on 11/7/2023: Jury Selection commenced and continued to 11/8/2023 at 10:00 AM in Courtroom 15 (In Person) before Judge Royce C. Lamberth. Bond Status of Defendant: Continued on Personal Recognizance Bond. US Attorneys: Michael Barclay and Rebekah Lederer. Defense Attorney: Steven Kiersh. Court Reporter: Sherry Lindsay. (smc) (Entered: 11/08/2023) |
| 11/09/2023 | | Minute Entry for proceedings held on 11/8/2023 before Judge Royce C. Lamberth as to JOHN EARLE SULLIVAN: Jury Selection resumed and concluded with twelve jurors and two alternates selected but not sworn. Jury Trial set for 11/9/2023 at 10:00 AM in Courtroom 15 (In Person) before Judge Royce C. Lamberth. Bond Status of Defendant: Continued on Personal Recognizance. US Attorneys: Michael Barclay and Rebekah Lederer. Defense Attorney: Steven Kiersh. Court Reporter: Sherry Lindsay. (smc) (Entered: 11/09/2023) |
| 11/09/2023 | | MINUTE ORDER as to JOHN EARLE SULLIVAN (1): It is hereby ORDERED that the defense witness subpoena at 111 is extended through 11/14/2023. SO ORDERED by Judge Royce C. Lamberth on 11/9/2023. (lcrcl2) (Entered: 11/09/2023) |
| 11/09/2023 | | Minute Entry for Jury Trial held on 11/9/2023 before Judge Royce C. Lamberth as to JOHN EARLE SULLIVAN on Counts 1ss, 2ss, 3ss, 4ss, 5ss, 6ss and 7ss: Jury Selection concluded with a panel of twelve jurors and two alternates sworn. Jury Trial commenced and continued to 11/13/2023 at 10:00 AM in Courtroom 15 (in person) before Judge Royce C. Lamberth. Bond Status of Defendant: remains on Personal Recognizance. US Attorneys: Michael Barclay and Rebekah Lederer. Defense Attorney: Steven Kiersh. Government Witnesses: Elizabeth Glavey, Thomas Loyd and Adam Willem. Court Reporter: Sherry Lindsay. (smc) (Entered: 11/13/2023) |
| 11/13/2023 | | MINUTE ORDER: The Court having impaneled the jury in this action, it is hereby ORDERED that during trial and deliberations all meals for said jury shall be paid by the Clerk of the Court for the U.S. District Court for the District of Columbia. Approved by Judge Royce C. Lamberth on |

| | | |
|---|---|---|
| | | 11/09/2023. (smc) (Entered: 11/13/2023) |
| 11/13/2023 | | Minute Entry for Jury Trial held on 11/13/2023 before Judge Royce C. Lamberth as to JOHN EARLE SULLIVAN on Counts 1ss–7ss: Jury Trial resumed with same jury and alternates. Jury Trial continued to 11/14/2023 at 10:00 AM in Courtroom 15 (in person) before Judge Royce C. Lamberth. Bond Status of Defendant: remains on Personal Recognizance. US Attorneys: Michael Barclay and Rebekah Lederer. Defense Attorney: Steven Kiersh. Government Witnesses: Thomas Loyd, Daniel Schwager and Kyle Yetter. Court Reporter: Sherry Lindsay. (smc) (Entered: 11/13/2023) |
| 11/14/2023 | | Minute Entry for Jury Trial held on 11/14/2023 before Judge Royce C. Lamberth as to JOHN EARLE SULLIVAN on Counts 1ss–7ss: Jury Trial resumed with same jury and alternates. Jury Trial continued to 11/15/2023 at 10:30 AM in Courtroom 15 (in person) before Judge Royce C. Lamberth. Bond Status of Defendant: remains on Personal Recognizance. US Attorneys: Michael Barclay and Rebekah Lederer. Defense Attorney: Steven Kiersh. Government Witnesses: Benjamin Binger and Matthew Foulger. Defense Witnesses: Jade Sacker and John Earle Sullivan. Court Reporter: Sherry Lindsay. (smc) (Entered: 11/14/2023) |
| 11/15/2023 | | Minute Entry for Jury Trial held on 11/15/2023 before Judge Royce C. Lamberth as to JOHN EARLE SULLIVAN on Counts 1ss–7ss: Jury Trial resumed with same twelve jurors and one alternate. Juror Number 1180 was released from any further consideration in this case. Oral Rule 29 Motion by Defense, heard and DENIED. The Court gave Jury charge instructions. Jury Deliberations set for 11/16/2023 at 10:00 AM in Courtroom 15 (in person) before Judge Royce C. Lamberth. Bond Status of Defendant: remains on Personal Recognizance. US Attorneys: Michael Barclay and Rebekah Lederer. Defense Attorney: Steven Kiersh. Defense Witness: John Earle Sullivan. Court Reporter: Sherry Lindsay. (smc) (Entered: 11/15/2023) |
| 11/16/2023 | 120 | Joint Proposed Jury Instructions as to JOHN EARLE SULLIVAN. "Let this be filed." on 11/15/2023 by Royce C. Lamberth, U.S.D.J. (smc) (Entered: 11/16/2023) |
| 11/16/2023 | 121 | FINAL EXHIBIT LIST by USA as to JOHN EARLE SULLIVAN. (smc) (Entered: 11/16/2023) |
| 11/16/2023 | 122 | ATTORNEYS' ACKNOWLEDGMENT OF TRIAL EXHIBITS as to JOHN EARLE SULLIVAN. (smc) (Entered: 11/16/2023) |
| 11/16/2023 | | Minute Entry for Jury Trial held on 11/16/2023 before Judge Royce C. Lamberth as to JOHN EARLE SULLIVAN on Counts 1ss–7ss: Alternate Juror 2186 released. Jury |

| | | |
|---|---|---|
| | | Deliberations commenced and concluded. Jury Verdict of Guilty on Counts 1ss–7ss. Jury Panel discharged. REFERRAL TO PROBATION OFFICE for Presentence Investigation. Sentencing date to be set at a later date. Oral motion by Government for Defendant to be remanded pending sentencing, heard and GRANTED. Bond Status of Defendant: Remanded/Commitment issued. US Attorneys: Michael Barclay and Rebekah Lederer. Defense Attorney: Steven Kiersh. Court Reporter: Lorraine Herman. (smc) (Entered: 11/16/2023) |
| 11/17/2023 | 123 | Jury Notes (2) from 11/16/2023 as to JOHN EARLE SULLIVAN. (smc) (Entered: 11/17/2023) |
| 11/17/2023 | 124 | **Signature Page of Foreperson**<br><br>as to JOHN EARLE SULLIVAN in Jury Notes (2) from 11/16/2023. (Access to the PDF Document is restricted pursuant to the E–Government Act. Access is limited to Counsel of Record and the Court.) (smc) (Entered: 11/17/2023) |
| 11/17/2023 | 125 | Court's Response to Jury Note #1 as to JOHN EARLE SULLIVAN. Signed by Judge Royce C. Lamberth on 11/16/2023. (smc) (Entered: 11/17/2023) |
| 11/17/2023 | 126 | VERDICT FORM as to JOHN EARLE SULLIVAN. (smc) (Entered: 11/17/2023) |
| 11/17/2023 | 127 | **Signature Page of Foreperson**<br><br>as to JOHN EARLE SULLIVAN in Jury Verdict. (Access to the PDF Document is restricted pursuant to the E–Government Act. Access is limited to Counsel of Record and the Court.) (smc) (Entered: 11/17/2023) |
| 11/28/2023 | 128 | MOTION for Release from Detention Pending Sentencing by JOHN EARLE SULLIVAN. (Kiersh, Steven) Modified event type and text on 11/29/2023 (zstd). (Entered: 11/28/2023) |
| 12/04/2023 | 129 | RESPONSE by USA as to JOHN EARLE SULLIVAN re 128 MOTION *for Release Pending Sentencing* (Barclay, Michael) (Entered: 12/04/2023) |
| 12/13/2023 | | MINUTE ORDER as to JOHN EARLE SULLIVAN (1): It is hereby ORDERED that Motion 128 for Release Pending Sentencing is DENIED for the reasons stated in the government's Response 129 . Mr. Sullivan raised these same arguments in opposition to the government's oral motion to remand Mr. Sullivan pending sentencing. Mr. Sullivan's written motion has not raised new grounds for release. Based on the parties' filings, the Court does not see an adequate basis for revisiting its earlier ruling. SO ORDERED by Judge Royce C. Lamberth on 12/13/2023. (lcrcl2) (Entered: |

| | | |
|---|---|---|
| | | 12/13/2023) |
| 12/22/2023 | | NOTICE OF HEARING as to JOHN EARLE SULLIVAN: Sentencing set for 3/21/2024 at 10:00 AM in Courtroom 15 before Judge Royce C. Lamberth. (smc) (Entered: 12/22/2023) |
| 12/28/2023 | 130 | MOTION to Continue *Sentencing Date and Motion for Reconsideration of Motion for Release Pending Sentencing* by JOHN EARLE SULLIVAN. (Kiersh, Steven) (Entered: 12/28/2023) |
| 12/28/2023 | 131 | MOTION for Reconsideration re 128 MOTION filed by JOHN EARLE SULLIVAN by JOHN EARLE SULLIVAN. (See docket entry 130 to view document.) (zstd) (Entered: 12/28/2023) |
| 01/02/2024 | 132 | Memorandum in Opposition by USA as to JOHN EARLE SULLIVAN re 130 Motion to Continue, 131 Motion for Reconsideration *of Release Pending Sentencing* (Barclay, Michael) (Entered: 01/02/2024) |
| 01/18/2024 | 133 | ORDER denying Motion 130 to Continue Sentencing Date and Motion for Reconsideration as to JOHN EARLE SULLIVAN (1). Signed by Judge Royce C. Lamberth on 1/18/2024. (lcrcl2) (Entered: 01/18/2024) |
| 02/06/2024 | 134 | TRANSCRIPT OF JURY QUESTION AND VERDICT PROCEEDINGS in case as to JOHN EARLE SULLIVAN, before Judge Royce C. Lamberth, held on November 16, 2023. Page Numbers: 1–8. Court Reporter: Lorraine Herman. Email: lorraine_herman@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 2/27/2024. Redacted Transcript Deadline set for 3/8/2024. Release of Transcript Restriction set for 5/6/2024.(Herman, Lorraine) (Entered: 02/06/2024) |

| 02/11/2024 | 135 | TRANSCRIPT OF PROCEEDINGS in case as to JOHN EARLE SULLIVAN before Judge Royce C. Lamberth held on 11/9/23; Page Numbers: 1−162. Date of Issuance:2/11/24. Court Reporter/Transcriber Sherry Lindsay, Telephone number 202−354−3053, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 3/3/2024. Redacted Transcript Deadline set for 3/13/2024. Release of Transcript Restriction set for 5/11/2024.(stl) (Entered: 02/11/2024) |
| 02/11/2024 | 136 | TRANSCRIPT OF PROCEEDINGS in case as to JOHN EARLE SULLIVAN before Judge Royce C. Lamberth held on 11/13/23; Page Numbers: 1−196. Date of Issuance:2/11/24. Court Reporter/Transcriber Sherry Lindsay, Telephone number 202−354−3053, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 3/3/2024. Redacted Transcript Deadline set for 3/13/2024. Release of Transcript Restriction |

| | | |
|---|---|---|
| | | set for 5/11/2024.(stl) (Entered: 02/11/2024) |
| 02/11/2024 | 137 | TRANSCRIPT OF PROCEEDINGS in case as to JOHN EARLE SULLIVAN before Judge Royce C. Lamberth held on 11/14/23; Page Numbers: 1–201. Date of Issuance:2/11/24. Court Reporter/Transcriber Sherry Lindsay, Telephone number 202–354–3053, Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 3/3/2024. Redacted Transcript Deadline set for 3/13/2024. Release of Transcript Restriction set for 5/11/2024.(stl) (Entered: 02/11/2024) |
| 02/11/2024 | 138 | TRANSCRIPT OF PROCEEDINGS in case as to JOHN EARLE SULLIVAN before Judge Royce C. Lamberth held on 11/15/23; Page Numbers: 1–200. Date of Issuance:2/11/24. Court Reporter/Transcriber Sherry Lindsay, Telephone number 202–354–3053, Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |

| | | |
|---|---|---|
| | | Redaction Request due 3/3/2024. Redacted Transcript Deadline set for 3/13/2024. Release of Transcript Restriction set for 5/11/2024.(stl) (Entered: 02/11/2024) |
| 03/05/2024 | 140 | ENTERED IN ERROR.....NOTICE of objections to material/factual inaccuracies in PSR by JOHN EARLE SULLIVAN (Kiersh, Steven) Modified on 3/5/2024 (zstd). (Entered: 03/05/2024) |
| 03/05/2024 | | NOTICE OF ERROR as to JOHN EARLE SULLIVAN regarding 140 Notice (Other). The following error(s) need correction: Incorrect event. Please refile using event Other Documents: Parties Obligation and Response to Presentence Report. (zstd) (Entered: 03/05/2024) |
| 03/07/2024 | 143 | Joint MOTION to Continue *Sentencing* by USA as to JOHN EARLE SULLIVAN. (Attachments: # 1 Text of Proposed Order)(Lederer, Rebekah) (Entered: 03/07/2024) |
| 03/08/2024 | 144 | ORDER granting Motion 143 to Continue Sentencing as to JOHN EARLE SULLIVAN (1). Sentencing reset for 4/26/2024 at 12:30 PM in Courtroom 15– In Person before Judge Royce C. Lamberth. Signed by Judge Royce C. Lamberth on 3/8/2024. (lcrcl2) (Entered: 03/08/2024) |
| 03/09/2024 | 145 | TRANSCRIPT OF PROCEEDINGS in case as to JOHN EARLE SULLIVAN before Judge Royce C. Lamberth held on 11/7/23; Page Numbers: 1–144. Date of Issuance:3/9/2024. Court Reporter/Transcriber Sherry Lindsay, Telephone number 202–354–3053, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 3/30/2024. Redacted Transcript Deadline set for 4/9/2024. Release of Transcript Restriction set for 6/7/2024.(stl) (Entered: 03/09/2024) |
| 03/09/2024 | 146 | TRANSCRIPT OF PROCEEDINGS in case as to JOHN EARLE SULLIVAN before Judge Royce C. Lamberth held |

| | | |
|---|---|---|
| | | on 11/8/2023; Page Numbers: 1–210. Date of Issuance:3/9/2024. Court Reporter/Transcriber Sherry Lindsay, Telephone number 202–354–3053, Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 3/30/2024. Redacted Transcript Deadline set for 4/9/2024. Release of Transcript Restriction set for 6/7/2024.(stl) (Entered: 03/09/2024) |
| 04/10/2024 | | NOTICE OF HEARING as to JOHN EARLE SULLIVAN: Due to a scheduling conflict, the Sentencing set for 4/26/2024 will now be held at 2:30 PM (same day, different time) in Courtroom 15 (In Person) before Judge Royce C. Lamberth. (smc) (Entered: 04/10/2024) |
| 04/19/2024 | <u>149</u> | SENTENCING MEMORANDUM by USA as to JOHN EARLE SULLIVAN (Attachments: # <u>1</u> Exhibit, # <u>2</u> Exhibit, # <u>3</u> Exhibit, # <u>4</u> Exhibit, # <u>5</u> Exhibit, # <u>6</u> Exhibit, # <u>7</u> Exhibit, # <u>8</u> Exhibit)(Lederer, Rebekah) (Entered: 04/19/2024) |
| 04/19/2024 | <u>150</u> | SENTENCING MEMORANDUM by JOHN EARLE SULLIVAN (Kiersh, Steven) (Entered: 04/19/2024) |
| 04/19/2024 | <u>151</u> | SUPPLEMENT by JOHN EARLE SULLIVAN re <u>150</u> SENTENCING MEMORANDUM (Kiersh, Steven) Modified text and to add link on 4/22/2024 (zstd). (Entered: 04/19/2024) |
| 04/21/2024 | <u>152</u> | MOTION for Release Pending Appeal by JOHN EARLE SULLIVAN. (Kiersh, Steven) Modified text on 4/22/2024 (zstd). Modified on 4/26/2024 (zsmc). (Entered: 04/21/2024) |
| 04/26/2024 | | Minute Entry for Sentencing held on 4/26/2024 before Judge Royce C. Lamberth as to JOHN EARLE SULLIVAN: It is the judgment of the Court, the Defendant is hereby committed to the custody of the Bureau of Prisons for a term of Seventy–Two (72) months on Counts 1ss, 3ss and 4ss, a |

| | | |
|---|---|---|
| | | term of Sixty (60) months on Counts 2ss and 5ss, and a term of Six (6) months on Counts 6ss and 7ss, with all such terms to run concurrently. The Defendant is further sentenced to serve a Twenty–Four (24) month term of supervised release as to each of Counts 1ss, 2ss, 3ss, 4ss and 5ss, with all such terms to run concurrently. In addition, the Defendant is ordered to pay restitution in the amount of $2,000 and a special assessment of $100 for each of Counts 1ss, 2ss, 3ss, 4ss and 5ss and $10 for each of Counts 6ss and 7ss, for a total of $520. Defendant's 152 Motion for release pending appeal is DENIED for reasons stated on the record. Bond Status of Defendant: Committed – Commitment Issued. US Attorneys: Michael Barclay and Rebekah Lederer. Defense Attorney: Steven Kiersh. Defense Character Witness: John Joseph Sullivan. Probation Officer: Aidee Gavito. Court Reporter: Sherry Lindsay. (smc) (Entered: 04/26/2024) |
| 04/29/2024 | 153 | JUDGMENT as to JOHN EARLE SULLIVAN. Statement of Reasons Not Included. Signed by Judge Royce C. Lamberth on 4/29/2024. (zstd) (Entered: 04/30/2024) |
| 04/29/2024 | 154 | STATEMENT OF REASONS as to JOHN EARLE SULLIVAN re 153 Judgment Access to the PDF Document is restricted per Judicial Conference Policy. Access is limited to Counsel of Record and the Court. Signed by Judge Royce C. Lamberth on 4/29/2024. (zstd) (Entered: 04/30/2024) |
| 05/05/2024 | 156 | NOTICE OF APPEAL – Final Judgment by JOHN EARLE SULLIVAN Fee Status: No Fee Paid. Parties have been notified. (Kiersh, Steven) (Entered: 05/05/2024) |
| 05/06/2024 | 157 | Transmission of the Notice of Appeal, Order Appealed, and Docket Sheet to US Court of Appeals. The fee was not paid as the defendant is represented by a CJA appointed attorney as to JOHN EARLE SULLIVAN re 156 Notice of Appeal – Final Judgment. (zstd) (Entered: 05/06/2024) |
| 05/06/2024 | | USCA Case Number as to JOHN EARLE SULLIVAN 24–3051 for 156 Notice of Appeal – Final Judgment filed by JOHN EARLE SULLIVAN. (zstd) (Entered: 05/06/2024) |
| 06/24/2024 | 158 | TRANSCRIPT OF PROCEEDINGS in case as to JOHN EARLE SULLIVAN before Judge Royce C. Lamberth held on 4/26/24; Page Numbers: 1–48. Date of Issuance:6/24/24. Court Reporter/Transcriber Sherry Lindsay, Telephone number 503–894–2968, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) |

| | | |
|---|---|---|
| | | may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/15/2024. Redacted Transcript Deadline set for 7/25/2024. Release of Transcript Restriction set for 9/22/2024.(stl) (Entered: 06/24/2024) |
| 08/08/2024 | 159 | MOTION to Vacate under 28 U.S.C. 2255. *Motion for Release from Custody, to Vacate the 18 USC Section 1512 Conviction and for a New Sentencing Hearing* NO DOCUMENTS ARE TO BE FILED IN THE CIVIL 2255 ACTION. ALL DOCUMENTS ARE TO BE FILED IN THIS CRIMINAL CASE by JOHN EARLE SULLIVAN. (Kiersh, Steven)<br>Civil case 1:24–cv–02320–RCL opened. (Entered: 08/08/2024) |
| 08/08/2024 | 160 | MOTION for Release from Custody and MOTION for a New Sentencing Hearing by JOHN EARLE SULLIVAN. (See docket entry 159 to view document.) (zstd) (Entered: 08/12/2024) |
| 08/23/2024 | 161 | MOTION to Hold in Abeyance re 160 MOTION for Release from Custody MOTION for Hearing by USA as to JOHN EARLE SULLIVAN. (Attachments: # 1 Text of Proposed Order)(Lederer, Rebekah) (Entered: 08/23/2024) |
| 10/24/2024 | 162 | MEMORANDUM ORDER as to JOHN EARLE SULLIVAN (1): Upon consideration of the defendant's Motion 159 to Vacate Under 28 U.S.C. 2255, the Government's Motion 161 to Hold in Abeyance, and the entire record herein, and for the reasons contained in this Memorandum Order, it is hereby ORDERED that the defendant's Motion is DENIED; and it is further ORDERED that the Government's Motion is DENIED AS MOOT. Signed by Judge Royce C. Lamberth on 10/23/2024. (lcrcl2) (Entered: 10/24/2024) |
| 02/27/2025 | 163 | MANDATE of USCA as to JOHN EARLE SULLIVAN re 156 Notice of Appeal – Final Judgment. In accordance with the Order filed on February 27, 2025, it is Ordered that the judgment of the district court be vacated and the case be remanded with instructions to dismiss the case as moot. USCA Case Number 24–3051. (Attachments: # 1 USCA Order of 2/27/2025)(zstd) (Entered: 02/28/2025) |

| 03/04/2025 | 164 | ORDER as to JOHN EARLE SULLIVAN (1): Upon consideration of the D.C. Circuit's Order of February 27, 2025, No. 24–3051, it is hereby ORDERED that the case is DISMISSED AS MOOT. Signed by Judge Royce C. Lamberth on 03/04/2025. (lcrcl2) (Entered: 03/04/2025) |
| --- | --- | --- |
| 03/15/2025 | 165 | MOTION for Return of All Assets Seized During Arrest by JOHN EARLE SULLIVAN. (Kiersh, Steven) Modified event type and text on 3/17/2025 (zstd). (Entered: 03/15/2025) |
| 03/28/2025 | 166 | MOTION for Extension of Time to File Response/Reply as to 165 MOTION *for Return of All Assets Seized during Arrest* by USA as to JOHN EARLE SULLIVAN. (Blackwell, Jennifer) (Entered: 03/28/2025) |
| 04/11/2025 | 167 | ORDER as to JOHN EARLE SULLIVAN (1): Upon consideration of the Government's Motion 166 for an Extension of Time to File a Response, and the entire record herein, it is hereby ORDERED that the Motion is GRANTED, nunc pro tunc; and it is further ORDERED that the Government shall file a response to the defendant's Motion 165 for a Return of Assets on or before April 12, 2025. Signed by Judge Royce C. Lamberth on 04/10/2025. (lcrcl2) (Entered: 04/11/2025) |
| 04/11/2025 | 168 | RESPONSE by USA as to JOHN EARLE SULLIVAN re 165 MOTION *to Return Assets* (Barclay, Michael) (Entered: 04/11/2025) |
| 04/12/2025 | 169 | ORDER as to JOHN EARLE SULLIVAN (1): It is hereby ORDERED that, within 3 days of the issuance of this Order, the government shall file a supplemental notice informing the Court as to the location of Mr. Sullivans funds. That notice must state specifically whether Mr. Sullivans funds have ever passed into the custody of the United States Treasury. It is further Ordered that the government shall not remit the funds that are the subject of Mr. Sullivan's Motion 165 for Return of Assets until the Court has ruled on that Motion. Signed by Judge Royce C. Lamberth on 04/12/2025. (lcrcl2) (Entered: 04/12/2025) |
| 04/15/2025 | 170 | RESPONSE TO ORDER OF THE COURT by USA as to JOHN EARLE SULLIVAN re 169 Order,, (Barclay, Michael) (Entered: 04/15/2025) |
| 05/20/2025 | 171 | MEMORANDUM OPINION as to JOHN EARLE SULLIVAN (1) re: defendant's Motion 165 for Return of All Assets Seized During Arrest. A separate Order will issue consistent with this Opinion. Signed by Judge Royce C. Lamberth on 05/20/2025. (lcrcl2) (Entered: 05/20/2025) |
| 05/20/2025 | 172 | ORDER as to JOHN EARLE SULLIVAN (1): Upon consideration of the defendant's Motion 165 for Return of All Assets Seized During Arrest, the Government's |

| | | |
|---|---|---|
| | | Response <u>168</u> thereto and Supplemental Notice <u>170</u> , and the entire record herein, and for the reasons contained in the accompanying Memorandum Opinion, it is hereby ORDERED that the Motion is DENIED; and it is further ORDERED that the Government shall not return the $62,813.76 forfeited by Mr. Sullivan and currently housed in the U.S. Marshals Service's Seized Asset Deposit Fund to him, unless and until an appropriation statute is enacted permitting the disbursal of such funds and the Court authorizes such a disbursal. Signed by Judge Royce C. Lamberth on 05/20/2025. (lcrcl2) (Entered: 05/20/2025) |
| 05/28/2025 | <u>173</u> | NOTICE OF APPEAL – Final Judgment by JOHN EARLE SULLIVAN Fee Status: No Fee Paid. Parties have been notified. (Kiersh, Steven) (Entered: 05/28/2025) |

CO-290
Rev. 3/88

Notice of Appeal Criminal

## United States District Court for the District of Columbia

UNITED STATES OF AMERICA )
)
vs. )    Criminal No. _21-cr-78(RCL)_____
)
John Sullivan )

### NOTICE OF APPEAL

Name and address of appellant:          John Sullivan
213 W. Civic Center Drive
Apt. 169
Sandy Utah, 84070

Name and address of appellant's attorney:    Steven R. Kiersh
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015
(202) 997-1125
skiersh@aol.com

Offense:

Concise statement of judgment or order, giving date, and any sentence:

Order denying defendant's Motion to Return Seized Funds dated May 20, 2025

Name and institution where now confined, if not on bail:

I, the above named appellant, hereby appeal to the United States Court of Appeals for the District of Columbia Circuit from the above-stated judgment.

_5/28/25_____        _JOHN SULLIVAN_____
DATE                                    APPELLANT

_STEVEN R. KIERSH_____
ATTORNEY FOR APPELLANT

GOVT. APPEAL, NO FEE  [  ]
CJA, NO FEE           [✔]
PAID USDC FEE         [  ]
PAID USCA FEE         [  ]
Does counsel wish to appear on appeal?              YES [✔]    NO [  ]
Has counsel ordered transcripts?                    YES [  ]    NO [✔]
Is this appeal pursuant to the 1984 Sentencing Reform Act?   YES [  ]    NO [✔]

38

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No. 1:21-cr-78-RCL |
| JOHN EARLE SULLIVAN, | |
| *Defendant.* | |

## ORDER

Upon consideration of the defendant's Motion for Return of All Assets Seized During Arrest [ECF No. 165], the Government's Response [ECF No. 168] thereto and Supplemental Notice [ECF No. 170], and the entire record herein, and for the reasons contained in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that the Motion is **DENIED**; and it is further

**ORDERED** that the Government shall not return the $62,813.76 forfeited by Mr. Sullivan and currently housed in the U.S. Marshals Service's Seized Asset Deposit Fund to him, unless and until an appropriation statute is enacted permitting the disbursal of such funds and the Court authorizes such a disbursal.

Date: May 20, 2025

Royce C. Lamberth
United States District Judge

1

39

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Case No. 1:21-cr-78-RCL** |
| **JOHN EARLE SULLIVAN**, | |
| *Defendant*. | |

## MEMORANDUM OPINION

As part of his sentence for his role in the Capitol Riots of January 6, 2021, defendant John Earle Sullivan forfeited $62,813.76 that he accrued by selling footage of that day's events. While his conviction was pending appeal before the D.C. Circuit, Mr. Sullivan received a Presidential pardon, and his convictions were subsequently vacated. He now seeks to recover these forfeited funds, which are being held in a deposit account in the United States Treasury.

Then-interim U.S. Attorney for the District of Columbia Edward Martin agreed that Mr. Sullivan is entitled to the return of these funds, and maintained that the Government possesses the authority to disburse them. However, the Appropriations Clause of the Constitution forbids doing so. For the reasons that follow, the Court will **DENY** Mr. Sullivan's Motion and **ORDER** the Government not to disburse his funds absent a duly enacted Congressional appropriation.

## I.    BACKGROUND

Defendant John Earle Sullivan participated in the Capitol Riots of January 6, 2021. His motives for participating in the riots were, to put it gently, idiosyncratic. As the Court found from the evidence adduced at trial and recounted at his sentencing, Mr. Sullivan was unlike many other rioters insofar as he was not motivated by a belief that the 2020 Presidential election was rigged or stolen: "Some [January 6 defendants] started out with innocent intentions but got swept up in the moment. Others sought to use violence to achieve specific political ends. But for Mr. Sullivan,

1

violence was an end [un]to itself." Sent. Tr. at 31:16–19, ECF No. 158. For instance, when some other rioters encouraged the mob to act peacefully, he loudly shot down their suggestion and encouraged the use of violence instead, and repeatedly let other rioters know that he had brought a knife with him. *Id.* at 32:21–33:7; *see also* Trial Tr. Nov. 13, 2023, at 39:10, ECF No. 135.

Mr. Sullivan callously used the riots as an opportunity for personal profit, manipulating other rioters for his own gain. Under the pretense of "journalism," he recorded the day's events, intending to sell the footage for profit. At one point during the day, another rioter captured Mr. Sullivan on camera speaking with surprisingly candid disdain for the other rioters: "I brought my megaphone to instigate shit . . . I'm gonna make these Trump supporters f— all this shit up . . . Trust me when I say my footage is worth like . . . millions of dollars." Opp'n to Mot. for Release of Funds 8, ECF No. 29[1]; *see also* Trial Tr. Nov. 14, 2023, at 29:24 (Mr. Sullivan "called around to shop the footage to various media outlets" and "wanted to sell" it).

Mr. Sullivan cynically and falsely portrayed himself as a journalist not only to legitimize his cruel profiteering—at the expense of the police, his fellow rioters, and his country—but also in hopes of evading legal accountability for his actions. Indeed, he all but admitted his intended ploy in a video that he took the day before the Riots: "I think I made up, uh—what did I say I was? Oh yeah, I was just a journalist, but I use that all the time." Opp'n to Mot. for Release of Funds at 8[1]; *see also* Trial Tr. Nov. 15, 2023, at 47:21 (discussing a video recording in which Mr. Sullivan stated that he did not consider himself a journalist). He later remarked that he attended the Capitol Riots posing as a journalist so that, in his own words, "I don't get arrested." Sent'g Tr. at 33:16; *see also* Trial Tr. Nov. 15, 2023, at 93:4, ECF No. 138.

---

[1] These quotations, and one on the following page, derive from the Government's opposition to Mr. Sullivan's Motion for Release of Funds, which he filed in May of 2021. *See* Mot. for Release of Funds, ECF No. 25. Mr. Sullivan's reply brief in support of that motion does not dispute these quotations' veracity or their attribution to him, so the Court considers their accuracy to be conceded. *See generally* Reply in Support of Mot. for Release of Funds, ECF No. 31.

2

Most notably, in footage that the Court has seen, Mr. Sullivan at one point encouraged rioters to break down the Speaker's Lobby doors. Eventually, the rioters broke a glass pane in one of those doors. Spurred on by Mr. Sullivan incitements, and despite the warnings of the police, a rioter named Ashli Babbitt began climbing through the pane with a folding knife in her pocket. Perceiving an imminent threat to the lawmakers and staff inside, a Capitol Police officer shot and killed her. Mr. Sullivan captured the entire horrific incident on video, and later sold this and other footage for a tidy sum of over $90,000. Sent'g Tr. at 33:8–16; *see* Forfeiture Allegation, Superseding Indictment at 5, ECF No. 56. Mr. Sullivan was perfectly content to see his fellow rioters get arrested, beaten, or worse, so long as he escaped unscathed and with cash lining his pockets. In a recording by another individual, Mr. Sullivan is heard celebrating that he had captured Ms. Babbitt's death, proclaiming: "Everybody's gonna want this [footage]. Nobody has it. I'm selling it, I could make millions of dollars." Opp'n to Mot. for Release of Funds at 8.

On April 29, 2021, pursuant to two warrants issued by a magistrate judge, the Government seized $62,813.76 from Mr. Sullivan's bank account attributable to his sale of the Capitol Riots footage. *See* Def.'s Mot. for Release of Funds 2, ECF No. 25; Opp'n to Mot. for Release of Funds at 10. On November 16, 2023, a jury convicted Mr. Sullivan on all counts of a seven-count indictment. Verdict Form, ECF No. 126. On April 26, 2024, this Court delivered Mr. Sullivan's sentence, which included the forfeiture of the ill-gotten proceeds taken from his bank account and Venmo wallet. *See* Judgment at 8, ECF No. 153. Mr. Sullivan appealed, and while that appeal was pending, he received a Presidential pardon. Proclamation No. 10887, 90 Fed. Reg. 8331 (Jan. 20, 2025). As a result, the D.C. Circuit vacated this Court's judgment and remanded with instructions to dismiss the case as moot, which this Court subsequently did. *See* U.S. Court of Appeals Order of February 27, 2025, ECF No. 163-1; Order of March 4, 2025, ECF No. 164.

3

On March 15, 2025, Mr. Sullivan filed a motion for the return of his forfeited assets. *See* Mot. for Return of All Assets Seized During Arrest, ECF No. 165. On April 11, 2025, the Government responded to Mr. Sullivan's Motion, indicating that it did not oppose the relief that Mr. Sullivan sought and intended to remit the forfeited funds back to him. *See* Gov's Resp. 2, ECF No. 168. The Court, however, registered its belief—further explored and confirmed in this Opinion—that funds may not be drawn from the United States Treasury without a Congressional appropriation, even in the event of a pardon. *See* Order of April 12, 2025, at 2, ECF No. 169. The Court therefore ordered the Government to refrain from disbursing the forfeited funds pending further order of the Court, and also ordered the Government to file a supplemental notice about the location and custody of the funds taken from Mr. Sullivan's bank and Venmo accounts. *Id.* at 3. On April 15, 2025, the Government filed its supplemental notice, revealing that the forfeited funds have been stored since December 27, 2023 in the United States Marshals Service's Seized Asset Deposit Fund ("SADF"), a deposit account in the United States Treasury. *See* Gov's Suppl. Notice 2, ECF No. 170. The Government continues to maintain, however, that the Court may— indeed, must—authorize the return of those assets to Mr. Sullivan.

## II. *KNOTE v. UNITED STATES* DICTATES THAT MR. SULLIVAN'S FUNDS CANNOT BE RETURNED WITHOUT A CONGRESSIONAL APPROPRIATION.

There are two candidates for which Supreme Court case controls the outcome of this proceeding: *Knote v. United States*, 95 U.S. (5 Otto) 149 (1877), and *Nelson v. Colorado*, 581 U.S. 128 (2017). The Government urges that the latter controls. The Court disagrees.

*Knote* concerned a supporter of the Confederacy whose property in West Virginia had been confiscated in connection with charges of treason and rebellion levied against him. *Knote*, 95 U.S. at 149. A federal court ordered that this property be sold, yielding proceeds of $11,000, which were paid into the United States Treasury. *Id.* at 149, 152. After receiving a pardon from President

4

Johnson, the litigant argued that he was entitled to the proceeds from the sale of his condemned

property.  *Id.* at 150.  The Supreme Court ruled against him, holding that a pardon does not

> affect any rights which have vested in others directly by the
> execution of the judgment for the offence, or which have been
> acquired by others whilst that judgment was in force. . . . [I]f the
> proceeds have been paid into the treasury, the right to them has so
> far become vested in the United States that they can only be secured
> to the former owner of the property through an act of Congress.
> Moneys once in the treasury can only be withdrawn by an
> appropriation by law.  However large, therefore, may be the power
> of pardon possessed by the President, and however extended may be
> its application, there is this limit to it, as there is to all his powers,—
> *it cannot touch moneys in the treasury of the United States, except
> expressly authorized by act of Congress*. . . .  Where, however,
> property condemned, or its proceeds, have not thus vested, but
> remain under control of the Executive, or of officers subject to his
> orders, or are in the custody of the judicial tribunals, the property
> will be restored or its proceeds delivered to the original owner, upon
> his full pardon.  The property and the proceeds are not considered
> as so absolutely vesting in third parties or in the United States as to
> be unaffected by the pardon until they have passed out of the
> jurisdiction of the officer or tribunal.

*Id.* at 149, 154 (emphasis added).  Though *Knote* is now nearly 150 years old, the Supreme

Court reaffirmed the validity of this holding in more recent years.  *See, e.g.*, *Off. of Pers. Mgmt. v.

Richmond*, 496 U.S. 414, 425–26 (1990) (quoting *Knote* and noting that "the pardon power cannot

override the command of the Appropriations Clause").  The Court of Appeals for the D.C. Circuit

has applied *Knote* as recently as 1994.  *See In re North*, 62 F.3d 1434, 1435–36 (D.C. Cir. 1994)

(Sentelle, J.) (holding that "the Constitution [and] *Knote* . . . forbid" the court from "authoriz[ing]

payment from the Treasury" to a pardon recipient without "congressional authorization").  And

other Circuit Courts of Appeals have continued to apply it within the last couple of years.  *See,

e.g.*, *Boultbee v. United States*, No. 2024-2260, 2025 WL 1077679, at *2 (Fed. Cir. Apr. 10, 2025)

("Pardons . . . cannot restore money transferred to the U.S. Treasury, 'except expressly authorized

by act of Congress.'") (quoting *Knote*, 95 U.S. at 154); *CFPB v. Law Offs. of Crystal Moroney,*

*P.C.*, 63 F.4th 174, 182 (2d Cir. 2023) (citing *Knote* for the proposition that payments from the Treasury require statutory authorization); *Fordham v. Ga. Dep't of Admin. Servs.*, No. 23-11214, 2023 WL 5747709, at *2 (11th Cir. Sept. 6, 2023) ("Though a pardon 'releases the offender from the consequences of his offence,' including asset forfeiture," nevertheless "a pardon does not affect any property rights 'vested in others directly by the execution of the judgment for the offence, or which have been acquired by others whilst that judgment was in force'") (first quoting *Osborn v. United States*, 91 U.S. 474, 477 (1875), and then quoting *Knote*, 95 U.S. at 154).[2]

*Nelson*, the more recent case on which the Government relies, arose under very different circumstances. The named petitioner in that case was convicted by jury in a Colorado state court of physically and sexually abusing her children, and was ordered to pay over $8,000 in costs, fees, and restitution in addition to her prison sentence. *Nelson*, 581 U.S. at 131. Her conviction was reversed due to a trial error, and she was acquitted upon retrial. *Id.* The other petitioner in that case was convicted of attempting to patronize a child prostitute and attempted sexual assault. *Id.* He, too, was ordered to pay over $4,000 in costs, fees, and restitution. *Id.* One of his convictions was reversed by the Colorado Supreme Court on appeal, whereas the other was vacated by a Colorado state postconviction court. *Id.* Both petitioners moved for a return of the funds that they had thus far paid due to their erstwhile convictions. *Id.* at 132. However, the courts of Colorado denied their requests because a Colorado statute, the Exoneration Act, required a petitioner to prove his or her actual innocence by clear and convincing evidence before such assets could be recouped. *Id.* at 133–34. The United States Supreme Court determined that the Exoneration Act's reimbursement scheme was incompatible with the Due Process Clause of the Fourteenth

---

[2] For examples of other Circuit Courts of Appeals that have recently relied on *Knote*, though somewhat less recently than the ones cited above, see, e.g., *Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 391 (9th Cir. 2000), and *PA Prison Soc'y v. Cortes*, 622 F.3d 215, 243 (3d Cir. 2010). *See also Yasak v. Ret. Bd. of Policemen's Annuity and Benefit Fund of Chi.*, 357 F.3d 677, 683–84 (7th Cir. 2004) (Ripple, J., dissenting).

6

Amendment, in part because "an invalid conviction is no conviction at all," and thus Colorado had no cognizable interest in "withholding from [the petitioners] money to which the State currently has zero claim of right." *Id.* at 136 n.10, 139 (quotation omitted). The Court concluded that "[t]o comport with due process, a State may not impose anything more than minimal procedures on the refund of exactions dependent upon a conviction subsequently invalidated." *Id.* at 139.

The Government contends that *Nelson* controls because "[Mr.] Sullivan's convictions," like those in *Nelson* but unlike that in *Knote*, "were not yet final" at the time of his pardon, and were "vacated on direct appeal." Gov's Resp. at 2. At least one court has seemingly endorsed this argument. *See Boultbee v. United States*, No. 23-1884, 2024 WL 3220261, at *4 (Fed. Cl. June 27, 2024) (distinguishing *Nelson* from *Knote* on the basis that "*Nelson* involved individuals whose convictions were invalidated on appellate review, not pardons."), *aff'd*, 2025 WL 1077679 (Fed. Cir. Apr. 10, 2024).[3]

Respectfully, although the Government and the Court of Federal Claims have correctly identified *a* difference between *Knote* and *Nelson*, they have both misdiagnosed the real operative difference between them.[4] *Nelson*, at bottom, is a case about the Due Process Clause of the Fourteenth Amendment and its supremacy over contradictory state law. At a high level of abstraction, it stands for the proposition that the several states may not erect procedural barriers that violate the federal Constitution's guarantee of due process. Accordingly, a state may not require a person whose presumption of innocence has been restored by the vacatur of his

---

[3] Although the Court of Appeals for the Federal Circuit affirmed this opinion of the Court of Federal Claims, it bears mention that the Federal Circuit's opinion did not mention *Nelson*, much less address the *Knote / Nelson* distinction.

[4] It bears mention as well that the D.C. Circuit has applied *Knote* in a case where the defendant's conviction was not yet final at the time of his pardon. *See In re North*, 62 F.3d at 1435 (pardon issued "after the jury verdict but before judgment of conviction was entered"). *In re North* preceded *Nelson* by more than thirty years, but at least one other federal court has approvingly cited *Knote*'s Appropriations Clause holding in the few years since *Nelson*. *See United States v. Carter*, No. 16-200032-02-JAR, 2020 WL 430739, at *3 n.12 (D. Kan. Jan. 28, 2020) (Robinson, C.J.). The Court is aware of no authority for the proposition that *Nelson* partially abrogated or otherwise narrowed *Knote*.

conviction(s) to *prove* his innocence in order to recoup his forfeited property. The facts of *Nelson*, of course, did not implicate the federal Constitution's Appropriations Clause in any way whatsoever, because none of the petitioners' disputed funds were held in the federal Treasury.

*Knote*, on the other hand, is not about due process; indeed, neither the word "due" nor "process" appears even once in the opinion. And that stands to reason: Unlike Colorado had done with its Exoneration Act, the federal government in *Knote* did not enact any procedural obstacles or evidentiary hurdles whatsoever to the disbursement of *Knote*'s proceeds. The only obstacle to repayment was the Appropriations Clause itself which, according to *Knote*, demands that funds may not leave the Treasury absent an appropriation.[5]

The instant case is materially identical to *Knote*. Mr. Sullivan's forfeited funds "passed out of the jurisdiction of the officer" (that is, the FBI) and the "tribunal" (that is, the Court) on December 7, 2023, when the FBI released them by cashier's check to the Marshals Service's SADF account, Gov's Suppl. Notice at 1, and "vested in the United States" with their deposit into the Treasury. *Knote*, 95 U.S. at 154. That being so, and contrary to the Government's position, it is irrelevant whether Mr. Sullivan's convictions were vitiated by pardon, vacatur on appeal, collateral attack, retroactive Congressional enactment, or any other means. All that matters is that funds may not be drawn from the Treasury without an appropriation, plain and simple. *See Republic Nat'l Bank of Miami v. United States*, 506 U.S. 80, 94 (1992) (Rehnquist, C.J.) ("[T]he principle that once funds are deposited into the Treasury, they become public money—and thus may only be paid out pursuant to a statutory appropriation—would seem to transcend the facts of *Knote*.")

---

[5] Neither the Government nor Mr. Sullivan has gone so far as to argue that the Appropriations Clause *itself* violates the Fourteenth Amendment's Due Process Clause as applied to the facts of this case. But suppose, hypothetically, that the *federal* government enacted an appropriation statute allowing for the refund of forfeited property held in the Treasury, but only if the defendant could prove his actual innocence by clear and convincing evidence. Such a case might fall somewhere between *Knote* and *Nelson*, and might raise thorny questions about the interaction between the Due Process Clause of the Fifth Amendment and the Appropriations Clause–questions which are not presented herein.

The Government gestures to two cases in which the First and Fourth Circuits, relying on *Nelson*, held that special assessments, restitution, and forfeiture orders must be vacated if the defendant's conviction is abated due to death pending appeal.  *See United States v. Reynolds*, 98 F.4th 62, 72 (1st Cir. 2024); *United States v. Ajrawat*, 738 Fed. App'x 136, 139 (4th Cir. 2018) ("When the underlying conviction is invalidated—regardless of the reason—there is no longer any basis justifying the government's retaining funds exacted only as a result of that conviction."). The Court is aware of a handful of other cases reaching the same conclusion.  *See, e.g.*, *United States v. Brooks*, 872 F.3d 78, 89 (2d Cir. 2017); *United States v. Libous*, 858 F.3d 64, 67 (2d Cir. 2017) ("[I]n our system of criminal justice, the state is not permitted to charge the accused for the privilege of having been prosecuted."); *United States v. Coddington*, 802 Fed. App'x 373, 375 (10th Cir. 2020).  These cases, however, are inapposite.  Not a single one of these cases confronts the Appropriations Clause implications of its decision: none of them discusses *Knote* or its progeny in any capacity, nor do any of them so much as mention whether the disputed funds were held in the United States Treasury.[6]  Unlike in the case at hand, these issues were evidently not presented.

At the very most, these abatement cases stand for the proposition that the financial penalties associated with a conviction must disappear as a formal matter when the underlying conviction disappears.  Even assuming that this principle is correct, it means only that, in the abstract, Mr. Sullivan is entitled to his forfeited funds as a matter of *right*.  But Mr. Sullivan's motion raises a wholly distinct question, not of *right*, but of *remedy*: Assuming for sake of argument that Mr. Sullivan is entitled to funds currently held in the Treasury, can this Court authorize the return of

---

[6] *Reynolds* comes closest to confronting the issues raised by *Knote*.  After concluding that the defendant's financial penalties should be abated, the Court noted that it took "no position on whether the different considerations that might arise where forfeited property had been distributed to victims before a defendant's death would call for a different result . . . ."  *Reynolds*, 98 F.4th at 72.  In this Court's view, *Knote* furnishes the answer to this unexplored question: Funds exacted pursuant to a now-vacated conviction may not be returned to the defendant once the rights therein have vested in *either* a third party *or* the Treasury, drawing no distinction between the two.  149 U.S. at 154.

those funds without a Congressional appropriation?  Alternatively, can the Government draw those funds from the Treasury without such an appropriation?  The answer in both cases is a resounding "no": the Appropriations Clause, as interpreted in *Knote*, plainly forbids either course of action.

## III.    MR.    SULLIVAN'S    FORFEITED    FUNDS    ARE    SUBJECT    TO    THE APPROPRIATIONS CLAUSE

### A.  The Court Will Not Recognize an Exemption for Non- or Quasi-Public Money

The Government next urges that, even if the *Knote* framework applies, the funds are nevertheless disbursable without a Congressional appropriation because they remain "practically speaking" in the custody of the U.S. Marshals Service.  Gov's Resp. at 3.  The Government cites DOJ forfeiture regulations stating that "[a]ll property seized for forfeiture by . . . [the] FBI shall be delivered to the *custody* of the U.S. Marshals Service (USMS)," including such currency as may be deposited "in the seized Asset Deposit Fund pending forfeiture . . . ."  28 C.F.R. § 8.5(a), (b) (emphasis added).  The Government further points to a DOJ webpage which states that "Funds in the SADF are not the property of the Federal government . . . ."  Dep't of Just., Asset Forfeiture Management Staff, https://www.justice.gov/jmd/afms [https://perma.cc/XN4Q-QEFY].  And the Government adds that funds in the SADF, unlike those held in the DOJ's Assets Forfeiture Fund, are not ordinarily obligated to fund routine DOJ activities.  Gov's Resp. at 4 n.2.

The Court rejects this invitation to endorse a legal fiction whereby some funds that are indisputably in the Treasury are considered not to be so for Appropriations Clause purposes.  The Appropriations Clause, and the coupled Statement and Account Clause, read together as follows:

> "No Money shall be drawn from the Treasury, but in Consequence of Appropriations made by Law; and a regular Statement and Account of the Receipts and Expenditures of all public Money shall be published from time to time."

U.S. Const. art. I, § 9, cl. 7.  The Appropriations Clause's language contains no qualifications: It says "*No* Money," not "No Money that is the property of the Federal Government" or "No Money,

except that owing to a not-yet-final conviction." Moreover, the Statement and Account Clause refers to "public Money," but the Appropriations Clause refers only to "Money." This difference suggests that, even *if* the Framers contemplated some distinction between funds belonging to the United States and monies that are "practically speaking" in the custody of another entity (and thus not "public"), such a distinction is irrelevant for Appropriations Clause purposes. Indeed, a six-Justice majority of the Supreme Court, confronted with a similar suggestion, expressed "difficulty accepting the proposition that funds which have been deposited into the Treasury are not public money, regardless of whether the Government's ownership of those funds is disputed." *Republic Nat'l Bank*, 506 U.S. at 93 (Rehnquist, C.J.).[7] Absent a persuasive textual justification, this Court will not embrace a novel Appropriations Clause theory that the Supreme Court has all but shunned.

Money is money, the Treasury is the Treasury, and the Constitution says what it says: Once money is in the Treasury, it can only be withdrawn pursuant to a Congressional appropriation. The fact that the DOJ says that certain funds in the Treasury are not the property of the United States, and therefore not subject to the strictures of the Appropriations Clause, does not make it so.[8, 9]

---

[7] Furthermore, it strikes the Court as significant that Justice Blackmun's separate opinion in *Republic National Bank* received the assent of eight Justices, *except for* the portion in which he theorized that "funds held in the Treasury during the course of an ongoing *in rem* forfeiture proceeding" could *not* "properly be considered public money," which received the support of only three. *Id.* at 91–92.

[8] The Court is aware that under certain circumstances funds have been informally withdrawn from the Treasury, as in the case of "overpayment of federal income taxes" which some posit may be "refunded without appropriation," or "funds held by the United States in escrow or in other trust arrangements in the course of litigation." Kate Stith, *Congress' Power of the Purse*, 97 Yale L.J. 1343, 1358 & n.67 (1988). The legality of these withdrawals is not before the Court. Perhaps some of these run-of-the-mill withdrawals are covered by an appropriation statute. *See, e.g.*, *id.* (noting that "Congress has enacted a permanent appropriation for refund of amounts erroneously deposited to the Government," but arguing that such withdrawals could legally take place even if Congress had not enacted that statute). Or perhaps those withdrawals which are not covered by an appropriation statute are actually unlawful. That issue is not before the Court, so the Court expresses no opinion on it; it suffices to say that the return of forfeited funds stored in the Treasury requires an appropriation. Lest the Court be accused of embracing a fringe theory of the Appropriations Clause, it bears mention that this holding is consistent with the understanding of this Court's Finance Office and official guidance from the Office of General Counsel for the Administrative Office of the U.S. Courts. *See* Notice of Suppl. Ex. at 3, *United States v. Vargas*, No. 21-cr-47-RDM (Apr. 22, 2025), ECF No. 108-1.

[9] This strict reading of *Knote* may appear harsh on its face, and struck Justice Blackmun's *Republic National Bank* minority as "unrealistic" and potentially even "absurd." 506 U.S. at 90–92. But the political branches could take any

**B. The Court Is Unaware of Any Appropriation Statute That Would Allow Disbursal of Mr. Sullivan's Forfeited Funds**

Because the Appropriations Clause applies to Mr. Sullivan's forfeited monies, they may be returned to him only if Congress has authorized their return by law. The Government does not, however, identify any statute potentially having that effect. Indeed, their only mention of *any* appropriation statute comes in a passing reference to *Republic National Bank*, in which Chief Justice Rehnquist discerned an appropriation from the interplay between three statutory provisions: 31 U.S.C. § 1304 authorizes the payment of "final judgments" where "payment is not otherwise provided for" and "the judgment . . . is payable under" any of several statutes, including 28 U.S.C. § 2414, which authorizes the payment of "final judgments rendered by a district court . . . against the United States . . . ." *Republic Nat'l Bank*, 506 U.S. at 95. And 28 U.S.C. § 2465(a) further provides that "[u]pon the entry of judgment for the claimant in any proceeding to condemn or forfeit property seized or arrested under any provision of Federal law . . . such property shall be returned forthwith to the claimant or his agent . . . ."

These statutes, however, afford no relief to Mr. Sullivan: Though he may have been pardoned, and his convictions may have been vacated, he has not been awarded anything resembling a "final judgment[] . . . against the United States." It is axiomatic that "a pardon does

---

of several different steps to facilitate the recovery of financial penalties by defendants whose convictions have been vacated. Of course, Congress could enact an appropriation statute providing for the return of assets that are held in the Treasury and which have not been disbursed to third parties, i.e. victims. Alternatively, arrangements could be made such that forfeited funds remain in the custody of the courts until a conviction becomes final, or that such funds remain in the custody of the relevant law enforcement agency in a non-Treasury account. In fact, based on the Government's representations, it appears that Mr. Sullivan's funds were held by the FBI—impliedly in an account not located within the Treasury—for more than two and a half years from the time of their initial seizure until after his conviction. Gov's Resp. at 1. Indeed, *Knote* itself discusses a viable alternative arrangement. *See* 95 U.S. at 155 (recounting that the Secretary of the Treasury asked the Attorney General whether "proceeds of [a] forfeiture deposited by the marshal in one of the public depositories to the credit of the United States, but not brought into the treasury by a covering warrant," could be refunded without an appropriation, which the Attorney General answered in the affirmative). In any case, the courts' duty to read the law "as written" outweighs the consideration of "consequentialist argument[s]" to the contrary. *Cf. Turkiye Halk Bankasi A.S. v. United States*, 598 U.S. 264, 279 (2023).

not blot out guilt or expunge a judgment of conviction." *In re North*, 62 F.3d at 1437.   And definitionally, the vacatur of a judgment *against* a criminal defendant is an act of erasure that is not tantamount to a judgment *for* that defendant against the United States.   *See Acheson Hotels, LLC v. Laufer*, 601 U.S. 1, 15 (2023) (Jackson, J., concurring) ("Vacatur is a remedy that erases a judgment that has already been rendered."); *SDVF, LLC v. Cozzia USA LLC*, 132 F.4th 1114, 1118 (9th Cir. 2025) ("[A]n order vacating a judgment is not such a judgment."); *see also Vacatur*, Black's Law Dictionary (12th ed. 2024) (defining vacatur as "[t]he act of annulling or setting aside").   Even under the most generous construal of these statutory provisions, they provide no appropriation for the return of Mr. Sullivan's forfeited funds.

    The Court knows of no other enactment providing an appropriation from the Treasury to return funds forfeited in a criminal case to the defendant upon vacatur of his or her conviction(s) or the receipt of a pardon.   Accordingly, this Court cannot authorize the return of Mr. Sullivan's forfeited funds, nor may the Government lawfully return those monies on its own initiative.

## IV.    CONCLUSION

    This Court, as always, is bound both to obey binding precedent issued by the Supreme Court and by its oath to uphold the Constitution.   The Appropriations Clause and *Knote* dictate that Mr. Sullivan's funds, which are incontestably in the Treasury, may not be withdrawn from it except as authorized by a statute enacted by Congress and signed by the President.   As neither Mr. Sullivan nor the Government has adduced any appropriation bill under which he is authorized to receive the return of his forfeited funds, neither this Court nor the Government has the lawful authority to effectuate their return.   An Order consistent with this Opinion shall issue separately.

Date: May ___2 6___, 2025

Royce C. Lamberth
United States District Judge

13